#066870

ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
JUL 19 2007
U.S. COURT OF FEDERAL CLAIMS

**PATRICIA R. SHARP, MARGARET M. HAVERKAMP, and IVA DEAN ROGERS**

**v.**

**THE UNITED STATES**

**No.** 07-547 C

# COMPLAINT

## Parties

1. Plaintiff Patricia R. Sharp is a citizen of the United States and a resident of the State of Virginia.

2. Plaintiff Margaret M. Haverkamp is a citizen of the United States and a resident of the State of Virginia.

3. Plaintiff Iva Dean Rogers is a citizen of the United States and a resident of the State of Tennessee.

4. Defendant, through its military departments, is responsible for paying eligible beneficiaries a monthly annuity under the Survivor Benefit Plan ("SBP") in accordance with 10 U.S.C. § 1450.

## Jurisdiction

5. Jurisdiction in this case is based on 28 U.S.C. § 1491(a)(1), in conjunction with 10 U.S.C. § 1450 and 38 U.S.C. § 1311.

## Facts

6. The United States Congress has long recognized the national interest in providing support to military veterans and their families. The promise of adequate support after retirement helps attract, retain, and reward career military members. And the commitment to assist families of service members who die of a service-connected causes helps to fulfill the nation's obligation to those who are sent into harm's way and to avoid discouraging soldiers from undertaking hazardous duty. Congress has created various programs over time to achieve these ends.

7. One such program, the Survivor Benefit Plan ("SBP"), extends support to spouses and children of retired military members after the member's death, when retirement pay ceases. SBP

is analogous to life insurance insofar as military retirees have a premium deducted from their retirement pay to make their families eligible for SBP. SBP is administered by the Department of Defense ("DoD").

8. Dependency and Indemnity Compensation ("DIC") is administered by the Veterans Administration ("VA"). DIC provides funds to the surviving dependents of service members who die in the line of duty or while suffering from a service-connected disability. DIC is automatically available; it does not involve any payment of premiums, and there is no option whether to participate.

9. Some surviving spouses meet the requirements for both DIC (because the military member's death was service-connected) and SBP (because the member was retired and participated in SBP).

10. Prior to 2003, the VA would cease paying DIC to surviving spouses who remarried. With the Veterans Benefits Act of 2003 ("the 2003 Act"), Congress restored DIC to surviving spouses who remarry after age 57.

11. The 2003 Act also directed the government not to reduce other benefits as a consequence of its restoration of DIC:

> In the case of an individual who is eligible for dependency and indemnity compensation under this section by reason of section 103(d)(2)(B) of this title who is also eligible for benefits under another provision of law by reason of such individual's status as the surviving spouse of a veteran, then, notwithstanding any other provision of law (other than section 5304(b)(3) of this title), no reduction in benefits under such other provision of law shall be made by reason of such individual's eligibility for benefits under this section.

12. This section is codified at 38 U.S.C. § 1311(e).

13. After the 2003 Act became effective, the VA began paying DIC to newly eligible surviving spouses. But DoD soon began reducing, or "offsetting," surviving spouses' SBP payments by the amount of DIC received, in spite of the "no reduction in benefits" provision quoted in paragraph 11 above. Each of the three Plaintiffs have been improperly subjected to such offsetting, as described in further detail in paragraphs 14 through 36 below.

Patricia R. Sharp

14. Ms. Sharp was born July 13, 1940. She married Richard Harry Sharp on July 22, 1960. Mr. Sharp served in the United States Army and attained the rank of Brigadier General. He died in 1983 while on active duty at Hunter Army Airfield in Savannah, Georgia.

15. Because Brigadier General Sharp died on active duty, Ms. Sharp was entitled to DIC, which she received between 1983 and 2000.

16. Brigadier General Sharp served in the Army for 27 years and was therefore fully vested in SBP. After his death, Ms. Sharp began receiving SBP compensation.

17. Ms. Sharp remarried on November 25, 2000 at the age of 60. She then ceased to receive DIC but continued to receive SBP compensation.

18. Shortly after Congress enacted the Veterans Benefit Act of 2003, Ms. Sharp applied to the VA for restoration of DIC. The VA again started paying DIC to Ms. Sharp.

19. Ms. Sharp initially continued to receive full SBP compensation, as well. However, in late 2004, some time after her DIC was restored, DoD began offsetting Ms. Sharp's SBP compensation by the entire amount she received in DIC. Since then, DoD has withheld $1483 per month for October and November of 2004; $1523 per month from December 1, 2004 through November 30, 2005; $1585 per month from December 1, 2005 through November 30, 2006; and $1637 each month since December 1, 2006 from Ms. Sharp in offsets to her SBP compensation.

20. DoD also demanded that Ms. Sharp return $13,347 she had received from the VA during the period in which she had received both DIC and full (non-offset) SBP compensation. She filed for a waiver of this alleged debt on November 15, 2004 but never received a response.

21. Ms. Sharp asked Rep. Frank R. Wolf to address the problem. Rep. Wolf wrote to former Secretary of Defense Donald Rumsfeld on November 4, 2004 explaining that the intent of Congress in enacting the Veterans Benefit Act of 2003 was to "permit military widows eligible for Dependency and Indemnity Compensation (DIC) who remarry after age 57 to receive both DIC and Survivor Benefit Plan (SBP) payments without penalty." Rep. Wolf further opined that the Department of Defense was acting contrary to Congress's intent by offsetting the SBP benefits of surviving spouses who remarry after age 57.

22. Ms. Sharp also wrote to DoD's Defense Finance and Accounting Service on November 15, 2004 to protest the offset of her SBP compensation. She explained that the 2003 Act prohibits this practice. On information and belief, neither Rep. Wolf's letter to Secretary Rumsfeld nor Ms. Sharp's letter to DoD were ever answered.

23. Ms. Sharp continues to experience an offset of her SBP compensation at the rate of $1637 per month.

<u>Margaret M. Haverkamp</u>

24. Ms. Haverkamp was born May 22, 1935. She married George Talbot on April 7, 1957. Mr. Talbot served in the United States Army and attained the rank of Lieutenant Colonel. He retired from the Army with a 15% disability (high blood pressure), which was determined to be service-connected. This disability continued until his death on April 6, 1997.

25. Because Lieutenant Colonel Talbot suffered from a service-connected disability when he died, Ms. Haverkamp was entitled to DIC, which she received.

26. Lieutenant Colonel Talbot had participated in SBP following his retirement. After his death, Ms. Haverkamp began receiving SBP compensation.

27. Ms. Haverkamp remarried on November 25, 2000 at the age of 65. Since at least December 2005, DoD has been offsetting her SBP compensation by the amount of DIC she receives. DoD has withheld $1033 per month from December 1, 2005 through November 30, 2006 and $1067 each month since December 1, 2006 from Ms. Haverkamp in offsets to her SBP compensation.

28. Ms. Haverkamp continues to experience an offset of her SBP compensation at the rate of $1067 per month.

29. Ms. Haverkamp also suffered a deduction from her surviving spouse benefits in the amount of several thousand dollars in 2005 and 2006. The exact amount is unknown to Ms. Haverkamp but, on information and belief, is specified in the records of the Defense Finance and Accounting Service ("DFAS"). The deduction was described in her statements from DFAS as an unspecified "Overpayment of Entitlement."

Iva Dean Rogers

30. Ms. Rogers was born October 25, 1922. She married Arlan E. Wilson on September 17, 1943. Mr. Wilson served in the United States Army in World War II and the Korean and Vietnam Wars, attaining the rank of Master Sergeant, receiving a Silver Star, several Bronze Stars, and four Purple Hearts. He retired in November 1973 and died on September 17, 1976.

31. Master Sergeant Wilson had participated in SBP following his retirement. After his death, Ms. Rogers received SBP compensation until Master Sergeant Wilson's death was deemed to be service-connected in 1979. Under the laws then in place, she had to elect between DIC and SPB. She elected DIC and received a $1618.30 refund of premiums that Master Sergeant Wilson had paid into SBP.

32. Ms. Rogers remarried in November 1996 at the age of 70. She ceased to receive DIC upon remarriage. She did not receive any notice that she would again be eligible to receive SBP if she repaid the refunded premiums and was unaware of any need to contact DoD for this purpose.

33. Following the enactment of the Veterans Benefit Act of 2003, Ms. Rogers began receiving DIC again. She continued not to receive any SBP payments.

34. Having heard in early 2006 that she might be entitled to both SBP and DIC, she began investigating to see if her SBP benefits could be reinstated. On March 31, 2006, Ms. Rogers sent a letter to the Defense Finance and Accounting Service seeking restoration of her SBP compensation as of November 1996. With a second letter dated April 12, 2006, she provided a copy of her marriage licenses from her first and second marriages. The Defense Finance and Accounting Service notified her by telephone that she was not eligible for benefits. She has appealed this determination, and the case is pending as No. AR-20060012115. She has not received a response other than to be told that a backlog is delaying processing of appeals.

35. DoD has not paid any SBP benefits to Ms. Rogers after her remarriage. On information and belief, the SBP compensation to which Ms. Rogers became entitled after the 2003 Act became effective was approximately $818 per month from January 1, 2004 through November

30, 2004; $840 per month from December 1, 2004 through November 30, 2005; $875 per month from December 1, 2005 through November 30, 2006; and $904 each month since December 1, 2006. As these SBP amounts are less than the DIC she received during that period, the 2003 Act entitles her to full restoration of her SBP benefits during that period.

36. Ms. Rogers continues not to receive any SBP compensation, which she should be receiving at the rate of $904 per month.

## Claim

Pursuant to 38 U.S.C. § 1311(e), Plaintiffs are entitled to payment of SBP compensation without offset by the amounts of DIC they receive. DoD has not been providing them full SBP payments despite Section 1311(e)'s requirement that "no reduction in benefits under such other provision of law shall be made by reason of such individual's eligibility for benefits under this section."

## Prayer for Relief

WHEREFORE, Plaintiffs pray:

1. That the Court enter judgment for Plaintiffs and afford Plaintiffs the following relief via an appropriate order:

   a. Payment to Plaintiffs of all back SBP benefits from the effective date of the 2003 Act. As of the present date, Plaitiffs believe at least the following amounts are due them:

      i. Patricia R. Sharp: $50,084.

      ii. Margaret M. Haverkamp: $18,798.

      iii. Iva Dean Rogers: $35,837.

   b. Cancellation of DoD's demand to Patricia R. Sharp for return of $13,347 in SBP compensation paid to her after the 2003 Act became effective.

   c. Repayment of the deduction from Margaret M. Haverkamp's benefits in 2005 and 2006, to the extent that deduction was a recapture of non-offset SBP compensation paid in 2004.

   d. Payment to Plaintiffs of the full, non-offset monthly SBP benefits to which they are entitled from the date of judgment on a going-forward basis.

2. That the Court grant Plaintiffs such other and further relief as may be deemed necessary or appropriate to afford Plaintiffs full and complete relief.

Dated: July 19, 2007

Respectfully submitted,

Edward R. Reines
WEIL, GOTSHAL & MANGES, LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Edward.Reines@weil.com
Ph. 650 802-3022
Fax. 650 802-3100

Of Counsel:

Michael R. Franzinger
Azra M. Hadzimehmedovic
WEIL, GOTSHAL & MANGES, LLP
1300 Eye Street NW
Washington, DC 20009