**No. 07-547C**
**(Judge Miller)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**PATRICIA R. SHARP,**
**MARGARET M. HAVERKAMP,**
**and IVA DEAN ROGERS,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# DEFENDANT'S MOTION TO DISMISS WITH APPENDIX

---

**Respectfully submitted,**

**PETER D. KEISLER**
**Assistant Attorney General**

**JEANNE E. DAVIDSON**
**Director**

**BRYANT G. SNEE**
**Deputy Director**

**DOUGLAS K. MICKLE**
**Trial Attorney**
**Commercial Litigation Branch**
**Civil Division**
**U.S. Department of Justice**
**Attn: Classification Unit, 8th Floor**
**1100 L Street, N.W.**
**Washington, D.C. 20530**
**Tel. (202) 307-0383**
**Fax (202) 353-7988**

**Counsel for Defendant**

**OF COUNSEL:**

**KELLY L. McGOVERN**
**Major, USA**
**Military Personnel Branch**
**Army Litigation Division**
**Arlington, VA**

**SCOTT LAFFERTY**
**Senior Associate Counsel**
**Office of General Counsel**
**Military and Civilian Pay Law Directorate**
**Defense Finance and Accounting Service**
**Cleveland, Ohio**

**September 17, 2007**

# TABLE OF CONTENT


DEFENDANT'S MOTION TO DISMISS . . . . . . . . . . 1

PRELIMINARY STATEMENT . . . . . . . . . . 1

STATEMENT OF THE ISSUE . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . 3

I. Nature Of The Case . . . . . . . . . . 3

II. Relevant Statutory Background For SBP And DIC Payments . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . 8

I. Legal Standard For Deciding This Motion To Dismiss Pursuant To RCFC 12(b)(6) For Failure To State A Claim Upon Which Relief Can Be Granted . . . . . . . . . . 8

II. There Is No Money-Mandating Statute Or Regulation That Authorizes The Government To Pay Plaintiffs Death Indemnity Compensation And Their Full Survivor Benefit Plan Annuity . . . . . . . . . . 10

A. Any Payment Made Pursuant To The Governing Survivor Benefit Statute Must Be Offset By Any Payment Of Dependency And Indemnity Compensation . . . . . . . . . . 10

B. The SBP Does Not Confer Any Entitlement That Is Based Upon "An Individual's Status As The Surviving Spouse Of A Veteran" . . . . . . . . . . 11

C. The Legislative History Supports The Department of Defense's Understanding Of The Statutes . . . . . . . . . . 13

D. Plaintiffs' Interpretation Of The Statutes Leads To Disparate Treatment Between Groups Of Surviving Spouses . . . . . . . . . . 17

CONCLUSION . . . . . . . . . . 18

# TABLE OF AUTHORITIES

**CASES** **PAGES**

Ambassador Div. of Florsheim Shoe Co. v. United States,
748 F.2d 1560 (Fed. Cir. 1984) . . . . . . . . . . 9

Bell Atlantic Corp. v. Twombly,
127 S.Ct. 1955 (2007) . . . . . . . . . . 8, 9

Conley v. Gibson,
355 U.S. 41 (1957) . . . . . . . . . . 8

Crawford v. United States,
53 Fed. Cl. 191 (2002) . . . . . . . . . . 9

In re Chapman, 166 U.S. 661 (1897) . . . . . . . . . . 11

Lamie v. United States Trustee,
540 U.S. 520 (2004) . . . . . . . . . . 9

Splane v. West,
216 F.3d 1058 (Fed. Cir. 2000) . . . . . . . . . . 9

United States v. Granderson,
114 S. Ct. 1259 (1994) . . . . . . . . . . 11

**STATUTES**

10 U.S.C. §§ 1447(9) . . . . . . . . . . 11

10 U.S.C. § 1448 . . . . . . . . . . 4, 5, 10, 11

10 U.S.C. § 1450 . . . . . . . . . . 3, 5, 10, 11

10 U.S.C. § 1450(a) . . . . . . . . . . 4, 12

10 U.S.C. § 1450(b)(2) . . . . . . . . . . 6

10 U.S.C. 1450(c) . . . . . . . . . . 2

10 U.S.C. § 1450(c)(1) . . . . . . . . . . passim

10 U.S.C. § 1450(e) . . . . . . . . . . 6

10 U.S.C. § 1450(k) . . . . . . . . . . 6

10 U.S.C. §1451 . . . . . . . . . . 4

10 U.S.C. § 1452 . . . . . . . . . . 4

28 U.S.C. § 1491(a)(1) . . . . . . . . . . 3

38 U.S.C. § 101(2) . . . . . . . . . . 5, 12

38 U.S.C. § 103 . . . . . . . . . . 10

38 U.S.C. § 103(d)(1) . . . . . . . . . . 5

38 U.S.C. § 103(d)(2) . . . . . . . . . . 5, 6

38 U.S.C. § 103(d)(2)(B) . . . . . . . . . . passim

38 U.S.C. § 103(5) . . . . . . . . . . 6

38 U.S.C. § 1310 . . . . . . . . . . passim

38 U.S.C. § 1311 . . . . . . . . . . passim

38 U.S.C. 1311(e) . . . . . . . . . . passim

38 U.S.C. § 5110(d)(1) . . . . . . . . . . 5

38 U.S.C. § 5111(a) . . . . . . . . . . 5

**LEGISLATIVE MATERIALS**

Congressional Budget Office Cost Estimate, H.R. 2297,
Veterans Benefits Act of 2003, Dec. 8, 2003 . . . . . . . . . . 13, 14

H.R. 808, 109th Cong. (February 15, 2005),
Military Surviving Spouses Equity Act . . . . . . . . . . 15

S.185, 109th Cong. (January 26, 2005),
Military Surviving Spouses Equity Act of 2005 . . . . . . . . . . 15

H.R. 1589, 110th Cong. (March 20, 2007),
Military Surviving Spouses Equity Act . . . . . . . . . . 16

S. 935, 110th Cong. (March 20, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

149 Cong. Rec. H 11705, November 20, 2003 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# INDEX TO DEFENDANT'S APPENDIX

**Document** **Page**


The Congressional Budget Office Cost Estimate, H.R. 2297,
Veterans Benefits Act of 2003 . . . . . . . . . . 1

H.R. 1589, 110th Cong. (March 20, 2007) . . . . . . . . . . 19

S. 935, 110th Cong. (March 20, 2007) . . . . . . . . . . 22

Office Of Management And Budget, Statement Of Administration Policy,
June 14, 2006 . . . . . . . . . . 25

David F. Burrelli, *Congressional Research Service Report for Congress, The Military Survivor Benefit Plan: A Description of Its Provisions,*
(Jan. 25, 2006) . . . . . . . . . . 31

Charles A. Henning, *Congressional Research Service Report for Congress, The FY2007 National Defense Authorization Act: Selected Military Personnel Policy Issues*, (Jul. 21, 2006) . . . . . . . . . . 65

H.R. 808, 109th Cong. (February 15, 2005) . . . . . . . . . . 71

S. 185, 109th Cong. (January 26, 2005) . . . . . . . . . . 73

Congressional Record Extract,
149 Cong. Rec. H11705, Veterans Benefit Act of 2003,
House Proceedings and Debate, November 20, 2003 . . . . . . . . . . 75

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **PATRICIA R. SHARP,<br>MARGARET M. HAVERKAMP,<br>and IVA DEAN ROGERS,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 07-547C<br>(Judge Miller)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**<u>DEFENDANT'S MOTION TO DISMISS</u>**

Pursuant to Rule 12(b)(6) of the Court's Rules (RCFC), defendant, the United States, in lieu of an answer, respectfully requests that the Court dismiss the complaint filed by Patricia R. Sharp, Margaret M. Haverkamp, and Iva Dean Rogers (plaintiffs), for failure to state claims upon which the Court may grant relief. In support of our motion, we rely upon the pleadings and the following brief. The documents appended to this brief are excerpts from legislative materials that we refer to in this motion.[1]

**<u>PRELIMINARY STATEMENT</u>**

Plaintiffs' complaint seeking an increase in their monthly Survivor Benefit Plan (SBP) annuity payment has no basis in law. The statutes governing the administration of the SBP make clear that any payment of SBP to a surviving spouse of a retiree should be offset by any Dependency and Indemnity Compensation (DIC) payment he or she receives as the surviving spouse of a veteran.

---

[1] For purposes of this motion only, unless otherwise indicated, we accept as true the factual allegations as set forth in the complaint. However, in the event our motion is denied, we reserve the right to contest each and every factual allegation in the complaint.

Plaintiffs' complaint is based entirely upon a misreading of a 2003 amendment to the statutory scheme that governs DIC payments. In doing so, plaintiffs ignore the plain language differences in the statutes that govern each benefit. Plaintiffs' complaint further ignores the clear legislative history that specifically states that the 2003 amendment to the DIC statute would not affect the offset provision set forth in the SBP statutory scheme. Finally, as we demonstrate below, plaintiffs' reading of the two statutory schemes would effectively cause the disparate treatment of surviving spouses, because surviving spouses who marry after age 57 would now be entitled to receive full SBP and DIC payments while no other surviving spouses – married or unmarried – would be entitled to both benefits. This is an absurd result that should not be endorsed by the Court.

In sum, the Court should dismiss the complaint for failure to state a claim upon which relief can be granted, because the plaintiffs can show no set of facts that authorize the Department of Defense to pay plaintiffs their full monthly SBP annuity without offsetting the SBP by the amount they receive as DIC.

## <u>STATEMENT OF THE ISSUE</u>

Whether plaintiffs' claim under 38 U.S.C. § 1311(e) for full SBP and DIC benefits should be dismissed for failure to state a claim upon which relief can be granted when 10 U.S.C. § 1450(c) specifically mandates that DIC payments offset SBP annuity payments to the surviving spouses of retirees.

## STATEMENT OF THE CASE

### I. Nature Of The Case

Plaintiffs are surviving spouses of deceased Army service members who claim the Department of Defense (DoD) is improperly offsetting their SBP payments with their monthly DIC payments. Plaintiffs receive DIC as nontaxable income pursuant to 38 U.S.C. § 1311. DoD offsets the plaintiffs' SBP payments by the amount of DIC they receive in accordance with 10 U.S.C. § 1450(c)(1). Plaintiffs insist they are entitled to both benefits in full according to the Veterans Benefits Act of 2003, Pub. L. No. 108-183, § 101, 117 Stat. 2652. Plaintiffs filed this suit based upon 28 U.S.C. § 1491(a)(1), the Tucker Act, in conjunction with 10 U.S.C. § 1450 and 38 U.S.C. § 1311.

### II. Relevant Statutory Background For SBP And DIC Payments

As we stated earlier, for purposes of this motion only, we accept as true the factual allegations set forth in plaintiffs' complaint. However, because the success of plaintiffs' complaint depends upon statutory interpretation of the laws establishing the DIC and SBP entitlements, we will provide a brief discussion of the purpose and history of SBP and DIC, and set forth the statutes that are central to resolving this matter.

Pursuant to Public Law 92-425, Congress established the SBP as Subchapter II of Chapter 73 of Title 10 of the United States Code, codified in 10 U.S.C. §§ 1447-1455. The SBP replaced the Retired Serviceman's Family Protection Plan (RSFPP), contained in Subchapter I of Chapter 73 of Title 10, and codified in 10 U.S.C. §§ 1431-1446. The SBP serves as an insurance plan paid to eligible surviving spouses of retirees as a monthly annuity to help make up for the loss of the retirement income which stops when a military retiree dies. Pursuant to 10 U.S.C.

§ 1448(a)(1) and (2), all persons entitled to retired pay under any provision of Title 10 are automatically participants in the SBP unless, according to the provisions of section 1448(a)(2) or (3), the retired member elects not to participate, subject, if applicable, to spousal concurrence. The SBP provides for payment of a monthly annuity, computed in accordance with 10 U.S.C. § 1451, to the eligible beneficiary or beneficiaries determined under the provisions of 10 U.S.C. § 1450(a). The cost of the SBP is deducted from the member's retired pay as monthly premiums computed according to provisions of 10 U.S.C. § 1452. Pursuant to 10 U.S.C. § 1450(a), the surviving spouse is the primary beneficiary of the SBP annuity, and annuity payments are effective the first day after the death of the participating retiree.

The Department of Veterans Affairs (DVA) established DIC in 1956 with the "Servicemen's and Veteran's Survivor Benefit Act." P.L. 84-881, 70 Stat. 862, 867. In sum, DIC is a nontaxable benefit paid to the survivors of veterans who died on active duty, whose death was service related, or who received or were entitled to receive disability compensation.[2] Specifically, pursuant to 38 U.S.C. § 1310, a surviving spouse of a veteran who dies after December 31, 1956, from a service-connected or compensable disability, is entitled to be paid DIC at rates provided in 38 U.S.C. § 1311. A "veteran" is any person who served in the active military, naval, or air service, and who was discharged or released from that service for

[2] There are three categories of service members whose survivors are eligible to receive DIC: (1) military service member who died while on active duty; (2) veteran whose death resulted from a service-related injury or disease; or, (3) veteran whose death resulted from a non service-related injury or disease, and who was receiving, or was entitled to receive, VA compensation for service-connected disability that was rated as totally disabling (a) for at least 10 years immediately before death, or (b) since the veteran's release from active duty and for at least five years immediately preceding death, or (c) for at least one year before death if the veteran was a former prisoner of war who died after September 30, 1999.

conditions that were not dishonorable. 38 U.S.C. § 101(2). If an eligible surviving spouse applies for DIC within one year of the veteran's death, the DIC award is considered to be effective on the first day of the month in which the veteran died. 38 U.S.C. § 5110(d)(1). DIC payments however, do not accrue until the first of the month following the effective date of the award. 38 U.S.C. § 5111(a). Prior to December 16, 2003, the surviving spouse's remarriage, regardless of age, barred the surviving spouse from continuing to receive DIC, unless the remarriage was found to be void or annulled without fraud or collusion. 38 U.S.C. § 103(d)(1). In addition, under section 103(d)(2), DIC benefits were to be reinstated if the surviving spouse's remarriage was terminated by death or divorce.

Because a military member must be entitled to retired pay under the provisions of Title 10 of the United States Code to be a participant in the SBP, not all surviving spouses who are eligible for DIC are also eligible SBP beneficiaries. Many veterans who are subsequently determined to have a service-connected disability do not qualify for retired pay under Title 10, either because they have not performed sufficient creditable service or because they do not qualify for disability retired pay under10 U.S.C. §§ 1201-1205. However, in a significant number of cases, the surviving spouse of a military retiree who is a SBP participant pursuant to 10 U.S.C. § 1448, is also entitled to receive DIC under 38 U.S.C. § 1310.[3] When a surviving spouse is eligible for both SBP and DIC payments, 10 U.S.C. 1450(c)(1) requires the SBP payments to be offset by the amount of DIC received. Section 1450(c)(1) of Title 10 provides,

---

[3] Although a "former spouse" may be eligible to receive SBP annuity payments under 10 U.S.C. § 1450, a former spouse is not also entitled to receive DIC under 38 U.S.C. § 1310. As a result, a former spouse will not be in the position to have SBP payments offset by DIC. Therefore, only the term "surviving spouse" will be used in this motion.

> **Required offset**. -- If, upon the death of a person to whom section 1448 of this title applies, the surviving spouse or former spouse [there is no authority under Title 38 for a former spouse to receive DIC] of that person is also entitled to dependency and indemnity compensation under section 1311(a) of title 38, the surviving spouse or former spouse may be paid an annuity under this section, but only in the amount that the annuity otherwise payable under this section would exceed that compensation.

In the case of a surviving spouse annuitant who is also entitled to DIC, section 1450(e) provides that the surviving spouse shall receive a refund of all or part of the SBP premiums deducted from the deceased member's retired pay, depending upon whether or not the DIC entitlement exceeds the SBP annuity entitlement.

A surviving spouse's entitlement to a SBP annuity continues either until the surviving spouse's death or remarriage before age 55. 10 U.S.C. § 1450(b)(2). Therefore, a SBP annuity would not be impacted by a surviving spouse's remarriage after age 55. Prior to December 16, 2003, 38 U.S.C. § 103(d)(2) disqualified a surviving spouse from continuing to receive DIC upon remarriage. Therefore, if a surviving spouse remarried after age 55, the DIC offset required by 10 U.S.C. § 1450(c)(1) would no longer apply and the surviving spouse would again become entitled to receive the SBP annuity. 10 U.S.C. § 1450(k)(1). Section 1450(k)(2) provides that if the annuity is reinstated due to the loss of the DIC because of the surviving spouse's remarriage, then the surviving spouse shall repay any amount of SBP costs previously refunded under 10 U.S.C. § 1450(e).

Effective January 1, 2004, Public Law 108-183, § 101(a), amended 38 U.S.C. § 103(d)(2)(B) to provide that a surviving spouse's remarriage after age 57 does not bar the receipt of benefits specified under § 103(d)(5), which includes DIC. This change applied to all surviving spouses who remarried after age 57, if the remarriage occurred on or after the

enactment of Public Law 108-183 on December 16, 2003. In addition, Public Law 108-183, § 101(e), provided that a surviving spouse, whose remarriage was before December 16, 2003 and after attaining age 57, was eligible to reinstate DIC benefits payable after January 1, 2004, if the surviving spouse applied to the DVA by December 15, 2004. Because the surviving spouse's DIC entitlement either continues uninterrupted or has been reinstated as a result of Public Law 108-183, § 101, the provisions of 10 U.S.C. § 1450(c)(1) require the continued offset of the DIC from the surviving spouse's annuity.

Public Law 108-183, § 101(b), also amends 38 U.S.C. § 1311 by adding a new subsection as follows:

> (e) In the case of an individual who is eligible for dependency and indemnity compensation under this section by reason of section 103(d)(2)(B) of this title who is also eligible for benefits under another provision of law ***by reason of such individual's status as the surviving spouse of a veteran***, then, notwithstanding any other provision of law (other than section 5304(b)(3) of this title), no reduction in benefits under such other provision of law shall be made by reason of such individual's eligibility for benefits under this section. (emphasis added.)

## ARGUMENT

### I. Legal Standard For Deciding This Motion To Dismiss Pursuant To RCFC 12(b)(6) For Failure To State A Claim Upon Which Relief Can Be Granted

The Supreme Court has clarified that, to survive a motion to dismiss for failure to state a claim upon which relief can be granted, "factual allegations must be enough to raise a right to relief above the speculative level," upon the assumption that all the allegations in the complaint are true even if doubtful in fact. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")). The Supreme Court in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), had held that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove "no set of facts" in support of his claim which would entitle him to relief. Id. at 1959. The Supreme Court in Bell Atlantic, however, clarified that "[t]he phrase [that] is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." (citation omitted). Id. at 1960.

Thus, in Bell Atlantic, the Supreme Court held that "a wholly conclusory statement of claim would [not] survive a motion to dismiss" simply "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." 127 S. Ct. at 1968-69 (discussing Conley, and concluding that it stands only for the proposition that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint").

In particular, the Court in Bell Atlantic found, in the antitrust context, that "a conclusory allegation of [an unlawful] agreement at some unidentified point does not supply facts adequate to show illegality." 127 S. Ct. at 1966 ("The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possesses enough heft to 'sho[w] that the pleader is entitled to relief.'"). In short, the fatal defect was "not that the allegations in the complaint were insufficiently 'particular[ized],'" but rather "the complaint warranted dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible." Id. at 1973 n.14 (discussing Fed. R. Civ. Proc. 9).

When reviewing the statutes at the center of this controversy, the Court's statutory construction begins, and typically ends, with the text. The text should be read as a whole and given its plain and ordinary meaning, when the result is not absurd, in light of the evident legislative purposes. Lamie v. United States Trustee, 540 U.S. 520, 530 (2004); Splane v. West, 216 F.3d 1058, 1068-69 (Fed. Cir. 2000). Furthermore, the Court should presume that Congress intends for closely related statutes – such as we have here in the SBP and DIC statutes – to "work harmoniously together, and for neither to frustrate the other, or partially repeal it . . . ." Ambassador Div. of Florsheim Shoe Co. v. United States, 748 F.2d 1560, 1565 (Fed. Cir. 1984).

Finally, a "[d]ismissal by this court under [Rule 12(b)(6)] constitutes an adjudication on the merits of a claim." Crawford v. United States, 53 Fed.Cl. 191, 192 (2002) (citation omitted).

## II. There Is No Money-Mandating Statute Or Regulation That Authorizes The Government To Pay Plaintiffs Death Indemnity Compensation And Their Full Survivor Benefit Plan Annuity

### A. Any Payment Made Pursuant To The Governing Survivor Benefit Statute Must Be Offset By Any Payment Of Dependency And Indemnity Compensation

In the Veterans Benefits Act of 2003, section 101 of Public Law 108-183 amended section 103(d)(2)(B) of Title 38 by allowing surviving spouses of military members to remarry after age 57 without losing eligibility for DIC, home loan, medical and educational benefits. 38 U.S.C. § 103. Section 101 also amended section 1311 of Title 38 by providing that an individual eligible for DIC who is also "eligible for benefits under another provision of law by reason of such individual's status as the surviving spouse of a veteran, then, notwithstanding any other provision of law (other than section 5304(b)(3) of this title), no reduction in benefits under such other provision of law shall be made by reason of such individual's eligibility for benefits under this section." 38 U.S.C. 1311(e). As a result, other benefits received solely due to the status as a surviving spouse of a <u>veteran</u> are not offset by the DIC received.

Plaintiffs argue that the general language, "notwithstanding any other provision of law" when read with the term "not subject to reduction in benefits," precludes DoD from enforcing the specific language in 10 U.S.C. § 1450(c)(1), which requires the amount of any DIC payment to offset the SBP annuity payment to a surviving spouse of a <u>retiree</u>. We demonstrate below that plaintiffs' argument is wrong for several reasons. First, plaintiffs' argument fails because it wrongfully conflates the scope of the term "surviving spouse" in 38 U.S.C. §§ 1310, 1311 regarding DIC eligibility, and that of 10 U.S.C. §§ 1448, 1450 governing SBP eligibility. Specifically, 38 U.S.C. §§ 1310 and 1311 detail the eligibility of DIC for surviving spouses of

veterans. Whereas, a payment of SBP made pursuant to 10 U.S.C. §§ 1448 and 1450 is not based upon a spouse's status as a "surviving spouse of a veteran," but specifically is based upon stringent criteria set forth in Title 10 for survivors of persons entitled to receive retired pay. Second, the legislative history supports DoD's understanding of the interaction of the two statutes. Finally, if adopted, plaintiffs' reading of the statute would lead to absurd results because only the small group of remarried surviving spouses over 57 years old would become entitled to payment, while all other surviving spouses of retirees, including those over 57 who remained unmarried, would still have DIC offset from their SBP payments. It is well-settled that a court should avoid an interpretation of a statute that "leads to an absurd result." United States v. Granderson, 114 S. Ct. 1259, 1264 n.5 (1994); see also id. at 1268-69 (adopting "'a sensible construction' that avoids attributing to the legislature either 'an unjust or an absurd conclusion'" (quoting In re Chapman, 166 U.S. 661, 667 (1897)).

### B. The SBP Does Not Confer Any Entitlement That Is Based Upon "An Individual's Status As The Surviving Spouse Of A Veteran"

Section 1311(e) is clearly limited in its application to only those survivors who are "also eligible for benefits under another provision of law by reason of such individual's status as the surviving spouse of a veteran." It is undisputed however, that the SBP law confers absolutely no entitlement by reason of the individual's status as a surviving spouse of a veteran. In sum, an individual does not receive an SBP annuity unless they are the surviving spouse of a military member with retired pay eligibility who elects to participate in the SBP program. See 10 U.S.C. §§ 1447(9), 1448(a)(1) and (2), & 1448(d)(1)(A). Therefore, because entitlement to a SBP annuity is based upon the individual being a surviving spouse of a service member who was

entitled to retired pay, the SBP does not fall within the class of benefits governing entitlements based on an individual's status as a surviving spouse of a veteran.

The distinction between a surviving spouse of a veteran and of a retiree is important because different laws apply based upon the individual's status. Even though a retiree will always be considered a veteran, not all veterans are retirees. A person who possesses the status of "veteran,"[4] but is not entitled to retired pay, cannot participate in the SBP. Therefore, even though a former service member may be considered both a retiree and a veteran, a separate and distinct group of laws govern benefits for each of these statuses. Similarly, the laws governing the benefits that surviving spouses of veterans may receive, as referenced in 38 U.S.C. § 1311(e), do not also apply to separate benefits that apply to the group of surviving spouses of retirees under 10 U.S.C. § 1450(a).

When Public Law 108-183, section 101 amended sections 103 and 1311(e) of Title 38, it simply created a class of individuals who now have DIC eligibility, and provided general relief from having any other benefit that the class was eligible to receive because of their "status as the surviving spouse of a veteran," being reduced because they were now receiving DIC. The status as a surviving spouse of a veteran is the fundamental element that triggers the "notwithstanding any other provision of the law" clause of section 101(b). Because SBP coverage is based on retirement criteria rather than veteran status, the quoted clause of section 101 is not applicable. Therefore, the amendments of section 101(b) of Public Law 108-183 can only be applied to benefits that the surviving spouse of a veteran may receive under Title 38, not to SBP annuity payments that the surviving spouse of a retiree receives pursuant to Title 10.

---

[4] The term "veteran" is defined at 38 U.S.C. § 101(2).

### C. The Legislative History Supports The Department of Defense's Understanding Of The Statutes

In addition to the differences in the plain language of the two statutes, the legislative history further supports DoD's understanding of the statutes' inter-play.

On December 8, 2003, the Congressional Budget Office (CBO) published the cost estimate of H.R. 2297, the Veterans Benefits Act of 2003 (Act of 2003).[5] The report shows that Congress clearly intended that DIC would be offset by SBP. The CBO specifically stated that even though the cost of DIC payments would increase, the Act of 2003 would result in a savings in SBP payments because the surviving spouses would no longer receive SBP in full with the DIC offset. DA 9, 16-17.

> **Retention of Death and Indemnity Compensation (DIC) for Remarried Spouses.** Under current law, VA provides DIC payments to the surviving spouse of certain deceased veterans. If a surviving spouse remarries, DIC payments cease. Should the subsequent marriage end, either due to divorce or death of the new spouse, DIC payments can resume. Section 101 would allow a surviving spouse who remarries after age 57 to continue receiving DIC payments. . . . CBO estimates that the total cost to provide DIC payments to surviving spouses who remarry after age 57 would be $18 million in 2004, $149 million over the 2004-2008 period, and $342 million over the 2004-2013 period. Some of these costs would be offset by direct spending savings in retirement programs for the uniformed services.

DA 8, see also DA 16-17.

The CBO continued to address the issue in the Retired Benefits portion of the report. The rationale for the offset was based upon the previous law where survivors of disabled veterans who were also survivors of retirees could not receive both benefits in full. DA 16-17.

---

[5] The Congressional Budget Office Cost Estimate, H.R. 2297, Veterans Benefits Act of 2003, as cleared by the Congress on November 20, 2003, Dec. 8, 2003. A copy of the CBO's Cost Estimate is also appended to this brief in Defendant's appendix (DA), beginning at DA 1.

Therefore, under the new law, the surviving spouses of veterans who remarried after the age of 57, who were also surviving spouses of retirees, should not receive both benefits in full.

> Many retirees of the uniformed services have a Survivor Benefit Plan (SBP) premium payment deducted from their retirement annuity. The SBP was established in Public Law 92-425 to create an opportunity for military retirees to provide annuities for their survivors. Under current law, survivors of disabled veterans who are retired from the military, . . . cannot receive both full SBP and DIC from VA. Because of this prohibition on concurrent receipt of these benefits, such survivors forgo a portion of their SBP annuity equal to the nontaxable DIC benefit. These survivors also receive a refund in premiums for the portion of the SBP annuity they chose to forgo to receive the nontaxable DIC benefit. If a survivor loses eligibility for DIC payments, he or she has the option to repay the refunded premiums to once again receive their full SBP.
>
> Section 101 would allow surviving spouses who remarry after age 57 to continue receiving DIC payments that they would otherwise be ineligible for. Surviving spouses who would gain eligibility for DIC under section 101 and who would, as a result, be eligible for both SBP and DIC would forgo that portion of their SBP annuity equal to the nontaxable DIC benefit. Thus, section 101 would result in a savings in SBP payments for surviving spouses who under current law receive the full amount of their SBP payments.

DA 16.

The CBO even calculated the savings of the DIC offset:

> Based on information provided by DoD and VA, CBO estimates that about 400 survivors would receive both DIC and SBP annuity each year over the 2004-2013 period and that the average annual SBP offset would be $9,209 in 2004, which would increase over the 2005-2013 period for cost-of-living adjustments. After accounting for changes in SBP premium refunds and repayments, CBO estimates that section 101 would increase spending for retirement from the uniformed services by $1 million in 2004, but reduce spending for these benefits by $12 million over the 2004-2008 period, and $34 million over the 2004-2013 period.

DA 17.

Clearly, the CBO understood that, even with the 2003 amendment, the requisite DIC offset for SBP still applies to all surviving spouses who receive both DIC and SBP, not just those who remarry after the age of 57. Moreover, since the amendment was enacted, several attempts to amend title 10 of the United States Code to repeal the offset from SBP for the amount of DIC received have failed.

In 2005, the bills introduced to the House and Senate attempting to repeal the offset never became law.[6] Indeed, as one commentator noted,

> The language in the Senate version of the FY 2006 National Defense Authorization Act would have eliminated this offset, but it was removed by the Conference Committee. Instead, Congress ordered the Comptroller General [under public law] to report on the actuarial soundness of the SBP (Pub. L. No. 109-163, January 6, 2006, sec. 666.).[7]

Similar efforts in 2006 to repeal the DIC offset failed too. The proposal to repeal the offset, section 642 of the Senate's proposal for the National Defense Authorization Act for Fiscal Year 2007, never became law. In fact, the executive branch voiced opposition to section 642 in the Statement of Administration Policy published by the OMB on June 14, 2006.[8] The OMB wrote,

---

[6] See Military Surviving Spouses Equity Act, H.R. 808, 109th Cong. (Feb. 15, 2005) at DA 71-72; and, Military Surviving Spouses Equity Act of 2005, S.185, 109th Cong. (Jan. 26, 2005) at DA 73-75.

[7] See Charles A. Henning, Congressional Research Service Report for Congress, The FY2007 National Defense Authorization Act: Selected Military Personnel Policy Issues, (Jul. 21, 2006), p. CRS-11. An extract of the relevant pages of this report is also contained in the appendix at DA 65-70. See also Public Law 109-163 (HR 1815), 119 Stat. 3136, 3318-19, § 666.

[8] Statement of Administration Policy, S. 2766 - National Defense Authorization Act for Fiscal Year 2007, Office of the Management and Budget (June 14, 2006). See DA 25-30.

> Repeal of the SBP/DIC offset: The Administration strongly opposes section 642, which partially repeals the SBP/DIC offset. The current offset approved by Congress avoids duplication of two fully funded Federal Government benefits and is consistent with benefits provided in the private sector. The current compensation package for survivors - which includes SBP, DIC, an enhanced death gratuity, and increased life insurance benefits - provides a reasonable level of income. DoD estimates that eliminating the SBP offset for all widows entitled to DIC would cost the Military Retirement Fund between $6 and $8 billion over 10 years.

DA 26.

Most recently, Congressman Henry Brown introduced a resolution on March 20, 2007 to repeal the offset.[9] Simultaneously, Senator Bill Nelson introduced a companion bill in the Senate in an effort to stop the DIC offset.[10] Both the House and Senate versions have been referred to committee.[11]

The fact that the legislative and executive branches continue to debate the repeal of the SBP/DIC offset is additional evidence that the SBP/DIC offset continues to exist under 10 U.S.C. § 1450(c)(1). Accordingly, nothing has changed since the 2003 amendment to Title 38. "Concurrent receipt" of full SBP and DIC, which was originally barred because Congress

---

[9] See Military Surviving Spouses Equity Act, H.R. 1589, 110th Cong. (Mar. 20, 2007), a copy of this bill is located in defendant's appendix at DA 18-21.

[10] See S. 935, 110th Cong. (Mar. 20, 2007), a copy of which is located in defendant's appendix to this brief beginning at DA 22.

[11] H.R. 1589 was referred to the subcommittee on Military Personnel on April 3, 2007. DA 21A. The Senate referred S.935 to the Committee on Armed Services the same day it was introduced, on March 20, 2007. DA 24A.

viewed it as dual compensation, remains in effect.[12] Therefore, unless and until the law is repealed, plaintiffs' SBP payments must continue to be offset by the amount of DIC they receive.

**D. Plaintiffs' Interpretation Of The Statutes Leads To Disparate Treatment Between Groups Of Surviving Spouses**

As we demonstrated above, plaintiffs misread 38 U.S.C. 1311(e) by their apparent limiting of the coordination of benefits provision only to the phrase "under any other provision of law," effectively ignoring the rest of the statute, which qualifies that language as to, "under another provision of law by reason of such individual's status as the surviving spouse of a veteran." In addition to the reasons set forth above, this misreading should not be endorsed by the Court because it would lead to the untenable result of disparate treatment among surviving spouses of military retirees.

Pursuant to plaintiffs understanding of the Veterans Benefits Act of 2003 and 38 U.S.C. § 1311(e), a surviving spouse who remarries at age 57, or later, would now be able to retain DIC and the full SBP annuity. However, this reading would place the remarried surviving spouse in a preferred position to a surviving spouse who continues to receive DIC and does not remarry. A surviving spouse who does not remarry at the age of 57 will still be subject to 10 U.S.C. § 1450(c)(1), which requires their SBP be offset by the amount of DIC payments received. That distinction would create an arbitrary and capricious result because it would treat surviving spouses inequitably, and effectively means that a surviving spouse could increase her benefits by remarrying after age 57. That clearly is not the intent of the amendment to 38 U.S.C. § 1311.

---

[12] See David F. Burrelli, Congressional Research Service Report for Congress, The Military Survivor Benefit Plan: A Description of Its Provisions, (Jan. 25, 2006); see also DA 31-64 at 60.

Not only does the legislative history reflect that SBP would still continue to be offset, the representatives who commented upon section 101 of Public Law 108-183 stressed that its purpose is to ensure that a surviving spouse who remarries later in life (age 57 or later) will be able to retain their DIC, home loan, medical and educational benefits eligibility, all of which are DVA benefits provided under title 38.[13]

At bottom, a thorough review of the statutory language and accompanying legislative history demonstrates, as a matter of law, that the SBP annuity entitlement of a surviving spouse must continue to be offset by the DIC under the requirement of 10 U.S.C. § 1450(c)(1), regardless of the provisions of Public Law 108-183, § 101. Accordingly, plaintiffs complaint must be dismissed.

## CONCLUSION

For these reasons, we respectfully request that the Court grant our motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Bryant G. Snee
BRYANT G. SNEE
Deputy Director

[13] See 149 Cong. Rec. H 11705, 11713-14 (statement of Congressman Brown of South Carolina); and, 149 Cong. Rec. H 11705, 11722 (statement of Congressman Bilirakis). An extract from the Congressional Record containing these statements is located at DA 81 and 84.

/s Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tele: (202) 307-0383
Fax: (202) 353-7988

OF COUNSEL:

KELLY L. McGOVERN
Major, USA
Military Personnel Branch
Army Litigation Division
Arlington, VA

SCOTT LAFFERTY
Senior Associate Counsel
Office of General Counsel
Military and Civilian Pay Law Directorate
Defense Finance and Accounting Service
Cleveland, Ohio

September 17, 2007

Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on September 17th, 2007, a copy of the foregoing "**DEFENDANT'S MOTION TO DISMISS**" with its accompanying appendix was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas K. Mickle
Douglas K. Mickle