## Social Security Coverage for Military Personnel

Active duty military personnel have been fully covered by social security and have paid social security taxes since January 1, 1957. In addition to providing monthly benefits to civilian retirees and retired military personnel age 62 or older, social security provides benefits to the widows or widowers of deceased military and civilian retirees.

The surviving spouse or former spouse of a military retiree is entitled to receive social security survivor benefits based on the deceased retiree's active duty basic military pay.[37] Persons eligible for social security survivor benefits may *also* be entitled to social security retirement benefits based on *their own* employment. However, this "dual entitlement" is *prohibited under social security law.* People always receive social security benefits that they themselves earned as a result of their own employment. If those benefits *exceed* the amount of social security survivor benefits, the latter are not payable. However, if the survivor's own social security retirement benefits are *less than* the social security survivor benefits, the difference between the two is paid in addition to the survivor's own social security retirement benefits.

For example, assume that A and B are both surviving spouses of military retirees and are both entitled to social security benefits — based on the military service of their deceased spouses — of $400 per month.[38] Assume further that both surviving spouses have been employed and are entitled to their own social security retirement benefits based on that employment. Survivor A is entitled to $450 per month in social security retirement benefits based on his or her own employment. Because survivor A's own social security retirement benefit of $450 per month *exceeds* the social security survivor entitlement of $400 per month, only the $450 retirement benefit is payable. Survivor B, on the other hand, is entitled to $350 per month in social security retirement benefits based on his or her own employment. Because B's social security retirement benefit ($350) is *less than* the social security survivor benefit ($400), the full $350 retirement benefit is payable, plus the $50 difference between the two, for a total of $400 per month in social security benefits.

Social security survivor benefits based on a spouse's or former spouse's employment (including military service) are first payable at age 60 (at age 50, if the surviving spouse is totally disabled, or at any age if and as long as there are children under the age of 16), and social security retirement benefits based on one's own employment are first payable at age 62.

---

[37] The surviving spouse might also be entitled to additional social security benefits based on any civilian employment of the deceased retiree. For ease of explanation, however, this report only discusses the entitlement to survivor benefits based on the retiree's military service.

[38] All amounts are hypothetical and used only for purposes of example.

## Integration of the Survivor Benefit Plan and Social Security Benefits

The SBP was (and for certain beneficiaries, is) "integrated" with social security: SBP benefits are reduced or "offset" when the survivor reaches age 62. The **rationale for this integration** was (1) the SBP was intended to provide a specific portion of a deceased military retiree's retired pay to the retiree's surviving spouse or former spouse, and (2) to recognize the government's employer contribution under both social security and SBP. It was, therefore, considered appropriate by the Congress that *all* sources of survivor benefits attributable to military service — DOD and non-DOD — be considered in the computation of this specific portion of a deceased retiree's retired pay. The cost of the SBP as well as the benefit received by the survivor(s), therefore, reflect this offset.[39] The offset occurs at age 62 regardless of when the survivor actually begins to draw social security benefits.[40]

The 1972 legislation which established the SBP provided that those social security survivor benefits which a surviving spouse or former spouse of a deceased retiree is eligible to receive, based solely on the military service of the retiree, are subtracted from the survivor's SBP payment. The legislative history of the SBP statute indicates that the sum of (1) the reduced SBP payments, plus (2) social security benefits earned as a result of the retiree's military service (computed assuming the retiree lived to age 65 and the surviving spouse begins to draw social security survivor benefits at age 62), and other sources as well, would provide the desired 55% of the base amount of retired pay. The aggregate of these integrated benefits are used in determining the 55%. In other words, this plan was designed to provide coverage at a rate no less than what the survivor was entitled to on the basis of social security survivor benefits earned as a result of military service. However, the eligible survivor may be too young to receive social security survivor benefits at the time the member or retiree dies. Therefore, the SBP provides a larger benefit until the eligible survivor reaches age 62 (in recognition of eligibility for social security benefits regardless of the age when a survivor begins to draw such benefits).

The Comptroller General has noted that it was the intention of Congress that the combined total of the offset SBP benefit and the social security survivor benefit would not be less than the pre-offset SBP benefit. The Comptroller General, noting congressional intention, stated that:

> The method of computing the offset was intended to be a "most generous formula ... to assure that a widow will receive at least 55 percent of the man's

---

[39] In the legislative history of P.L. 92-425, (S.Rept. 92-1089), it was noted that "Adding a survivor benefit plan, similar to the one available to civil service retirees, on top of the survivor benefits available from social security would provide a plan superior to plans available to other government employees . . . [T]he proposed benefit program is designed to build upon the income-maintenance foundation of the social security system."

[40] A surviving spouse or former spouse who is the parent of a child of the deceased may also receive social security mother's or father's benefits at any age, as long as the child is under age 16. The SBP offset also applies to these mother's or father's benefits if there is only one such child, but does not apply if there are two or more children under age 16.

> military retired pay." H.Rept. 92-481, 92d Cong., 1st Sess., September 16, 1971, accompanying H.R. 1067, at page 14. Similar statements appear on pages 30, 31 and 53 of S.Rept. 92-1089, 92d Cong., 2d Sess., September 6, 1972.
>
> It is clear, therefore, that Congress did not intend to authorize an offset which would amount to more than the comparable social security benefit. We do not find that the statutory language of the Survivor Benefit Plan requires or permits that result.[41]

Thus, it was the intent of Congress that (1) the SBP benefit alone, or (2) the offset SBP benefit and social security survivor benefit combined, would be at least equal to 55% of the base amount of retired pay.

However, the amount of social security survivor benefits can vary based on a variety of factors. These include (1) the survivor's age when he or she begins to receive benefits, (2) the age of the military retiree at the time of death, and (3) whether or not the retiree had begun to receive social security benefits before death. The actual social security benefit due to some or all of these factors may therefore be less than the hypothetical benefit computed under the assumptions of the SBP statute, and on which the SBP offset is based.

As an example of the integration of the SBP and social security, assume a survivor is receiving an SBP income of $600 per month. The survivor is also entitled to social security survivor benefits of $100 (based on the military service of his or her deceased spouse or former spouse). Because of the survivor's own employment, this same survivor is eligible to receive social security retirement benefits of $150 per month (see **Table 3**). Because the social security survivor benefit is *less than* the social security retirement benefit (and therefore not payable) the survivor only receives his or her own earned social security retirement benefit of $150. However, because the survivor was entitled to a social security survivor benefit of $100 based on the military service of the deceased spouse, the SBP payment is reduced or offset by $100 when the survivor reaches age 62. Thus, the survivor's final monthly income is computed as follows:

### Table 3. Breakdown of Pre-Integration Monthly Benefits of a Hypothetical SBP Beneficiary

| | |
|---|---|
| SBP benefit | $600 |
| Social Security Survivor Benefits | $100 |
| Social Security Benefits based on the Survivor's own employment | $150 |

(The SBP benefit minus the social security survivor benefit) plus the social security retirement benefit equals the total sum received from both social security and the SBP, or

($600 - $100) + $150 = $650.

---

[41] Office of the Comptroller General of the United States. Vol. 62, B-203393, Matter of: Dora M. Lambert, June 15, 1983: 472-473.

In 1980, legislation was enacted that limited the reduction of SBP income due to social security benefits to 40%.[42] For example, assume a survivor receives a monthly SBP benefit of $600 and becomes entitled to social security survivor payments (based on the member's military service) of $300 per month. The social security survivor benefit is therefore 50% of the SBP income. However, because the offset can be no more than 40% of the SBP income, the SBP benefit will be offset or reduced, at age 62, by the maximum of 40% ($600 x 40% = $240) and not by the entire $300 from social security. The total amount the survivor will receive is $660, or (1) $300 of social security benefits plus (2) $600-$240=$360 of the reduced SBP income.

## Two-Tier Survivor Benefit Plan

In title VII of the FY1986 DOD Authorization Act (P.L. 99-145, November 8, 1985),[43] Congress modified the Survivor Benefit Plan so that retirees and their prospective spouse survivors would know the exact amount of the SBP benefit that would be paid upon the retiree's death. Congress did this by eliminating the integration with social security. The House Armed Services Committee report on the legislation stated the rationale for such a change regarding the social security offset:

> The principal problems associated with the social security offsets are twofold:
> (1) the offset is not calculated until the time of death; hence military members cannot predict the impact of the offset at the time of retirement when the decision to participate in the plan is made;
> (2) the provision is difficult to explain and to understand; hence many perceive that an earned benefit is unfairly taken away.[44]

The new plan was labeled the "two-tier" SBP. Under the two-tier SBP, a surviving spouse of a deceased military retiree will receive 55% of the base amount of military retired pay as a survivor benefit (as was the case under the original plan). Upon reaching age 62, the SBP benefit will be reduced *automatically* to 35% of the base amount of military retired pay for any surviving spouse or former spouse covered under the two-tier SBP. Since it is expected that benefits for those eligible for the two-tier plan would have been subjected to the full 40% social security offset (i.e., a reduction from 55% to 33% in SBP benefits at age 62), 35% was considered an appropriate approximation. Under the two-tier SBP, a spouse or former spouse who becomes a widow or widower *after* age 62 will receive an SBP payment equal to 35% of the base amount of military retired pay. For example, assume a military retiree receives $1,183 per month in military retired pay at the time of his or her death and has elected to provide the maximum SBP coverage of 55% of total — and base — retired pay (see **Table 1**). The retiree's surviving spouse or former spouse

---

[42] P.L. 96-402, Oct. 9, 1980. See U.S. Congress, Senate, *Uniformed Services Survivor Benefits Amendment of 1980*, S.Rept. 96-748, 96th Cong., 2nd Sess., Sept. 29, 1980.

[43] See Conference Committee, DOD 1986 Authorization: 88-100.

[44] U.S. Congress, House Committee on Armed Service, Department of Defense Authorization Act, 1986. H.Rept. 99-81, H.R. 1872, 99th Cong., 1st Sess., May 10, 1985: 251.

will receive a $650 per month SBP payment if under age 62 at the time the retiree dies, as was the case before enactment of the two-tier system. When the surviving spouse or former spouse reaches age 62, the SBP payment will be reduced to $414 per month (or 35% of the original base amount military retired pay of $1,183 per month). This reduction from 55% to 35% occurs at age 62 and is not affected by the receipt of social security benefits.[45] The two-tier plan thus allowed retirees and their prospective surviving spouses or former spouses to predict what their survivors' future SBP payments will be upon a retiree's death and/or when the survivors reach age 62.

Two selected groups will have their SBP payments calculated under *either* the pre-two-tier plan (including the social security offset) *or* the two-tier plan, depending upon which is more financially advantageous to the survivor. The first group includes those beneficiaries (widow or widowers) who were receiving an SBP benefit on October 1, 1985. The second group includes the spouses or former spouses of military personnel who were qualified for or were already receiving military retired pay on October 1, 1985.[46] The spouses or former spouses of military personnel who were *not* qualified to receive military retired pay on October 1, 1985 (i.e., those who had not been on active duty with 20 or more years of service or completed 20 or more years of creditable Reserve Component service as of October 1, 1985) will have their SBP payments computed using the two-tier method.

Participation rates have increased since the introduction of the two-tier plan. Of those retiring in FY1984, 54% elected to participate in the SBP. Of those retiring in FY1990 and FY1993, 60 and 58% elected to participate, respectively. (Some of those retiring in FY1990 may be eligible to have the benefits for there survivors calculated under either the two-tier or social security offset method.)[47] In other words, the change to the two-tier benefit has been associated with an increase in participation over the social security offset method.

## Comparison of the Social Security Offset and Two-Tier SBP

The complicated nature of the social security offset was not fully understood by many servicemembers, retirees, or widow(er)s. Thus, when the two-tier SBP was introduced, with its straight forward reduction of benefits at age 62, many felt that the two-tier SBP represented a reduction in their benefits or potential benefit over what was available under the social security offset SBP. Table 4 provides a comparison of both plans computed for an active duty service member (E-7) who retires from the military at age 42 with 20 years of service. Upon retirement from the military, the retiree is enrolled in the SBP and selects coverage for a base pay amount

---

[45] Under the social security offset the benefit of a spouse or former spouse in this example could be reduced from $650 per month to $690 per month at age 62 (i.e., a 40% offset).

[46] "Retirement qualified" includes those members of the Reserve Components who are qualified to receive military retired pay except for the fact that they are under age 60 and, therefore, may not begin to draw reserve retired pay.

[47] Department of Defense, Office of the Actuary, RCS No. DDM (A) 1375, *DOD Statistical Report on the Military Retirement System, FY1984*: 215 and RCS No. DD-FM&P (Q) 1375, FY1990: 233; *DOD Statistical Report, FY1993*: 247.

equal $1,670. This retiree then accepts civilian employment (including social security deductions) for another 15 years. In this case, the hypothetical retiree has SBP withholdings computed under the Flat-Rate formula, $1,670 x 6.5%=$108.55. (For the purposes of this example, cost of living adjustments are not used. All numbers represent reasonable approximations.)

At age 59, the retiree dies. The surviving spouse begins receiving a military Survivor Benefit equal to 55% of base military retired pay or $1,670 x 55%=$918 per month.

In addition, the retiree's spouse was employed and earned social security benefits of $500 per month from this employment. Since the military retiree made social security payments both in the service and in the subsequent civilian employment, the surviving spouse is eligible to receive social security survivor benefits of $631 per month based on the retiree's entire career. For the sake of this example, $378 of the $631 are attributed to the social security contributions made during military service. (It is this $378 per month that will be taken into account under the offset plan.)

### Table 4. Comparison of Monthly SBP and Social Security Benefits Computed Using the Two-Tier and Offset Formulas

| | Social Security Offset | Two-Tier |
|---|---|---|
| Base retired pay (1994, E-7, with 20 years of service) | $1,670 | $1,670 |
| SBP monthly withholdings (Flat-Rate or 6.5% of base pay) | $108.55 | $108.55 |
| SBP benefit for a spouse under age 62 (55% of base pay) | $918 | $918 |
| Social security benefits of the surviving spouse | | |
| Based on the surviving spouse's career | $500 | $500 |
| Based on the retiree's civilian and military career | $631 | $631 |
| | ($378 attributable to military service only) | |
| Total social security benefit (spouse's $500 plus $131 [631-500] from the member's career | $631 | $631 |
| SBP benefits at age 62 | $550 ($918 - $378 or 40%, whichever is less) | $584 (35% or base) |
| Total survivor income from both SBP and social security | $1,181 ($550 + $631) | $1,215 ($584 + $631) |

As described above, a person (in this case the surviving spouse) receives his/her own earned social security benefits first. Thus, this spouse will receive $500 per month in social security benefits. In addition, since the social security survivor benefit is greater ($631) than the spouse's earned benefit ($500), the spouse will also receive the difference ($631 - $500=$131) added to his/her own earned benefit ($131 + $500) for a total social security benefit of $631 per month. In this example, the spouse begins receiving these benefits at age 62.

Under the two-tier formula, the military SBP amount is reduced from 55 to 35% of base military retired pay or from $918 to ($1,670 x 35%=) $584 per month at age 62. When the social security benefit is added, the surviving spouse's income is ($584 + $631=) $1,215 per month. In other words, prior to age 62, the surviving spouse receives $918 per month from the military Survivor Benefit Plan. Assuming the spouse begins receiving social security benefits at age 62, total income for the spouse (from both the reduced military SBP and social security) increases to $1,215 per month.

Turning to SBP benefits computed under the offset method, prior to age 62, this spouse receives the same SBP benefit of 55% of base military retired pay ($918 per month). At age 62, however, the SBP is offset — reduced — by social security benefits attributable to the member's military service, ($378), subject to the 40% limit on the offset. Under law, this offset occurs regardless of whether or not the spouse is actually receiving these benefits. Since the $378 of social security benefits based on the service member's career is greater than 40% of the SBP (40% of $918 is rounded to $367), the SBP is offset by 40% or $367 rather than by entire social security benefit attributable to the member's military service (i.e., $918 - $367= $551). Thus, at age 62, the surviving spouse's SBP benefit is reduced from $918 to $551 per month. When the total social security benefit is added in, the surviving spouse's total income is $551 + $631 for a total of $1,182 per month.

In other words, prior to age 62, a spouse receives the same SBP benefit under either the two-tier or original offset formula SBP ($918). However, as this example shows, at age 62, monthly benefits from both SBP and social security are greater under the two-tier method ($1,215) than under the offset formula ($1,182).

This example can only allude to some of the possible effects and interactions of the SBP and social security. The amount of SBP benefits and the final income of the surviving spouse are dependent upon a number of factors including, but not limited to, the retiree's years of service, rank at retirement, year in which the retirement occurred, social security payments made by the retiree, the work history of the surviving spouse and the eligibility for VA benefits (as described below).

## Supplemental Survivor Benefit Plan

Established under Public Law 101-189,[48] the Supplemental Survivor Benefit Plan provides SBP participants an opportunity to avoid or limit any reductions in SBP benefits that would occur at age 62 for a spouse or former spouse. This legislation also created an open season that would allow certain retirees to enroll in the SBP, increase SBP coverage, and opt to participate in the new Supplemental SBP.

Participation in the new Supplemental SBP is voluntary and not automatic. In order to be eligible, retirees must be participants in the two-tier SBP. Those eligible to have their benefits computed under either the Social Security offset method or the two-tier method had an opportunity to make an irrevocable switch to the two-tier method in order to participate in the Supplemental SBP. (Such a shift may not be a wise change for all retirees — particularly for those who retired before or around 1957 or who may also be civil service retirees. In certain instances, the social security offset would be less than that which would occur under the two-tier plan. Such a limited reduction may negate the need for purchasing supplemental benefits.) Members who are retirement-eligible may elect to participate in the Supplemental SBP prior to actually retiring. Should the member die while retirement-eligible (but before actually retiring) that member's designated spouse or former spouse would be provided benefits under SBP without the Supplemental. Actual eligibility for Supplemental benefits begins only after retired pay is withheld. Should a retirement-eligible member elect to participate in the Supplemental before retiring and later refuse SBP participation at retirement, the Supplemental SBP would be voided. Those members who are participants without an eligible spouse and who remarry, may elect to participate in the Supplemental SBP. Such an election is irrevocable and must be made within one year of the remarriage.

An eligible participant may voluntarily elect to provide Supplemental coverage for a former spouse. The service secretary concerned must be provided with a statement (in a manner prescribed by the secretary) setting forth whether such an agreement is part of or incident to a divorce settlement and, if so, whether it has been voluntarily incorporated in the court order. This documentation must be provided to the secretary within one year of the date of the court order or filing invoice. With the receipt of the appropriate documentation, such an election is deemed to have been made.

### Costs and Benefits of Supplemental Coverage

Under current two-tier SBP rules, 6.5% of pre-tax base amount retired pay is withheld (as described above under "Flat-Rate"). A surviving spouse or former spouse is eligible to receive 55% of the base amount of retired pay until reaching age 62 when benefits are reduced to 35%. Under the Supplemental SBP, the change that occurs at age 62 can be reduced or eliminated. The cost of this coverage depends on the age of the retiree at sign-up time, as well as the amount of coverage to be provided to the survivor at age 62.

---

[48] 103 Stat. 1577, et seq., Nov. 29, 1989; as amended by P.L. 101-510, 104 Stat. 1580, Nov. 5, 1990.

**Table 5** provides a breakdown of costs by level of coverage. According to this breakdown, a retiree who enrolls in the SBP under the two-tier option (benefits of 55% of the base amount of retired pay until age 62, then reduced to 35%) will have 6.5% of the base amount of retired pay withheld regardless of the retiree's age at the time of enrollment. Should this same retiree enroll at age 46 and opt to limit the age-62-reduction to 45% of the base amount of retired pay, 9.48% of the base amount of retired pay will be withheld. Conversely, a retiree who enrolls at age 45 and opts to eliminate entirely the age-62-reduction will have 12.22% of the base amount of retired pay withheld.[49]

## Elimination of the Two-Tier and Social Security Offset Computational Formulas

The FY2005 National Defense Authorization Act[50] contained language that would make a substantial change in the computation of the SBP benefit for those age 62 and over. Simply stated, this law phases out the two-tier and Social Security offset formulas discussed above. The actual mechanics of this process will vary depending on various scenarios.

Generally speaking, this language raises the minimum SBP benefit for those age 62 and over as follows: On October 1, 2005, the minimum SBP benefit for those survivors age 62 and older was increased to 40%. This amount will increase to 45% on April 1, 2006, 50% on April 1, 2007, and 55% on April 1, 2008. In other words, a survivor who is age 62 or over and receiving 35% of base retired pay under the two-tier method will see the benefit increase over the next few years to 55%. This increase occurs without any additional cost to the retiree or the survivor and therefore represents a substantial increase for many.

A survivor who turns 62 during the scheduled increase will have the benefit computed to the amount that is applicable in the above schedule. For example, consider a covered widow receiving 55% of base retired pay prior to reaching age 62. If this widow turns 62 on April 30, 2007, the benefit will be reduced to 50% of base retired pay. On April 1, 2008, according to the schedule, the SBP benefit will be returned to the 55% level.

For those individuals who purchased Supplemental SBP coverage prior to the enactment of this law, they will see their benefits increase as well after reaching age 62. For example, a 62 year old widow who is receiving 45% of base retired pay (i.e. 35% under the two-tier computation plus 10% in supplemental coverage), had the benefit increase to 50% on October 1, 2005 and finally to 55% on April 1, 2006. (Note: Effective October 28, 2004, reductions in retired pay used to cover the supplemental benefit are terminated; however, the supplemental coverage remains in effect.)

---

[49] Rick Maze, "Face-lift yields five SBP options," *Army Times*, Oct. 28, 1991: 10. .

[50] P.L. 108-375; 118 Stat. 1811; Secs. 644-645; Oct. 28, 2004.

**Table 5. SBP Supplemental Benefits and Costs by Age**

| Sign Up Age | Percentage Coverage at Age 62 | | | | |
|---|---|---|---|---|---|
| | 35% | 40% | 45% | 50% | 55% |
| 37 | 6.5 | 7.62 | 8.74 | 9.86 | 10.98 |
| 38 | 6.5 | 7.63 | 8.76 | 9.89 | 11.02 |
| 39 | 6.5 | 7.67 | 8.84 | 10.01 | 11.18 |
| 40 | 6.5 | 7.72 | 8.94 | 10.16 | 11.38 |
| 41 | 6.5 | 7.77 | 9.04 | 10.31 | 11.58 |
| 42 | 6.5 | 7.78 | 9.06 | 10.34 | 11.62 |
| 43 | 6.5 | 7.81 | 9.12 | 10.43 | 11.74 |
| 44 | 6.5 | 7.87 | 9.24 | 10.61 | 11.98 |
| 45 | 6.5 | 7.93 | 9.36 | 10.79 | 12.22 |
| 46 | 6.5 | 7.99 | 9.48 | 10.97 | 12.46 |
| 47 | 6.5 | 8.06 | 9.62 | 11.18 | 12.74 |
| 48 | 6.5 | 8.12 | 9.74 | 11.36 | 12.98 |
| 49 | 6.5 | 8.17 | 9.84 | 11.51 | 13.18 |
| 50 | 6.5 | 8.24 | 9.98 | 11.72 | 13.46 |
| 51 | 6.5 | 8.30 | 10.10 | 11.90 | 13.70 |
| 52 | 6.5 | 8.38 | 10.26 | 12.14 | 14.02 |
| 53 | 6.5 | 8.47 | 10.44 | 12.41 | 14.38 |
| 54 | 6.5 | 8.57 | 10.64 | 12.71 | 14.78 |
| 55 | 6.5 | 8.67 | 10.84 | 13.01 | 15.18 |
| 56 | 6.5 | 8.77 | 11.04 | 13.31 | 15.58 |
| 57 | 6.5 | 8.87 | 11.24 | 13.61 | 15.98 |
| 58 | 6.5 | 8.98 | 11.46 | 13.94 | 16.42 |
| 59 | 6.5 | 9.10 | 11.70 | 14.30 | 16.90 |
| 60 | 6.5 | 9.12 | 11.74 | 14.36 | 16.98 |
| 61 | 6.5 | 9.37 | 12.24 | 15.11 | 17.98 |
| 62 | 6.5 | 9.52 | 12.54 | 15.56 | 18.68 |
| 63 | 6.5 | 9.66 | 12.82 | 15.98 | 19.14 |
| 64 | 6.5 | 9.81 | 13.12 | 16.43 | 19.74 |
| 65 | 6.5 | 9.96 | 13.42 | 16.88 | 20.34 |
| 66 | 6.5 | 10.12 | 13.74 | 17.36 | 20.98 |
| 67 | 6.5 | 10.30 | 14.10 | 17.90 | 21.70 |
| 68 | 6.5 | 10.45 | 14.40 | 18.35 | 22.30 |
| 69 | 6.5 | 10.63 | 14.76 | 18.89 | 23.02 |
| 70 | 6.5 | 10.80 | 15.10 | 19.40 | 23.70 |
| 71 | 6.5 | 11.00 | 15.50 | 20.00 | 24.50 |
| 72 | 6.5 | 11.24 | 15.98 | 20.72 | 25.46 |
| 73 | 6.5 | 11.45 | 16.40 | 21.35 | 26.30 |
| 74 | 6.5 | 11.68 | 16.86 | 22.04 | 27.22 |
| 75 | 6.5 | 11.88 | 17.26 | 22.64 | 28.02 |
| 76 | 6.5 | 12.14 | 17.78 | 23.42 | 29.06 |
| 77 | 6.5 | 12.40 | 18.30 | 24.20 | 30.10 |
| 78 | 6.5 | 12.63 | 18.76 | 24.89 | 31.02 |
| 79 | 6.5 | 12.92 | 19.34 | 25.76 | 32.18 |
| 80 | 6.5 | 13.18 | 19.86 | 26.54 | 33.22 |

As noted, certain individuals had the opportunity to remain under the Social Security offset computational formula. These individuals will likewise see their benefits increase under the above schedule, ultimately reaching 55% on April 1, 2008. The increase in these benefits will occur when the scheduled increases pass their current benefit level. For example, a widow receiving say 48% of base retired pay (as computed under the Social Security offset method) will see no change in benefits until April 1, 2007 when the benefit will increase in 50%, and again to 55% on April 1, 2008. In other words, these beneficiaries will have their benefits computed either under the Social Security offset method or according to the above schedule, depending on which is more financially advantageous.

In enacting the above language, Congress also created an open-enrollment period or "open season" to allow certain retirees to begin SBP participation or to increase their current level of coverage. The open season begins on October 1, 2005 and lasts one year. Those who take advantage of the open season must participate for at least two years from the date of making such an election in order to qualify their survivors for these new benefits. If the retiree dies before the end of this two-year period, amounts deducted from retired pay to effectuate the benefits resulting from the open season will be returned to the designated survivor. Premiums charged "would be calculated based on the total amount of the premium, plus interest, by which the members' retired pay would have been reduced if they had elected to participate in the SBP at the first opportunity that they had been afforded."[51]

In addition, those opting for supplemental coverage during the open season will see the supplemental premiums phased out by April 1, 2008. Critics have raised doubts about the wisdom of participating in this open season supplemental coverage given the two-year participation minimum imposed under law. Critics note that a retiree who signs up for supplemental coverage on the first day of the open season (October 1, 2005) must contribute to the supplemental for two years. Should the retiree die two years after making the election (on October 1, 2007), the SBP benefit will already be increased to 50% under the above schedule for those survivors over age 62, and will reach the 55% level 6 months later. In other words, a retiree will make 2 or more years worth of supplemental payments in order to effectuate a 6-month or less benefit. Furthermore, a retiree who waits until April 1, 2006 of the open season (or later) to sign up for supplemental coverage, or one whose survivor will not turn 62 until after April 1, 2008, will see no benefit in electing the supplemental coverage during the open season. For these reasons, it has been suggested that retirees consider the limited benefits and additional costs of such an election before deciding to participate in the supplemental SBP during the open season and for the same reasons, DOD may elect not to offer supplemental coverage during this period.

---

[51] Congressional Record, Oct. 8, 2004: H9544.

# Survivor Benefit Plan and Veterans' Affairs Dependency and Indemnity Compensation

Department of Veterans Affairs (VA) Dependency and Indemnity Compensation (DIC) was established in 1956 by the Servicemen's and Veteran's Survivor Benefit Act.[52] "Under this Act, as amended, DIC is paid to the survivors ... of servicemen or veterans who died on or after January 1, 1957, from: (1) a disease or injury incurred or aggravated in line of duty while on active duty or active duty training; or (2) an injury incurred or aggravated in line of duty while on inactive duty training; or (3) a disability compensable under laws administered by the VA."[53]

A service member can, for example, (1) contract a disease or incur an injury during active duty or active duty training, (2) recover and return to active duty, (3) retire from an active duty or Reserve Component military career and participate in the SBP, and (4) subsequently die because of complications resulting from the original service-related disease or injury. The surviving spouse or former spouse of the retiree is then entitled to DIC payments from the VA. In this situation, however, the surviving spouse or former spouse of the retiree is **not entitled to receive the combined total of full SBP and DIC benefits**. Instead, the SBP benefit is offset by the amount of DIC received (with certain limitations).[54] This offset occurs regardless of the retiree's enrollment in the SBP Supplemental.

The total of DIC and offset SBP payments combined is, at least, equal to the full SBP benefit. A surviving spouse or former spouse who remarries loses his or her entitlement to Dependency and Indemnity Compensation payments. Upon losing Dependency and Indemnity Compensation, however, the remarried spouse or former spouse has his or her full SBP benefit restored, provided the remarriage — in accordance with SBP restrictions — occurs after age 60 or age 55 if the remarriage occurs after November 14, 1986. Also, if the DIC is paid to an SBP-eligible surviving spouse or former spouse, a percentage of the deceased retiree's original contributions to the SBP offset by DIC will be returned to the surviving spouse or former spouse. In other words, if the SBP is offset by DIC, that proportion of deductions from the deceased retiree's retired pay which financed the offset portion of the SBP will be refunded to the surviving spouse or former spouse. SBP payments can be restored, if the beneficiary becomes ineligible for DIC and remains eligible for SBP, provided that the refunded SBP payments are returned.

---

[52] P.L. 84-881, 70 Stat. 862, 867.

[53] Military Compensation Background Papers: 457.

[54] The amount of DIC payable to a surviving spouse is contained in one section of law — title 38 U.S.C. 411(a). Under three other sections — 38 U.S.C. if, for example, the spouse 1) is supporting a dependent child or children, 2) is in a nursing home, blind or requiring aid or assistance from another person, or, 3) is, because of a disability, housebound or institutionalized in a ward or clinic. SBP annuities are only offset by the amount of DIC received under 38 U.S.C. 411(a) and not by any increase to this amount as a result of eligibility under 38 U.S.C. 411(b)-(d).

## "Concurrent Receipt"

In recent years, Congress has addressed an issue concerning the payment of military retired pay to retirees who qualify for disability compensation from the Department of Veterans Affairs (VA). In 1891, Congress passed language prohibiting what it regarded as "dual compensation" for either past or current service and a disability pension.[55] As modified in 1941, the law prevented the concurrent receipt of both military nondisability retired pay and VA disability compensation. For those eligible for both, military retired pay was offset or reduced, dollar for dollar, by VA disability benefits.

Numerous attempts to address this issue over the past few years or so resulted initially in the creation of "Combat Related Special Compensation" for certain disabled military retirees as well as a 10-year phase in allowing concurrent receipt (from 2004 to 2013) for those whose disability is rated at 10% or more. However, 100% disabled retirees were entitled to immediate concurrent receipt effective January 1, 2005.[56]

Later, in FY2004, Congress authorized concurrent receipt for retirees with at least a 50% disability, regardless of the cause of the disability.[57]

Although such changes do not affect the receipt of an SBP annuity, some have claimed that if concurrent receipt or "special pays" for military retirees is allowed, such should also be afforded their survivors. Under this reasoning, if a military retiree is allowed to receive both military retired pay and VA disability payments or other "special pay", it is only fair that the surviving spouse also receive both the SBP annuity and DIC benefits. Critics contend that concurrent receipt was originally barred because Congress viewed it as "double dipping" or paying someone twice for the same period of service. These critics reason that allowing concurrent receipt to the retiree or the retiree's survivor are forms of "double dipping" that are inherently unfair to the taxpayer.

In order to avoid this SBP-DIC offset, surviving spouses of active duty personnel are allowed to designate their children, if any, as the recipient of the SBP benefit. Unlike retirees, active duty personnel do not designate a beneficiary. (As stated earlier, children remain eligible to receive SBP until they reach age 18 or 22; or for life if mentally of physically incapacitated and if the incapacitating condition existed prior to age 18. Eligibility terminates if the child marries.)[58]

---

[55] See CRS Report 95-469, *Military Retirement and Veterans' Compensation: Concurrent Receipt Issues*, by Robert L. Goldich and Carolyn L. Merck.

[56] See CRS Issue Brief IB85159, *Military Retirement: Major Legislative Issues*, by Charles A. Henning.

[57] See CRS Issue Brief IB85159, *Military Retirement: Major Legislative Issues*, by Charles A. Henning.

[58] P.L. 108-136; sec. 645; November 24, 2003.

The Senate version of the National Defense Authorization Act for Fiscal Year 2006 contained a provision that would eliminate the SBP-DIC offset entirely. This language was dropped by the Conference Committee prior to final passage.[59]

## Retiree and Government Contributions to SBP

As noted above, the cost of the SBP is shared by the government and the retirees. The amount paid by a particular retiree varies depending on level of coverage, years of payments, years the survivor receives an annuity, etc. For active duty personnel who make no contributions, the benefit is essentially free. Certain retirees and organizations representing their interests have claimed that, as originally structured, withholdings from retired pay for SBP were expected, on average, 40% of the cost of this benefit. Further it is claimed that since retirees are living longer and since the government has manipulated the withholdings formula, the retirees' share has increased to more than 73%.[60] These claims are made in an effort to increase government payments into the SBP in hopes of increasing benefits (particularly with regard to the apparently successful effort of eliminating the reduction in benefits that occurs when the surviving spouse reaches age 62).

In reviewing these claims, a number of points may be considered. First, as noted, there is no legal mandate for any ratio of retiree to government contributions. Second, such claims of a shift in the retiree/government share appear to be based on a selective use of retiree data. Third, the claim that retirees are living longer and paying more ignores the obvious point that survivors, too, are living longer and collecting more. Fourth, the above history of this benefit shows that Congress has expanded eligibility (including 'free' benefits to "forgotten widows" and active duty survivors), increased benefits, reduced costs, will eliminate withholdings under the "paid-up provision" afforded supplemental coverage, etc. At no time did Congress reduce the benefit. As such, the claims that the government's contribution to SBP have been reduced are unreliable. Nor do such claims rationalize the increase of benefits at age 62 for surviving spouses (a change that arguably creates a superior benefit relative to those available to the survivors of other federal employees).

It is noteworthy that after the SBP was introduced, the FY1973 cost to retirees was $36,145,000 with a fiscal year payment to families of only $5,700,000. This is due to the relatively small number of participants who died shortly after signing up. Ten years later, as more retirees signed up and more died, the FY1983 cost to retirees grew to $652,536,000 while the payment to families grew to $406,887,000. In FY1993, as participant deaths increased, the cost to retirees was $822,955,000 with payments to families reaching $1,177,185,000. Finally, in FY2004, costs to retirees was reported to be $1,074,876,000 while payments to families surged to $2,178,202,000. From 1973 through 2004, the cumulative cost to retirees was

---

[59] U.S. Congress. Conference Committee, National Defense Authorization Act for Fiscal Year 2006 H.Rept. 109-360, 109th Cong., 1st Sess., H.R. 1815, December 18, 2005: 738.

[60] Mike Lazorchak,"SBP still a good program, but ratio has changed," *Navy Times*, Jan. 15, 2001: 18.

$21,497,700 while cumulative payments to families was $ 28,669,521. Considering the cumulative payments by retirees and to military families, the government paid $7,171,821 more in benefits to families than it received. The cost to retiree/family payment gap will likely grow as the age 62 reduction is phased out and the "paid-up provision" is implemented.[61] From this perspective, if the cost/benefit share has shifted, the shift has been in the favor of recipients with taxpayers assuming an increasing cost of the program.

The National Defense Authorization Act for Fiscal Year 2006 included the following relevant language:

SEC. 666. COMPTROLLER GENERAL REPORT ON ACTUARIAL SOUNDNESS OF THE SURVIVOR BENEFIT PLAN.

(a) REPORT — Not later than July 31, 2006, the Comptroller General shall submit to the Committees on Armed Services of the Senate and the House of Representatives a report on the actuarial soundness of the Survivor Benefit Plan program under subchapter II of chapter 73 of title 10, United States Code.

(b) ELEMENTS. — The report required by subsection (a) shall include the following:

(1) An assessment of the implications for the actuarial soundness of the Survivor Benefit Plan program of recent improvements to that program, including the implications of such improvements for the actuarial soundness of that program with respect to various categories of participants in the program and with respect to the program as a whole.

(2) An assessment of the implications for Government contributions and payments to the Survivor Benefit Plan program of the improvements to that program covered by paragraph (1), including the implications of such improvements on such contributions and payments with respect to various categories of participants in the program and with respect to the program as a whole.

(3) An assessment of the implications for the actuarial soundness of the Survivor Benefit Plan program, and for Government contributions and payments to that program, of —

(A) enactment of a law permitting participants in that program to designate an insurable interest beneficiary if a previously designated beneficiary dies; and

(B) enactment of a law repealing the provisions of sections 1450(c) and 1451(c)(2) of title 10, United States Code, that require the reduction of an annuity paid to a beneficiary under that program by the amount of dependency and indemnity compensation paid to the same beneficiary under section 1311(a) of title 38, United States Code.

(c) GOVERNMENT CONTRIBUTIONS — In making the assessments under paragraphs (2) and (3) of subsection (b), the Comptroller General, in considering the Government contributions to the Survivor Benefit Plan program, shall consider both the Government's normal cost contributions under the program and the Government's payments to amortize unfunded liability under the program.

---

[61] 2005 Retired Military Almanac, (Falls Church, Virginia: Uniformed Services Almanac, Inc., 2004) p. 217.

## Table 6A. Computation of Original Survivor Benefit Plan Cost to the Retiree for Spouse Only Coverage (Work Sheet)

| | | |
|---|---|---|
| 1. | Enter base amount of retired pay. If base amount is $1,275 or more, use Table 6B below. | $_____ |
| 2. | Enter $595 or total retired pay if less than $595 (see fn 10). Do not enter less than $300. | $_____ |
| 3. | Multiply the figure in line two by 2.5%. | $_____ |
| 4. | Subtract $595 from line one. If line one is less than $595, enter 0. | $_____ |
| 5. | Multiply line four by 10%. | $_____ |
| 6. | Add line three and line five. | $_____ |

**Note:** Line 6 is the cost of survivor protection under Spouse Only coverage.

## Table 6B. Computation of Flat-Rate Survivor Benefit Plan Cost to the Retiree for Spouse Only Coverage (Work Sheet)

| | | |
|---|---|---|
| 1. | Enter base amount of retired pay | $_____ |
| 2. | Multiply line one by 6.5%. | x0.065 |
| 3. | Cost of Basic SBP protection. | $_____ |
| | ****To compute supplemental coverage cost, please continue**** | |
| 4. | Enter the factor that corresponds to the retiree's age and level of coverage desired at age 62 (see **Table 5**). | _____ |
| 5. | Divide the factor from line four by 100. | _____ |
| 6. | Multiply line one by line five. | $_____ |

**Note:** Line 6 is the cost of survivor supplemental protection under Spouse Only coverage.

## Table 7. Computation of SBP Costs under Persons with an Insurable Interest Coverage (Work Sheet)

| | | |
|---|---|---|
| 1. | The amount of base military retired pay. | $_____ |
| 2. | Multiply line one by 10%. | $_____ |
| 3. | Age of the retiree at his/her last birthday. | $_____ |
| 4. | Age of prospective beneficiary as of the date of the retiree's last birthday. | _____ |
| 5. | Subtract line three from line four. (If line three is less than line four, enter 0.) | _____ |
| 6. | Divide the sum in line five by 5 and round the quotient to the lower whole number. | _____ |
| 7. | Multiply 5% by line six. | _____% |
| 8. | Multiply line one by line seven. | $_____ |
| 9. | Add line two and line eight. | $_____ |
| 10. | Multiply line one by 40%. | $_____ |
| 11. | Compare lines nine and ten: enter the lesser. | $_____ |

**Note:** Line 11 is the cost of survivor protection under the Persons with an Insurable Interest category of coverage.