Congressional Record --- House of Representatives
Proceedings and Debates of the 108th Congress, First Session
Thursday, November 20, 2003

3:00 p.m.

***H11705** VETERANS BENEFITS ACT OF 2003

Mr. SMITH of New Jersey.

Mr. Speaker, I move to suspend the rules and concur in the Senate amendment to the bill (H.R. 2297) to amend title 38, United States Code, to improve benefits under laws administered by the Secretary of Veterans Affairs, and for other purposes.

The Clerk read as follows:

Senate amendment:

Strike out all after the enacting clause and insert:

SECTION 1. SHORT TITLE; TABLE OF CONTENTS.

(a) SHORT TITLE.-This Act may be cited as the "Veterans Benefits Act of 2003".

(b) TABLE OF CONTENTS.-The table of contents for this Act is as follows:

Sec. 1. Short title; table of contents.

Sec. 2. References to title 38, United States Code.

TITLE I-SURVIVOR BENEFITS

Sec. 101. Retention of certain veterans survivor benefits for surviving spouses remarrying after age 57.

Sec. 102. Benefits for children with spina bifida of veterans of certain service in Korea.

Sec. 103. Alternative beneficiaries for National Service Life Insurance and United States Government Life Insurance.

Sec. 104. Payment of benefits accrued and unpaid at time of death.

TITLE II-BENEFITS FOR FORMER PRISONERS OF WAR AND FOR FILIPINO VETERANS

SUBTITLE A-FORMER PRISONERS OF WAR

(c) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Sec. 201. Presumptions of service-connection relating to diseases and disabilities of former prisoners of war.

*H11706 SUBTITLE B-FILIPINO VETERANS

Sec. 211. Rate of payment of benefits for certain Filipino veterans and their survivors residing in the United States.

Sec. 212. Burial benefits for new Philippine Scouts residing in the United States.

Sec. 213. Extension of authority to maintain regional office in the Republic of the Philippines.

TITLE III-EDUCATION BENEFITS, EMPLOYMENT PROVISIONS, AND RELATED MATTERS

Sec. 301. Expansion of Montgomery GI Bill education benefits for certain self-employment training.

Sec. 302. Increase in rates of survivors' and dependents' educational assistance.

Sec. 303. Restoration of survivors' and dependents' education benefits of individuals being ordered to full-time National Guard duty.

Sec. 304. Rounding down of certain cost-of-living adjustments on educational assistance.

Sec. 305. Authorization for State approving agencies to approve certain entrepreneurship courses.

Sec. 306. Repeal of provisions relating to obsolete education loan program.

Sec. 307. Six-year extension of the Veterans' Advisory Committee on Education.

Sec. 308. Procurement program for small business concerns owned and controlled by service-disabled veterans.

Sec. 309. Outstationing of Transition Assistance Program personnel.

TITLE IV-HOUSING BENEFITS AND RELATED MATTERS

Sec. 401. Authorization to provide adapted housing assistance to certain disabled members of the Armed Forces who remain on active duty.

Sec. 402. Increase in amounts for certain adaptive benefits for disabled veterans.

Sec. 403. Permanent authority for housing loans for members of the Selected Reserve.

Sec. 404. Reinstatement of minimum requirements for sale of vendee loans.

Sec. 405. Adjustment to home loan fees.

Sec. 406. One-year extension of procedures on liquidation sales of defaulted home

(c) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(IV) by striking "such Secretaries" and inserting "the Secretary and the Commissioner".

(B)(i) The heading of such section is amended to read as follows:

"s5318. Review of Social Security Administration death information".
(ii) The item relating to that section in the table of sections at the beginning at chapter 53 is amended to read as follows:

"5318. Review of Social Security Administration death information.".

The SPEAKER pro tempore.

Pursuant to the rule, the gentleman from New Jersey (Mr.Smith) and the gentleman from Maine (Mr. Michaud) each will control 20 minutes.

The Chair recognizes the gentleman from New Jersey (Mr. Smith).

Mr. SMITH of New Jersey.

Mr. Speaker, I yield myself such time as I may consume.

Mr. Speaker, the Senate amendment to H.R. 2297 reflects an agreement with the other body on comparable House and Senate bills. The Veterans Benefits Act of 2003 includes almost all of the provisions that were contained in the bill when the House originally considered it, as well as several other worthwhile provisions contained in S. 1136, which the Senate passed on October 31.

Mr. Speaker, the Chairman of our Subcommittee on Benefits, the distinguished gentleman from South Carolina, will describe several of those important provisions, some seven titles in all, approximately 40 provisions, and I will yield to him in just a moment to do so. But let me briefly touch on the benefits this bill contains and who will be affected by it.

Mr. Speaker, many surviving spouses of veterans who die of a service-related cause will qualify for restoration of benefits taken away when they remarry. Former prisoners of war will find it easier to qualify for veterans benefits that they so richly deserve. Disabled veterans who own businesses will find it easier to sell their goods and services to the Federal Government. The surviving children of those killed in the line of duty will now receive a college-assisted payment that is 13 percent higher than the current benefit. Reservists who want to use the VA home loan program will now be charged a lower fee.

Mr. Speaker, following on the heels of our historic enactment of legislation to provide concurrent receipt benefits to over 250,000 severely disabled military retirees, this bill is a further testament to Congress' commitment to aiding those who serve our country in the Armed Forces. There are many other important provisions in this measure, and I do urge my colleagues to review them. And, again, my good friend and colleague, as well as the ranking member, will be going into further

(c) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

detail.

I would especially like to congratulate the Chair and Ranking Member of our Subcommittee on Benefits, the gentleman from South Carolina (Mr.Brown) and the gentleman from Maine (Mr. Michaud) for holding hearings this year on a variety of important issues affecting veterans. I am pleased that ***H11713** their efforts on the subcommittee pulled together in truly bipartisan fashion all of these disparate elements into this omnibus bill to advance the needs of our veterans.

And, again, I always like to thank, because we work hand in glove, my good friend and colleague, the gentleman from Illinois (Mr. Evans), for his work on this legislation as well.

Mr. Speaker, I reserve the balance of my time.

Mr. MICHAUD.

Mr. Speaker, I yield myself such time as I may consume.

Mr. Speaker, I rise today in strong support of H.R. 2297, as amended, the Veterans Benefits Act of 2003. I would like to thank the chairman, the gentleman from New Jersey (Mr.Smith) and the ranking member, the gentleman from Illinois (Mr.Evans), for their leadership on the full committee and their successful negotiations with the Senate. I also would like to personally thank my good friend, the chairman of the subcommittee, the gentleman from South Carolina (Mr. Brown), for his leadership and bipartisan spirit shown in considering these bills assigned to our subcommittee. It definitely has been a pleasure working with Chairman BROWN and his staff.

The Veterans Benefits Act of 2003 includes provisions drawn from many bills introduced by Members of both sides of the aisle. Our Nation's servicemembers and veterans have earned and their families deserve all the benefits provided under H.R. 2297 and, indeed, they certainly deserve much, much more.

Mr. Speaker, I am proud to be a sponsor and cosponsor of many of these measures that have been incorporated in H.R. 2297, including provisions aimed to make the home loan benefit for members of the Guard and Reserves permanent, to improve veterans education benefits, enhance self-employment opportunities, and expand employment counseling and job search assistance for servicemembers returning to civilian life after separating from military installations overseas.

H.R. 2297 provides for more equitable and rational treatment for surviving spouses and Filipino World War II veterans, of which I also fully support. It allows former prisoners of war to qualify for certain presumption of service connection and adds sclerosis of the liver to the diseases considered presumptively disabling for POWs. The Gold Star wives will benefit from our efforts to allow them to remarry after age 57 without losing the dependency and indemnity compensation, educational, and home loan benefits that they currently receive. This measure is long overdue and represents substantial progress.

(c) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

I also support provisions brought forth by the other body which will increase education benefits for the spouses, surviving spouses, and dependent children for totally and permanently disabled and deceased servicemembers.

Mr. Speaker, the provisions in this package will benefit servicemembers and veterans from my State of Maine as well as their families. It will help others all around the country as well. I fully support H.R. 2297, as amended, and urge my colleagues to do the same.

Mr. Speaker, I rise today in strong support of H.R. 2297, as amended, the Veterans Benefits Package of 2003.

I would like to thank Chairman

Smith and Ranking Member

Lane Evans for their leadership on the full committee and their successful negotiations with the Senate.

I would also like to personally thank Chairman

Brown and his staff for the cooperative manner shown in introducing and considering bills assigned to our subcommittee. It has been a pleasure working with him and his staff.

As is the custom of the House Committee on Veterans Affairs, a large number of bills considered by the Subcommittee on Benefits have been included in the Veterans Benefits Act of 2003.

I am pleased that H.R. 2294 which I introduced to extend the Veterans' Advisory Committee on Education is included as section 307 of H.R. 2297, as amended. The Veterans Advisory Committee provides useful information to the Congress and should be continued.

I am also pleased that H.R. 3239 which I introduced to extend the Veterans' Advisory Committee on Minority Veterans is included as section 703 of H.R. 2297, as amended. This committee brings to the attention of the Congress specific issues of concern to African-American, Native America, Hispanic American, and Asian-Pacific Island American veterans. I know that the Native American veterans of Maine, as well as all minority veterans, will continue to benefit from the counsel and advice provided by this committee.

I am original cosponsor of H.R. 761 introduced by our ranking Democratic member of the full committee,

Lane Evans, to permit seriously disabled servicemembers to apply for grants to adapt their homes before being discharged from military service. This provision included as section 401 will enable seriously disabled servicemembers to begin the process of obtaining suitable housing while on active duty.

(c) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

I joined our Ranking Democratic Member

Lane Evans in introducing H.R. 1257 to make the home loan program of the Department of Veterans Affairs for members of the Select Reserve a permanent program. This provision is included as section 403 of H.R. 2297, as amended. That bill also provided for an equalization of the fees paid by reservists and active duty veterans. Although the fees were not equalized in the final bill, I note that the rates have been reduced to a nominal amount of 0.25 percent above that charged to active duty servicemembers and veterans. As we know, reservists are an integral part of this Nation's total force. Making their home loan benefits permanent and reducing the fees they must pay acknowledges their service in a tangible way.

I am an original cosponsor of H.R. 1460 introduced by Mr. RENZI to provide additional opportunities for service-disabled veterans to contract with the Federal Government. Unfortunately, the record of contracts awarded to service-disabled veterans by Federal agencies is dismal and getting worse. Provisions from H.R. 1460 are included in section 308 of H.R. 2297, as amended. I hope that Federal agencies will take seriously their responsibility to contract with small businesses owned or controlled by service-disabled veterans. Under the provision, the committees expect that the Small Business Administration will accept the determinations of the Secretary of Veterans Affairs with respect to the definition of service-connection.

I joined my good friend and neighbor Mr. BRADLEY in introducing H.R. 2164 to provide an extension in the period of eligibility for educational benefits provided to certain children of disabled and deceased veterans, when those children are called to full time duty in the National Guard. This provision is included in section 303 of H.R. 2297, as amended.

I am an original cosponsor of H.R. 2285 introduced by Mr. SIMPSON to require the Secretary of Labor to provide staffing at overseas locations to servicemembers who are separating from active duty. This provision is included as section 309 of H.R. 2297, as amended. It is unfortunate that the Secretary of Labor has not followed the lead of the Secretary of Veterans Affairs in making these services available at overseas locations. This bill will require the Secretary of Labor to do so.

I joined our chairman on the full committee, CHRIS SMITH, our ranking Democratic member on the full committee. LANE EVANS and our subcommittee chairman, HENRY BROWN, in introducing H.R. 2297 which provided the basis for this larger bill. I appreciate the efforts made by the chairman of the full committee as well as Chairman BROWN to operate in a bipartisan manner.

Although H.R. 3392, introduced by our Democratic Ranking Member LANE EVANS and myself to improve the adjudication of claims for benefits was not considered by the House committee during this session, I note that provisions similar to that bill are included as section 701 of H.R. 2297, as amended.

I am also a cosponsor of many other bills included in H.R. 2297, as amended. As a freshman Member of Congress, I am proud to have been able to introduce and cosponsor legislation which will improve the lives of our Nation's veterans.

(c) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The House Committee on Veterans Affairs has a reputation of serving veterans in a bipartisan manner. This bill reflects that spirit of cooperation.

Our Nation's servicemembers and veterans have earned-and their families deserve-all the benefits provided under H.R. 2297, as amended.

Indeed, they deserve so much more.

Mr. Speaker, the provisions in this package will benefit servicemembers and veterans from my State of Maine as well as their families. It will help others around the country as well.

I fully support H.R. 2297, as amended, and urge my colleagues to do the same.

Mr. Speaker, I reserve the balance of my time.

Mr. SMITH of New Jersey.

Mr. Speaker, I yield such time as he may consume to the gentleman from South Carolina (Mr. Brown), the distinguished chairman of our Subcommittee on Benefits.

Mr. BROWN of South Carolina.

Mr. Speaker, I thank the gentleman for yielding me this time, and I am pleased ***H11714** we are here today to consider the Veterans Benefits Act of 2003, a bipartisan effort with no less than 37 substantive provisions.

Mr. Speaker, I would like to highlight five of the provisions of this comprehensive bill which provides more than a billion dollars in improved benefits over 10 years.

Section 101 of the bill is long overdue. After years of trying to find the offsets, we are finally able to bring equity to those surviving spouses who lose their Dependency and Indemnity Compensation upon remarrying later in life. Section 101 would allow a surviving spouse who remarries after age 57 to retain DIC, as well as home loan and educational benefits. The gentleman from Florida (Mr. Bilirakis) has championed this cause for almost 15 years now, and I appreciate his dedication.

Small business is the bedrock of our economy. Section 301 of the bill would expand the Montgomery GI bill while authorizing educational assistance benefits for on-the-job training of less than 6 months in various types of self-employment training programs. Similarly, section 305 would allow, for the first time, servicemembers, veterans and certain dependents to enroll in entrepreneurship and pre-entrepreneurship courses offered by the Small Business Development Centers and the Veterans Business Development Corporation. I applaud the gentleman from Arizona (Mr. Renzi) for this provision, as well as provisions giving Federal agencies and departments new discretionary contracting authority to assist service-disabled veteran-owned businesses, another first.

(c) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Section 314 of S. 1132, as amended, would clarify ***H11722**section 7105(b) of title 38, United States Code, by requiring that VA deem any written document which expresses disagreement with a VA decision to be an NOD unless VA finds that the claimant has disavowed a desire for appellate review. This section would be effective with respect to documents filed on or after the date of enactment, and with respect to documents filed before the date of enactment and not treated by VA as an NOD pursuant to part 20.201 of title 38, Code of Federal Regulations. Furthermore, a document filed as an NOD after March 15, 2002, and rejected by the Secretary as insufficient would, at VA motion or at the request of a claimant within one year of enactment, be deemed to be an NOD if the document expresses disagreement with a decision and VA finds that the claimant has not disavowed a desire for appellate review.

PROVISION OF MARKERS FOR PRIVATELY MARKED GRAVES

Current Law

Section 502 of Public Law 107-103, the Veterans Education and Benefits Expansion Act of 2001, authorizes VA to furnish a government headstone or marker for the grave of an eligible veteran buried in a non-veterans' cemetery irrespective of whether the grave was already marked with a private marker. The law applies to veterans whose deaths occurred on or after December 27, 2001. Public Law 107-330 extended this authority to include deaths occurring on or after September 11, 2001.

House Bill

The House Bill contains no comparable provision.

Senate Bill

Section 204 of S. 1132, as amended, would amend the Veterans Education and Benefits Expansion Act of 2001 to authorize VA to furnish a government headstone or marker for the grave of an eligible veteran buried in a private cemetery, irrespective of whether the grave was already marked with a private marker, for deaths occurring on or after November 1, 1990.

TERMINATION OF AUTHORITY TO GUARANTEE LOANS TO PURCHASE MANUFACTURED HOMES AND LOTS

Current Law

Section 3712 of title 38, United States Code, authorizes VA to guarantee loans for the purchase of a manufactured home and a lot on which it is sited.

House Bill

The House Bill contains no comparable provision.

Senate Bill

Section 306 of S. 1132, as amended, would eliminate VA's authority to guarantee loans to purchase a manufactured home and the lot on which it is sited.

(c) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

REINSTATEMENT OF VETERANS VOCATIONAL TRAINING PROGRAM FOR CERTAIN PENSION RECIPIENTS

Current Law

Section 1524 of title 38, United States Code, authorized a pilot program of vocational training to certain nonservice-connected pension recipients. The initial pilot program was in place from February 1, 1985, through January 31, 1992. Public Law 102-562 extended the program through December 31, 1995.

House Bill

Section 9 of H.R. 2297, as amended, would reinstate the VA pilot program for five years beginning on the date of enactment to provide vocational training to newly eligible VA nonservice-connected pension recipients. The program would be open to those veterans age 45 years or younger. The Department of Veterans Affairs would be required to ensure that the availability of vocational training is made known through various outreach methods. Not later than two years after the date of enactment, and each year thereafter, the Secretary would be required to submit to the Committees on Veterans' Affairs of the Senate and the House of Representatives a report on the operation of the pilot program. The report would include an evaluation of the vocational training provided, an analysis of the cost-effectiveness of the training provided, and data on the entered-employment rate of veterans participating in the program.

Senate Bill

The Senate Bill contains no comparable provision.

THREE-YEAR EXTENSION OF INCOME VERIFICATION AUTHORITY

Current Law

Section 5317 of title 38, United States Code, directs VA to notify applicants for needs-based VA benefits that information collected from the applicants may be compared with income-related information obtained by VA from the Internal Revenue Service and the Department of Health and Human Services. The authority of the Secretary of Veterans Affairs to obtain such information expires on September 30, 2008.

Section 6103(l)(7)(D)(viii) of the Internal Revenue Code authorizes the release of income information by the Internal Revenue Service to VA. This authority expires on September 30, 2008.

House Bill

The House Bill contains no comparable provision.

Senate Bill

Section 312 of S. 1132, as amended, would extend until September 30, 2011, the authority of the Secretary to obtain income information under section 5317 of title

(c) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

38, United States Code, and the authority of the Internal Revenue Service to share income information under section 6103(l)(7)(D)(viii) of the Internal Revenue Code.

Mr. BILIRAKIS.

Mr. Speaker, I rise in strong support of H.R. 2297, the Veterans' Benefits Act of 2003. This bill addresses an issue that I have been working on for a number of years. Dependency and Indemnity Compensation (DIC) is the benefit accorded to the surviving dependents of those members of the Armed Forces who died while on active duty or of a service-connected cause.

DIC is the only federal annuity program that does not allow a widow who is receiving compensation to remarry at an older age and retain her annuity. Earlier this year, I reintroduced legislation which provides that the remarriage of the surviving spouse of a veteran after age 55 shall not result in termination of Dependency and Indemnity Compensation.

I was pleased that my legislation was incorporated into H.R. 2297 when it passed the House in October. The bill that we are considering today, which was worked out with the Senate, slightly modifies my original provision to provide that a surviving spouse upon remarriage after age 57 would retain DIC, home loan and educational benefits eligibility. Surviving spouses who remarried after attaining age 57 prior to enactment of the Compromise Agreement would have one year to apply for reinstatement of these benefits.

I think it is a wonderful thing if an older person finds companionship, falls in love and decides to marry. I don't think we should be discouraging such marriages by making them financially burdensome. In these circumstances, it is often the case that both partners are living on fixed incomes. the prospect of one partner losing financial benefits as a result of the marriage is a real disincentive.

Once again, I would like to thank Chairman SMITH, Ranking Member EVANS, Benefits Subcommittee Chairman BROWN and Subcommittee Ranking Member MICHAUD for working with me to include a DIC remarriage provision in H.R. 2297.

I urge my colleagues to support the bill before us today.

Mr. SMITH of New Jersey.

Mr. Speaker, I yield back the balance of my time.

The SPEAKER pro tempore (Mr. Terry).

The question is on the motion offered by the gentleman from New Jersey (Mr. Smith) that the House suspend the rules and concur in the Senate amendment to the bill, H.R. 2297.

The question was taken; and (two-thirds having voted in favor thereof) the rules were suspended and the Senate amendment was concurred in.

(c) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A motion to reconsider was laid on the table.

149 Cong. Rec. H11705-01, 2003 WL 22760520 (Cong.Rec.)

END OF DOCUMENT

(c) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.