**No. 07-547C**
**Judge George W. Miller**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**PATRICIA R. SHARP,**
**MARGARET M. HAVERKAMP,**
**and IVA DEAN ROGERS,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

---

**Respectfully submitted,**


**PETER D. KEISLER**
**Assistant Attorney General**

**JEANNE E. DAVIDSON**
**Director**

**BRYANT G. SNEE**
**Deputy Director**

**DOUGLAS K. MICKLE**
**Trial Attorney**
**Commercial Litigation Branch**
**Civil Division**
**U.S. Department of Justice**
**Attn: Classification Unit, 8th Floor**
**1100 L Street, N.W.**
**Washington, D.C. 20530**
**Tel. (202) 307-0383**
**Fax (202) 353-7988**

**Counsel for Defendant**

**OF COUNSEL:**

**KELLY L. McGOVERN**
**Major, USA**
**Military Personnel Branch**
**Army Litigation Division**
**Arlington, VA**

**SCOTT LAFFERTY**
**Senior Associate Counsel**
**Office of General Counsel**
**Military and Civilian Pay Law Directorate**
**Defense Finance and Accounting Service**
**Cleveland, Ohio**


**November 13, 2007**

# TABLE OF CONTENTS


DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS . . . . . 1

STATEMENT OF THE CASE . . . . . 4

ARGUMENT . . . . . 6

I. The Language Used In 10 U.S.C. § 1450(c) And 38 U.S.C. § 1311(e) Is Clear; The 2003 Amendment Did Not Repeal Section 1450(c)'s Clear Mandate That SBP Payments Must Be Offset By Any DIC Payments Received . . . . . 6

II. There Is No Support For Plaintiffs' Conjecture That The 2003 Amendment Was An Incremental First Step Repeal Of 10 U.S.C. § 1450(c)'s Offset Provision . . . . . 11

III. Subsequent Legislative Efforts Support The Department of Defense's Understanding Of The Statutes . . . . . 14

IV. Plaintiffs' Interpretation Of The Statutes Leads To Disparate Treatment Between Groups Of Surviving Spouses . . . . . 17

CONCLUSION . . . . . 18

# TABLE OF AUTHORITIES

**CASES:** **PAGES:**

Ambassador Div. of Florsheim Shoe Co. v. United States,
748 F.2d 1560 (Fed. Cir. 1984) . . . . . . . . . . 7

Bob Jones Univ. v. United States,
461 U.S. 574 (1983) . . . . . . . . . . 15

Chemical Manufacturers Assn. v. Natural Resources Defense Council, Inc.,
470 U.S. 116 (1985) . . . . . . . . . . 10

Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,
467 U.S. 837 (1984) . . . . . . . . . . 10

Chrysler Corp. v. Brown,
441 U.S. 281 (1979) . . . . . . . . . . 11

D. Ginsberg & Sons v. Popkin,
285 U.S. 204 (1932) . . . . . . . . . . 6

Groff v. United States,
493 F.3d 1343 (Fed. Cir. 2007) . . . . . . . . . . 11

Morton v. Mancari,
417 U.S. 535 (1974) . . . . . . . . . . 7, 9, 10

San Huan New Materials High Tech Inc. v International Trade Commission,
161 F3d 1347 (Fed. Cir. 1998) . . . . . . . . . . 15

Schism v. United States,
316 F.3d 1259 (Fed. Cir. 2002) . . . . . . . . . . 15, 18

Train, Inc. v. NRDC,
421 U.S. 60 (1975) . . . . . . . . . . 10

United States v. Borden Co.,
308 U.S. 188 (1939) . . . . . . . . . . 10

United States v. Riverside Bayview Homes, Inc.,
474 U.S. 121 (1985) . . . . . . . . . . 15

Young v. Community Nutrition Institute,
476 U.S. 974 (1986) . . . . . . . . . . 10

Zuber v. Allen,
396 U.S. 168 (1969) . . . . . . . . . . 11

**STATUTES**

5 U.S.C. § 8116 . . . . . . . . . . 8

10 U.S.C. § 1413a . . . . . . . . . . 13

10 U.S.C. § 1414 . . . . . . . . . . 13

10 U.S.C. § 1447(a) . . . . . . . . . . 2

10 U.S.C. § 1448(a)(1)(2) . . . . . . . . . . 2

10 U.S.C. § 1448(d)(1)(A) . . . . . . . . . . 2

10 U.S.C. § 1448 . . . . . . . . . . 1

10 U.S.C. § 1450 . . . . . . . . . . 1, 11

10 U.S.C. § 1450(c) . . . . . . . . . . passim

10 U.S.C. § 1450(e) . . . . . . . . . . 11

10 U.S.C. § 1450(k) . . . . . . . . . . 11

38 U.S.C. § 101(2) . . . . . . . . . . 2, 6

38 U.S.C. § 101(3) . . . . . . . . . . 8

38 U.S.C. § 1311 . . . . . . . . . . passim

38 U.S.C. § 1311(e) . . . . . . . . . . passim

38 U.S.C. § 5304 . . . . . . . . . . 14

38 U.S.C. § 5305 . . . . . . . . . . 14

42 U.S.C. § 2210 . . . . . . . . . . 8

**REGULATIONS**

38 C.F.R. § 3.708 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

38 C.F.R. § 3.715(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# INDEX TO DEFENDANT'S REPLY BRIEF'S APPENDIX


**Document** **Page**

The Congressional Budget Office Cost Estimate, H.R. 2297,
Veterans Benefits Act of 2003 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

H.R. 1589, 110th Cong. (March 20, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

S. 935, 110th Cong. (March 20, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Office Of Management And Budget, Statement Of Administration Policy,
June 14, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

David F. Burrelli, *Congressional Research Service Report for Congress,*
*The Military Survivor Benefit Plan: A Description of Its Provisions,*
(Jan. 25, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Charles A. Henning, *Congressional Research Service Report for Congress,*
*The FY2007 National Defense Authorization Act: Selected Military*
*Personnel Policy Issues*, (Jul. 21, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

H.R. 808, 109th Cong. (February 15, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

S. 185, 109th Cong. (January 26, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

Congressional Record Extract,
149 Cong. Rec. H11705, Veterans Benefit Act of 2003,
House Proceedings and Debate, November 20, 2003 . . . . . . . . . . . . . . . . . . . . . . . . . . 75

Congressional Record Extract,
S3371, March 20, 2007
Statements on Introduced Bills and Joint Resolutions, S. 935 . . . . . . . . . . . . . . . . . . . . 86

National Defense Authorization Act For Fiscal Year 2008 (House),
Report 110-146, H.R. 1585, May 11, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 88

Congressional Record Extract,
149 Cong. Rec. H11705, Veterans Benefit Act of 2003,
House Proceedings and Debate, November 20, 2003 . . . . . . . . . . . . . . . . . . . . . . . . . . 97

House Armed Services Committee Release,
May 9, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 99

Office Of Management And Budget, Statement Of Administration Policy,
May 16, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 102

Congressional Record Extract,
S12261, September 27, 2007
Senate Amendment 2000, proposed to Amendment SA 2011 . . . . . . . . . . . . . . . . . . . . . 86

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **PATRICIA R. SHARP,**<br>**MARGARET M. HAVERKAMP,**<br>**and IVA DEAN ROGERS,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **No. 07-547C**<br>**(Judge George W. Miller)** |

**DEFENDANT'S REPLY TO PLAINTIFFS'**
**RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 7.2 (a) and (c) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully submits this reply to plaintiffs' response to defendant's motion to dismiss. For the reasons demonstrated below, and in our opening brief, plaintiffs' arguments should be rejected, and their complaint should be dismissed.

In our moving brief, we explained that plaintiffs' complaint misreads a section in the Veterans Benefits Act of 2003, Pub. L. No. 108-183, § 101, 117 Stat. 2652 (2003 amendment), which amended the statutory scheme that governs dependency and indemnity compensation (DIC) payments. We demonstrated that plaintiffs' complaint fails because it wrongfully conflates the scope of the term "surviving spouse of a veteran" in 38 U.S.C. § 1311 regarding DIC eligibility, and that of a surviving spouse of a retiree, as used in 10 U.S.C. §§ 1448, 1450, the statutes governing eligibility and benefits established pursuant to the Survivor Benefit Plan (SBP). Plaintiffs' disregard for the plain language differences in these two statutes is fatal to their claim. We also showed that plaintiffs' reading of the 2003 amendment is without merit because it would effectively revoke a specific section in another statute, which is an impermissible repeal by implication.

We then explained that, even if the statutes at issue were ambiguous, plaintiffs' complaint fails because it ignores contemporaneous comments by the Congressional Budget Office (CBO) that the cost impact of the 2003 amendment will be tempered by the specific offset provision set forth in the SBP statutory scheme in title 10.[1] We demonstrated further support for the Department of Defense's (DoD) offset practice by noting that Congress, while fully aware of the Executive branch's understanding of the inter-play between 38 U.S.C. § 1311(e) and 10 U.S.C. § 1450(c), has been unsuccessful in its several attempts since 2003 to repeal the DIC offset of SBP. Finally, we showed that plaintiffs' reading of the two statutory schemes at issue here, 38 U.S.C. § 1311(e) and 10 U.S.C. § 1450(c), would effectively cause the disparate treatment of surviving spouses, which Congress and the Executive have not endorsed, nor should the Court.

In their response, plaintiffs argue that DoD's reading of the statute is not supported by the plain text of the statute. In doing so, plaintiffs misstate our position by asserting that our argument is based upon our belief that the term "veteran" in 38 U.S.C. § 1311(e) is imprecise. Pl. Resp. p. 10-11. To the contrary, as we showed in our opening brief, and further demonstrate below, the term "veteran" in title 38 is defined by, and limited to, its application to title 38. See 38 U.S.C. § 101(2). Eligibility for participation in the SBP program is precisely defined in title 10, not title 38. See 10 U.S.C. §§ 1447(a), 1448(a)(1)(2), 1448(d)(1)(A). Accordingly, our position is constant and clear: by applying a "plain-text" reading to these two distinct statutes, our understanding gives effect to the terms in both statutes, avoids repeal of 10 U.S.C. § 1450(c) by implication, and thus, clearly demonstrates why SBP benefits that flow to the surviving

---

[1] The CBO's acknowledgment of the continued impact of DIC payments upon a surviving spouse's SBP entitlement belies plaintiffs' assertion that they are entitled to both benefits without offset.

spouse of a military retiree must still be offset by the DIC he or she receives. There is simply no language in the 2003 amendment, or in any of the follow-on legislative attempts to repeal the SBP offset, that support plaintiffs' understanding that these two distinct terms have the same meaning and are interchangeable.

Plaintiffs also are wrong when they argue that the legislative history from a prior failed attempt to restore DIC to certain surviving spouses of veterans supports their understanding of the 2003 amendment. Pl. Resp. pp. 14-15. The selective comments plaintiffs cite for support were made by only a few selected legislators and do not overcome the incontrovertible fact that in every year since the amendment went into effect in 2003, Congress has failed in its repeated attempts to have the SBP offset stopped. Moreover, plaintiffs' new theory, that the 2003 amendment was merely an incremental step by Congress to repeal the SBP offset, has no support in any legislative initiative, and thus, lacks merit. Indeed, nowhere in the 2003 amendment's legislative process, or in any of the subsequent failed legislative initiatives to repeal the offset, are the words "partial repeal" or "incremental offset" found. Arguing that the 2003 amendment is an incremental step is simply plaintiffs' creative attempt to invent a legislative purpose to diffuse the devastating impact these subsequent legislative initiatives have upon their position. Finally, plaintiffs' response misstates the impact that the CBO's December 8, 2003 report to Congress has upon the enactment of the 2003 amendment. Pl. Resp. pp. 13-14. Plaintiffs argue that Congress was reacting to the CBO's cost-estimate when it passed the 2003 amendment. However, a review of the dates of the CBO's report, issued on December 8, 2003, shows that it was issued nearly three weeks after the legislation was cleared by Congress on November 20, 2003.

## STATEMENT OF THE CASE

We reassert our statement of the case as set forth in our opening motion. However, as we explained in our opening motion, because the success of plaintiffs' complaint depends upon statutory interpretation of the laws establishing the DIC and SBP entitlements, we will provide a brief update of the most recent attempt by Congress to have the SBP offset repealed.[2]

In our opening motion, we explained that in 2007, Congressman Henry Brown introduced a resolution on March 20, 2007 to repeal the offset.[3] Simultaneously, Senator Bill Nelson introduced a companion bill in the Senate in an effort to stop the DIC offset.[4] We further noted that both the House and Senate versions had been referred to committee.[5]

Noteworthy is that when Senator Nelson introduced his bill, he stated,

> For over five years, I've been talking about the unfair and painful offset between SBP and the Department of Veterans Affairs' Dependency and Indemnity Compensation, or DIC, which is

---

[2] Plaintiffs' response notes that it agrees with our opening statement of the case except in two instances, which as we demonstrated in our opening brief, and below, are without merit. Furthermore, contrary to the 2003 amendment to title 38, which plaintiffs interpret as an implied repeal of 10 U.S.C. § 1450(c), both of the pending proposals would impact the DIC offset of SBP through an explicit amendment to section 1450 of title 10.

[3] See Military Surviving Spouses Equity Act, H.R. 1589, 110th Cong. (Mar. 20, 2007), a copy of this bill is located in defendant's appendix (DA) attached to this reply brief at DA 19-21. Defendant's appendix contains documents referred to in this motion. Many of these documents were contained in Defendant's Appendix that was previously filed with this Court in conjunction with the Government's opening motion. We have resubmitted these documents here for ease of referencing. To avoid potential confusion, the Government has not renumbered these previously filed documents. Documents that are submitted to the Court for the first time with this brief are numbered beginning at DA 86.

[4] See S. 935, 110th Cong. (Mar. 20, 2007), at DA 22.

[5] H.R. 1589 was referred to the subcommittee on Military Personnel on April 3, 2007. DA 21A. The Senate referred S.935 to the Committee on Armed Services the same day it was introduced, on March 20, 2007. DA 24A.

> received by the surviving spouse of an active duty or retired military member who dies from a service-connected cause. Under current law, even if the surviving spouse of such a service member is eligible for SBP, that purchased annuity is reduced by the amount of DIC received. Another inequity in the current system is the delayed effective date for ‘‘paid-up status’’ under SBP. We should act to correct these injustices this year.
>
> We have made progress, but even with the important changes made over the last few years, the offset still fails to take care of our military widows and surviving children the way it should. We have considered and adopted increased death gratuity benefits for the survivors of our troops lost in this war, and we have changed the law to enable these survivors to automatically enroll in SBP. However, now we see the pain caused when at the same moment a widow is enrolled in SBP she is hit with the DIC offset.

DA 87; Congressional Record, March 20, 2007, S3372.

Senator Nelson’s bill has been incorporated in the Senate version of the National Defense Authorization Act for 2008 (NDAA 2008) in section 656. DA 108-109, Congressional Record, September 27, 2007, S12261, 12267 (Senator Nelson’s bill, Senate Amendment 2000, was proposed by Senator Levin for Senator Nelson to Amendment SA 2011, and was approved by unanimous consent).

The House of Representative’s version of the NDAA 2008 does not contain the repeal of the SBP offset. Instead, the House version contains a special survivor indemnity allowance (Section 644), that entitles a SBP recipient, who is also entitled to DIC and subject to the offset in 10 U.S.C. 1450(c), to separately receive a monthly $40 allowance to make up for a portion of the DIC offset. <u>See</u> DA 93; 110 H.Rpt. 146, May 11, 2007, Section 644, p. 342. The two versions of the NDAA 2008 are currently in a conference committee pending a resolution of their differences.

## ARGUMENT

**I. The Language Used In 10 U.S.C. § 1450(c) And 38 U.S.C. § 1311(e) Is Clear; The 2003 Amendment Did Not Repeal Section 1450(c)'s Clear Mandate That SBP Payments Must Be Offset By Any DIC Payments Received**

In their response, plaintiffs continue to wrongly maintain that the plain language of section 1311(e) requires that surviving spouses who marry after age 57 should not have their SBP benefits reduced by any DIC payments that the 2003 amendment restored. Plaintiffs' Response (Pl. Resp.) pp. 8-11. However, contrary to plaintiffs' contention, Pl. Resp. 2-3, the term "veteran" is not imprecise. It has been specifically defined and limited in title 38, and does not include the separate and distinct class of beneficiaries who are surviving spouses receiving SBP. As we showed in our opening brief, the term "veteran" as used by Congress in title 38 is exclusionary, because a "veteran" is not a "retiree" as used in title 10, but is a statutorily-defined term specific to persons covered by the programs and benefits provided in title 38. See 38 U.S.C. § 101(2). Accordingly, by using the language "surviving spouse of a veteran," to qualify what benefits would not be subject to reduction, Congress has explicitly limited section 1311(e)'s application to those benefits payable pursuant to title 38. Indeed, plaintiffs' response demonstrates this point for us in the last paragraph of section II.A.2. of their response on page 11, as they rightfully acknowledge that these terms are different and refer to two different classes of beneficiaries.[6]

---

[6] Furthermore, the general language in 38 U.S.C. § 1311(e), "surviving spouse of a veteran," "although broad enough to include [the term 'retiree'], will not be held to apply to a matter specifically dealt with in another part of the same enactment," and certainly should not control where the other statute contains a specifically defined term as seen in the SBP provisions of title 10. See D. Ginsberg & Sons v. Popkin, 285 U.S. 204, 208 (1932) (citations omitted).

Moreover, the limited application of section 1311(e) is explicitly mandated by section 2 of the 2003 amendment, which reads,

> Except as otherwise expressly provided, whenever in this Act an amendment or repeal is expressed in terms of an amendment to, or repeal of, a section or other provision, the reference shall be considered to be made to a section or other provision of title 38, United States Code.

DA 95; Public Law 108-183, 117 Stat. 2651, 2652, Section 2. Thus, by its own words, the 2003 amendment only changes or amends sections set forth in title 38, not provisions within title 10.[7]

Plaintiffs' response also fails to consider that their reading of the 2003 amendment effectively repeals the plain language of the offset provision in 10 U.S.C. § 1450(c), and thus, ignores the well-settled tenant of statutory construction that this Court should presume that Congress intends for closely related statutes – such as we have here in the SBP and DIC statutes – to "work harmoniously together, and for neither to frustrate the other, or partially repeal it . . . ." Ambassador Div. of Florsheim Shoe Co. v. United States, 748 F.2d 1560, 1565 (Fed. Cir. 1984); see also Morton v. Mancari, 417 U.S. 535, 550-551 (1974) (holding that there is a general obligation of courts to interpret two statutes by making both effective).

Furthermore, throughout their response, plaintiffs misconstrue the interface between SBP and DIC in the context of the phrase "no reduction in benefits under such other provision of law." In doing so, plaintiffs ignore the true primary impact of section 101(a) in the 2003

---

[7] As we show in the next paragraph, this provision also makes clear that plaintiffs' reading of section 1311(e), which would repeal by implication 10 U.S.C. § 1450(c), lacks merit.

amendment, which is: remarriage after age 57 no longer bars a surviving spouse from **continuing** to receive DIC already being paid.[8]

Finally, it is without merit for the plaintiffs' to argue that DoD's interpretation should be rejected because it does not identify any benefit that would be offset or reduced by the receipt of DIC, and therefore, by implication SBP must be the benefit that Congress intended 38 U.S.C. § 1311(e) to impact. See Pl. Resp. pp. 9-10. Even assuming that DoD has the burden to demonstrate what Congress "was intending to do" when enacting certain sections of the **Veterans** Benefit Act of 2003, it is beyond dispute that there are other benefits that potentially could be affected by the restoration of DIC benefits. See 5 U.S.C. § 8116, 38 C.F.R. § 3.708 (explaining how certain compensation pursuant to the Federal Employees' Compensation Act (FECA) is impacted by the receipt of DIC); 42 U.S.C. § 2210, 38 C.F.R. § 3.715(c) (showing that a payment pursuant to the Radiation Exposure Compensation Act of 1990 must be offset from any DIC payable). The Court should not imply such a result in this case.

The legislative history to the 2003 amendment also shows that the provision that allowed a surviving spouse to continue to receive DIC payments was a result of a compromise between the House and the Senate. As the Congressional Record notes, the House bill stated:

> Section 6 of H.R. 2297, as amended, would allow a surviving spouse who remarries after attaining age 55 to retain the DIC benefit. Spouses who remarry at age 55 or older prior to enactment of the bill would have one year from the date of enactment to apply for reinstatement of DIC benefits. The amount of DIC would be paid with no reduction of certain other Federal benefits to which the surviving spouse might be entitled.

---

[8] Indeed, the term "surviving spouse," as used in title 38, is defined in pertinent part as, "a person of the opposite sex who was the spouse of a veteran at the time of the veteran's death . . . and **who has not remarried** . . ." 38 U.S.C. § 101(3)(emphasis added).

DA 98, 149 Cong. Rec. H11705-01, H11716.

However, the Senate Bill contained no comparable provision. Accordingly, a compromise agreement was developed, and that was published in the Congressional Record, stating:

> Section 101 of the Compromise Agreement would provide that a surviving spouse upon remarriage after attaining age 57 would retain DIC, home loan, and educational benefits eligibility. Surviving spouses who remarried after attaining age 57 prior to enactment of the Compromise Agreement would have one year to apply for reinstatement of these benefits.

Id. Clearly, the compromise agreement did not contain the concept introduced in the House, that the "amount of DIC would be paid with no reduction of certain other Federal benefits to which the surviving spouse might be entitled."[9] Moreover, given section 2 of the 2003 amendment's clear limitation that any repeal or amendment in the 2003 amendment is limited to title 38 unless otherwise expressly provided for, the failure of the compromise agreement to include the repeal of the SBP offset in title 10 provides additional support for DoD's position.

The Supreme Court's guidance in Morton v. Mancari is applicable in this instance,

---

[9] In regards to the compromise, Congressman Brown noted that,

> Section 101 of the bill is long overdue. After years of trying to find the offsets, we are finally able to bring equity to those surviving spouses who lose their Dependency and Indemnity Compensation upon remarrying later in life. Section 101 would allow a surviving spouse who remarries after age 57 to retain DIC, as well as home loan and educational benefits.

DA 81; 149 Cong. Rec. H11705-01, H11714. The only offsets mentioned in any legislative document that references this provision of the 2003 amendment, is the offset to SBP, which would provide savings to the Military Retirement Fund to compensate for the increased cost to the DVA with the expansion of those now eligible for DIC. See DA 16-17, CBO Report.

> The courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective. 'When there are two acts upon the same subject, the rule is to give effect to both if possible . . .. The intention of the legislature to repeal 'must be clear and manifest.'

Morton, 417 U.S. at 551, citing United States v. Borden Co., 308 U.S. 188 (1939). As we demonstrated above, and in our opening brief, because DoD's interpretation of the interplay between 38 U.S.C. § 1311(e) and 10 U.S.C. § 1450(c) shows the two statutes are "capable of co-existence," and given that there is absolutely no clear indication that 10 U.S.C. § 1450(c) was repealed by the 2003 amendment, the Court should not "conclude that Congress consciously abandoned its policy" of offsetting SBP by any DIC payment received.[10] Accordingly, plaintiffs' complaint should be dismissed.

---

[10] However, if the Court determines that Congress has not directly addressed the precise question at issue, i.e., what affect 38 U.S.C. § 1311(e) has upon 10 U.S.C. § 1450(c), DoD's interpretation of the interplay between these two distinct statutes is entitled to deference. It is well-settled that,

> if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute . . .. [A] court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency.

Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-844 (1984).

As shown above and in our opening brief, there are numerous reasons that support DoD's interpretation of 38 U.S.C. § 1311(e), and how it impacts the specific SBP offsets, which are clearly reasonable. This is another reason that absent a specific legislative revocation of the provision in 10 U.S.C. § 1450(c), DoD's practice should not be disturbed. DoD's understanding of this "very 'complex statute' is a sufficiently rational one to preclude a court from substituting its judgment for that of [DoD]." Young v. Community Nutrition Institute, 476 U.S. 974, 981 (1986) quoting, Train, Inc. v. NRDC, 421 U.S. 60, 75 (1975) and Chemical Manufacturers Assn. v. Natural Resources Defense Council, Inc., 470 U.S. 116, 125 (1985).

## II. There Is No Support For Plaintiffs' Conjecture That The 2003 Amendment Was An Incremental First Step Repeal Of 10 U.S.C. § 1450(c)'s Offset Provision

Plaintiffs' argument that the Veteran's Benefit Act of 2003 was simply a first step towards the goal of total repeal of the DIC offset is merely conjecture upon their part and has no support in the 2003 amendment, its legislative history, or as we show in section III below, in any subsequent legislative attempts to repeal the SBP offset . See Pl. Resp. pp. 3-4, 16-18. The explicit terms of section 103(d)(2)(B) provide that remarriage of a surviving spouse after age 57 will not bar the payment of benefits under certain specific chapters and sections of title 38, one of which is section 1311. Therefore, section 103(d)(2)(B) authorizes the surviving spouse already entitled to DIC to continue to receive that benefit, since absent this provision remarriage at any age would terminate the DIC entitlement. It does nothing more than allow someone to continue to receive the DIC benefit that they otherwise would lose. The tax-free DIC benefit is the sole remedy being provided here, not the secondary indirect impact of restoring a SBP entitlement to a surviving spouse who happens also to be entitled to SBP under a completely different statute and title. The unofficial claims of the 2003 amendment's co-sponsor in a subsequent news article to the contrary are not persuasive.[11]

As explained above, when Congress has intended to impact the receipt of an SBP annuity as the result of entitlement to a separate benefit under another provision of law, they have explicitly provided for that impact and identified the benefit by name and code section. See, 10

[11] As the Federal Circuit has cautioned, "[t]he remarks of a single legislator, even the sponsor, are not controlling in analyzing legislative history." Groff v. United States, 493 F.3d 1343, 1354 (Fed. Cir. 2007) (quoting Chrysler Corp. v. Brown, 441 U.S. 281, 311 (1979)). Similarly, opinions stated in a newspaper article should not be persuasive, given that these opinions are not even part of House floor debates, which "reflect at best the understanding of individual Congressman," and are not persuasive. See Zuber v. Allen, 396 U.S. 168, 186 (1969).

U.S.C. §§ 1450(c),(e),(k) (noting DIC and 38 U.S.C. § 1311). Having explicitly provided clear language regarding the impact of entitlement to DIC upon the receipt of SBP in 10 U.S.C. § 1450, it is unreasonable for plaintiffs to read into the general language of section 1311(e) an implied partial repeal of § 1450(c), a statute that does not even reside in title 38. There is simply no support pursuant to any doctrine of statutory construction that supports plaintiffs' understanding of the impact upon other statutes in a completely different title of the United States Code. In other words, contrary to plaintiffs' position, Congress does not act to surreptitiously change an entitlement and offset requirement specifically described in section 1450, by using broad, general language in title 38 that was enacted to entitle a surviving spouse who remarries after age 57 to continue to receive the 38 U.S.C. 1311 entitlement the surviving spouse otherwise would lose.

Furthermore, plaintiffs are wrong when they assert that Congress added the final version of the 2003 amendment after reading the December 8, 2003 CBO report which discusses the continuing impact of the DIC offset from SBP. The final CBO report was published December 8, 2003, about 18 days after Congress cleared the 2003 amendment. Additionally, plaintiffs ignore not only the statements under the heading "Retirement Benefits," which clearly note the SBP offset is still in effect,[12] but the statement at the very bottom of the final CBO report, which

---

[12] This point was fully briefed in our opening motion at pages 13-15, and will not be restated here. Plaintiffs' response does not take exception to our reading of the report. Plaintiffs merely argue that this clear demonstration that SBP offsets remained in effect should not be considered because the report was issued **before** Congress passed the 2003 amendment. As we demonstrated above, this is not the case, and the report's language that the SBP offsets continue is unassailable.

notes all the prior versions of the law that the estimate addressed and that the CBO's report takes those changes into account.[13]

Finally, plaintiffs' argument that the legislative situation here is analogous to recent laws passed to permit a retiree to receive both VA disability compensation and either combat-related special compensation (CRSC) under 10 U.S.C. § 1413a, or concurrent retired and disability payments (CRDP) under 10 U.S.C. § 1414, is misplaced. Pl. Resp. pp. 11-12. When crafting the CRSC and CRDP legislation, Congress did choose a particular sub-group of military retirees to be entitled to concurrent receipt. However, the important distinction that plaintiffs fail to make is that when Congress carved out this exception to authorize certain retirees to concurrently receive retired pay and VA disability compensation, Congress explicitly referenced the exception in 10 U.S.C. § 1413a and 10 U.S.C. § 1414. In the present case, there is no specific exception noted in title 10. Indeed, section 1450(c) expressly provides to the contrary regarding DIC. Thus, consistent with the legislative practice seen in 10 U.S.C. §§ 1413a and 1414, without an

---

[13] As is specifically noted in the December 8, 2003 CBO report:

> Most provisions in H.R. 2297, as cleared by the Congress, are similar or identical to provisions in the above bills and have similar or identical estimated costs. However, the cleared version of H.R. 2297 provides that DIC shall not be terminated upon the remarriage of the surviving spouse of a deceased veteran after age 57 – instead of age 55, as proposed in both H.R. 36 and H.R. 2297 as ordered reported by the House Committee in Veterans' Affairs. In addition, this later version of H.R. 2297 reflects changes to fees charged for home loans that are slightly different from the fee changes in the earlier versions of H.R. 2297 and in S. 1132, as ordered reported by the Senate Committee on Veterans' Affairs. Finally, H.R. 2297, as cleared by the Congress, includes a new provision for resale losses. **All of these differences are reflected in the respective cost estimates**. (emphasis added).

DA 18.

explicit provision in title 10 that accomplishes such a change, the DIC offset from SBP must be continued.[14]

**III. Subsequent Legislative Efforts Support The Department of Defense's Understanding Of The Statutes**

As we explained in our opening brief, in addition to the differences in the plain language of the two statutes, subsequent legislative efforts further support DoD's understanding of the statutes' inter-play. See Def. MTD pp. 15-16.

Plaintiffs' response does not refute the numerous failed attempts to legislate away the SBP offsets. Instead, as we discussed in section II above, plaintiffs raise for the first time the argument that these attempts are merely Congress' attempts to move past the first-step repeal of the SBP offset of the 2003 amendment, and achieve a complete repeal of the offset. Pl. Resp. pp. 16-18. As we explained above, this position has no support in the 2003 amendment. As we demonstrate below, subsequent legislative initiatives clearly demonstrate that plaintiffs' argument here is without merit.

First, plaintiffs have completely failed to point to any legislative comments or history that supports their claim that Congress' plan has been to incrementally change the offset provision in title 10. Indeed, if plaintiffs' reading that the 2003 amendment was a "first-step" by Congress to effectuate a full repeal of the SBP offset is in fact accurate, why is there no mention by any member of Congress when discussing this legislation that its purpose is to finish what was

[14] Specific language also is needed to avoid the "double-dipping" prohibition set forth in 38 U.S.C. §§ 5304 and 5305, which prevents a retiree from receiving both military retired pay and VA disability compensation. These two statutes are specifically referred to in 10 U.S.C. §§ 1413a and 1414.

started in 2003? "That question answers itself." See Schism v. United States, 316 F.3d 1259, 1300 (Fed. Cir. 2002)(en banc).

Similarly, there was no mention of any incremental repeal process when in 2005, bills introduced in the House and Senate attempting to repeal the offset never became law.[15] Furthermore, the fact that Congress failed in 2005 to reject DoD's interpretation of the 2003 amendment and repeal the SBP offset provision shows why deference to DoD's interpretation of 10 U.S.C. § 1450(c) and 38 U.S.C. § 1311(e) is particularly appropriate here. When "an agency's statutory construction has been 'fully brought to the attention of the public and the Congress,' and the latter has not sought to alter that interpretation although it has amended the statute in other respects, then presumably the legislative intent has been correctly discerned." Bob Jones Univ. v. United States, 461 U.S. 574, 600- 01 (1983) (holding Congress acquiesced to the IRS's interpretation of § 503(c)(3) through its repeated failure to act on bills to overturn the agency's rulings); United States v. Riverside Bayview Homes, Inc., 474 U.S. 121, 137 (1985) ("[A] refusal by congress to overrule an agency's construction of legislation is at least some evidence of the reasonableness of that construction, particularly where the administrative construction has been brought to Congress' attention through legislation specifically designed to supplant it."); San Huan New Materials High Tech Inc. v International Trade Commission, 161 F3d 1347, 1355 (Fed. Cir. 1998) ("The legislative history shows that Congress was fully aware of the agency regulations and practices at the time of legislating in their area, and absent some

---

[15] See Military Surviving Spouses Equity Act, H.R. 808, 109th Cong. (Feb. 15, 2005) at DA 71-72; and, Military Surviving Spouses Equity Act of 2005, S.185, 109th Cong. (Jan. 26, 2005) at DA 73-75.

special circumstance the failure to change or refer to existing practices is reasonably viewed as ratification thereof.”).

Furthermore, the Senate version of the current National Defense Authorization Act for 2008 contains a specific repeal of the SBP offset provision in title 10. Again, the question is, why does a specific bill to repeal the SBP offset fail to mention anywhere that there already has been a partial repeal of the SBP? The answer is clear – Congress believes that the SBP offset of DIC payments is still the law for all SBP recipients. To that end, Senator Nelson, the primary sponsor of this section in the Senate bill, noted when he introduced the provision that,

> For over five years, I’ve been talking about the unfair and painful offset between SBP and the Department of Veterans Affairs’ Dependency and Indemnity Compensation, or DIC, which is received by the surviving spouse of an active duty or retired military member who dies from a service-connected cause. Under current law, even if the surviving spouse of such a service member is eligible for SBP, that purchased annuity is reduced by the amount of DIC received. Another inequity in the current system is the delayed effective date for ‘‘paid-up status’’ under SBP. We should act to correct these injustices this year.

DA 87. Nowhere does Senator Nelson mention that the offset has already been repealed for a small group of SBP recipients. Moreover, when Senator Nelson discusses progress that has been made when it comes to restoration of benefits, he does not mention any partial repeal of the offset provision in title 10. Instead, he cites the following as successful initiatives,

> We have considered and adopted increased death gratuity benefits for the survivors of our troops lost in this war, and we have changed the law to enable these survivors to automatically enroll in SBP. However, now we see the pain caused when at the same moment a widow is enrolled in SBP she is hit with the DIC offset.

DA 87. Again this statement begs the question, if the offset has been partially repealed for some recipients of DIC, why is this fact not mentioned?

In addition, the House version of the NDAA for fiscal year 2008 contains a special survivor indemnity allowance (Section 644), which entitles a SBP recipient, who is also entitled to DIC and subject to the offset in 10 U.S.C. § 1450(c), to separately receive a monthly $40 allowance to make up for a portion of the DIC offset. See DA 93. If there was an alleged partial repeal already in place, why is this not mentioned in the House legislation?[16] The answer is evident. The DIC offset requirement mandated in 10 U.S.C. § 1450(c) remains in full effect.

## IV. Plaintiffs' Interpretation Of The Statutes Leads To Disparate Treatment Between Groups Of Surviving Spouses

As we demonstrated in our opening brief and above, plaintiffs misread 38 U.S.C. 1311(e) by their apparent limiting of the coordination of benefits provision only to the phrase "under any other provision of law," effectively ignoring the plain language in the rest of the statute, which reads, "under another provision of law by reason of such individual's status as the surviving spouse of a veteran." In addition to the reasons set forth above, and as we explained in our opening brief, this misreading should not be endorsed by the Court because it would lead to the untenable result of disparate treatment among surviving spouses of military retirees. In sum, plaintiffs' argument is that Congress passed the 2003 amendment knowing that it would treat surviving spouses inequitably, and that a surviving spouse of a military retiree could not simply maintain, but actually increase his/her retirement benefits by remarrying after age 57. Nowhere

---

[16] Indeed, Congressman Skelton's statement indicates that the House version of the 2008 NDAA is when Congress "begin[s] to address the offset to the survivor benefit plan and the dependent's indemnity plan." DA 100, House Armed Services Committee release, May 9, 2007. Likewise, the Statement of Administration Policy to the House version of the NDAA 2008, refers to section 644 as a "**first step** toward eliminating the offset between SBP and DIC." DA 103, Office Of Management And Budget, Statement Of Administration Policy, May 16, 2007, p. 2. These statements further contravene plaintiffs' theory that the 2003 amendment was a mere incremental repeal of the SBP offset.

is that intent expressed by any member of Congress, and the Court should not read such an intent here.[17]

**CONCLUSION**

For the reasons set forth above, and in our opening motion, we respectfully request that the Court grant our motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,
PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Bryant G. Snee
BRYANT G. SNEE
Deputy Director

[17] On this point, guidance set forth in Schism v. United States, a case that presented somewhat similar claims to the ones presented here is instructive, in that, while plaintiffs' cause is sympathetic, relief must be left to the Legislative branch to decide. See, Schism, 316 F.3d at 1300.

/s Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tele: (202) 307-0383
Fax: (202) 353-7988

OF COUNSEL:

KELLY L. McGOVERN
Major, USA
Military Personnel Branch
Army Litigation Division
Arlington, VA

SCOTT LAFFERTY
Senior Associate Counsel
Office of General Counsel
Military and Civilian Pay Law Directorate
Defense Finance and Accounting Service
Cleveland, Ohio

November 13, 2007

Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on November 13th, 2007, a copy of the foregoing "**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**" with its accompanying appendix was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas K. Mickle
Douglas K. Mickle