# CONGRESSIONAL BUDGET OFFICE
# COST ESTIMATE

December 8, 2003

## H.R. 2297
### Veterans Benefits Act of 2003

*As cleared by the Congress on November 20, 2003*

## SUMMARY

H.R. 2297, the Veterans Benefits Act of 2003, contains provisions that would affect several veterans programs, including housing, education, compensation, pensions, and burial. CBO estimates this legislation would reduce direct spending for veterans programs by $77 million in 2004, $1 million over the 2004-2008 period, and about $6 million over the 2004-2013 period. The act would not affect revenues.

## ESTIMATED COST TO THE FEDERAL GOVERNMENT

CBO's estimate of the budgetary effects of provisions that would affect direct spending is shown in Table 1. The effects on direct spending fall under budget functions 050 (national defense), 600 (income security), and 700 (veterans benefits and services). This estimate incorporates the effects of H.R. 1683, the Veterans' Compensation Cost-of-Living Adjustment Act of 2003, as cleared by the Congress on November 21, 2003.

TABLE 1. SUMMARY OF H.R. 2297'S EFFECTS ON DIRECT SPENDING

| | By Fiscal Year, in Millions of Dollars | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | 2004 | 2005 | 2006 | 2007 | 2008 | 2009 | 2010 | 2011 | 2012 | 2013 |
| Changes in outlays[a] | -77 | 6 | 21 | 30 | 19 | 25 | 16 | 14 | -27 | -36 |

a. The 10-year costs in the text differ slightly from the sum of the annual costs listed here because of rounding.

service, CBO expects that less than half of these students would be eligible for veterans' education benefits.

Taken together, CBO expects that, under section 305, the SBDCs and The Veterans Corporation would train about 5,000 veterans, survivors and dependents a year who are eligible for education benefits from the VA. We estimate the annual cost for this training would be about $1 million.

**Other Provisions Affecting Spending for Readjustment Benefits.** The following provisions would have an insignificant budgetary impact on direct spending for readjustment benefits:

- Section 303 would extend the period of eligibility for survivors and dependents education benefits for those members of the National Guard who are involuntarily ordered to full-time National Guard duty under section 502(f) of title 32 of the U.S. Code. This expanded eligibility would be retroactive to September 11, 2001.

- Section 306 would repeal the Education Loan Program and forgive any remaining debts owed to the fund.

- Section 401 would allow severely disabled members of the armed forces to receive specially adapted housing grants from VA while still on active duty.

### Compensation, Pensions, and Burial Benefits

Several sections of the act would affect spending for veterans' disability compensation, pensions, and burial benefits (see Table 4). Together, those provisions would increase spending by $23 million in 2004, $187 million over the 2004-2008 period, and $373 million over the 2004-2013 period, CBO estimates.

**Retention of Death and Indemnity Compensation (DIC) for Remarried Spouses.** Under current law, VA provides DIC payments to the surviving spouse of certain deceased veterans. If a surviving spouse remarries, DIC payments cease. Should the subsequent marriage end, either due to divorce or death of the new spouse, DIC payments can resume. Section 101 would allow a surviving spouse who remarries after age 57 to continue receiving DIC payments. The provision would apply retroactively, allowing surviving spouses who have already remarried after age 57 to resume receiving DIC payments but only if they apply for the benefit within one year after the date of the legislation's enactment. CBO estimates that the total cost to provide DIC payments to surviving spouses who remarry after age 57 would

be $18 million in 2004, $149 million over the 2004-2008 period, and $342 million over the 2004-2013 period. Some of these costs would be offset by direct spending savings in retirement programs for the uniformed services. Those savings are discussed in the section titled "Retirement Benefits" below.

TABLE 4. IMPACT OF H.R. 2297 ON VETERANS' COMPENSATION, PENSIONS, AND BURIAL BENEFITS

| Description of Provisions | By Fiscal Year, Outlays in Millions of Dollars 2004 | 2005 | 2006 | 2007 | 2008 | 2009 | 2010 | 2011 | 2012 | 2013 |
|---|---|---|---|---|---|---|---|---|---|---|
| Retention of DIC for Remarried Spouses | 18 | 31 | 32 | 33 | 35 | 36 | 37 | 39 | 40 | 42 |
| Extension of COLA Round Down | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | -16 | -34 |
| Disability Benefits for Filipino Veterans | 4 | 4 | 4 | 4 | 4 | 4 | 5 | 5 | 5 | 5 |
| Alternate Beneficiaries | 0 | 0 | 0 | 11 | 1 | 6 | 1 | 1 | 1 | 1 |
| Repeal of Limitation on Payment of Accrued Benefits | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| Burial Plot Allowance | * | * | * | * | * | * | * | * | * | * |
| Spina Bifida Benefits | * | * | * | * | * | * | * | * | * | * |
| Disability Benefits for Former POWs | * | * | * | * | * | * | * | * | * | * |
| Total Changes in Compensation, Pensions, and Burial Benefits [a] | 23 | 36 | 37 | 49 | 41 | 47 | 44 | 46 | 31 | 15 |

NOTES: DIC = Death and Indemnity Compensation, COLA = Cost-of-Living Adjustment, POWs = Prisoners of War.

* = less than $500,000.

In fiscal year 2002, about 300,000 surviving spouses received DIC payments. CBO estimates that in that year, about 300 surviving spouses over age 57 (or about 0.1 percent of all surviving spouses receiving DIC) remarried and stopped receiving DIC payments as a result. CBO projects that, under current law, the number of remarriages would gradually increase each year as the overall population of DIC recipients increases and exceed 370 a year by the end of the decade.

CBO estimated the costs for three groups of surviving spouses—those over age 57 who would remarry under current law, those over age 57 who would choose not to remarry under current law but would remarry once section 101 becomes law, and those who remarried after age 57 before enactment of this legislation.

*Surviving Spouses over Age 57 Who Would Remarry under Current Law.* CBO estimates that over the 2004-2013 period, about 350 surviving spouses over age 57 would remarry each year on average under current law. Under this act, federal spending for DIC would increase

because those surviving spouses would now receive DIC payments that would have stopped under current law. The average DIC payment in fiscal year 2002 was $12,244. Such payments are adjusted annually for increases in the cost of living. After accounting for expected mortality of the remarried surviving spouses as well as their new spouses, CBO estimates that the additional cost to provide DIC payments to surviving spouses over age 57 who would remarry under current law would be $6 million in 2004, $63 million over the 2004-2008 period, and $205 million over the 2003-2012 period.

*Surviving Spouses over Age 57 Who Would Choose Not to Remarry under Current Law.* Under this act, some surviving spouses over age 57 might choose to remarry who would not have done so under current law. CBO estimates there would be no additional cost to provide DIC payments to those individuals. Because those surviving spouses would choose to remain unmarried and receive DIC payments continuously under current law, providing DIC payments if they remarry would result in no additional costs to the program.

*Surviving Spouses Who Remarried after Age 57 Before Enactment of the Act.* Section 101 also would apply retroactively, allowing surviving spouses who remarried after age 57 before enactment of this legislation to resume receiving DIC once it is enacted. The act would impose a deadline, however, that would require all those eligible to apply for resumption of this benefit within one year after the act's enactment date. After accounting for expected mortality of the remarried surviving spouses as well as their new spouses, CBO estimates that about 1,900 surviving spouses who remarried after age 57 would apply within the time limit and resume receiving DIC payments. That number represents about 15 percent of the total number of retroactive cases that CBO estimates would be eligible to reapply for DIC payments. CBO estimates that the additional cost to provide DIC payments to this population would be $12 million in 2004, $86 million over the 2004-2008 period, and $137 million over the 2004-2013 period. Such costs could obviously be much higher or lower, depending on the portion of eligible people that apply for this retroactive benefit.

**Extension of Provision to Round Down COLA.** Section 706 would extend through 2013 a provision of law that requires the increased monthly rates due to the COLA to be rounded down to the next lower whole dollar. This provision of law applies to both disability compensation and dependency and indemnity compensation payments. These provisions are currently due to expire at the end of 2011. Based on projections of the number of beneficiaries and number of payments made each year, CBO estimates that this section would result in direct spending savings of $50 million over the 2012-2013 period.

**Disability Benefits for Filipino Veterans.** Section 211 would expand benefits for Filipino veterans who served in the Philippine Commonwealth Army or the New Philippine Scouts,

Scouts are currently eligible for half of the burial benefit amounts provided to veterans of the U. S. armed forces. Under section 212, veterans of the New Philippine Scouts would receive burial and plot allowances at the full rate if they are naturalized U.S. citizens living in the United States.

**Retirement Benefits**

Many retirees of the uniformed services have a Survivor Benefit Plan (SBP) premium payment deducted from their retirement annuity. The SBP was established in Public Law 92-425 to create an opportunity for military retirees to provide annuities for their survivors. Under current law, survivors of disabled veterans who are retired from the military, the Coast Guard, the Public Health Service, or the National Oceanic and Atmospheric Administration cannot receive both full SBP and DIC from VA. Because of this prohibition on concurrent receipt of these benefits, such survivors forgo a portion of their SBP annuity equal to the nontaxable DIC benefit. These survivors also receive a refund in premiums for the portion of the SBP annuity they chose to forgo to receive the nontaxable DIC benefit. If a survivor loses eligibility for DIC payments, he or she has the option to repay the refunded premiums to once again receive their full SBP annuity.

Section 101 would allow surviving spouses who remarry after age 57 to continue receiving DIC payments that they would otherwise be ineligible for (see "Retention of DIC for Remarried Spouses" above). Surviving spouses who would gain eligibility for DIC under section 101 and who would, as a result, be eligible for both SBP and DIC would forgo that portion of their SBP annuity equal to the nontaxable DIC benefit. Thus, section 101 would result in a savings in SBP payments for surviving spouses who under current law receive the full amount of their SBP payments.

In comparison to current law, the full amount of these savings would be reduced because of changes in the amount of premium refunds and repayments. For the survivors whose remarriage occurred prior to enactment of H.R. 2297, these savings would be partially offset by the refunding of the premium payments for the portion of SBP that these survivors would forgo to receive DIC. CBO expects that their refund payments would occur in either 2004 or 2005, depending on how soon VA restarts their DIC benefit.

Survivors who remarry after enactment of this legislation would continue receiving the same DIC and SBP payments as before their remarriage. If they remarry under current law, these survivors would become ineligible for DIC and would have to buy back their full SBP eligibility by repaying that portion of their premiums that had previously been refunded. Under section 101, these survivors would not repay the premiums because they would

continue receiving SBP at the reduced rate. Thus, under section 101, total SBP costs would increase by the amount that these survivors would not repay, and decrease by the amount of the DIC offset.

Based on information provided by DoD and VA, CBO estimates that about 400 survivors would receive both DIC and a SBP annuity each year over the 2004-2013 period and that the average annual SBP offset would be $9,209 in 2004, which would increase over the 2005-2013 period for cost-of-living adjustments. After accounting for changes in SBP premium refunds and repayments, CBO estimates that section 101 would increase spending for retirement from the uniformed services by $1 million in 2004, but reduce spending for these benefits by $12 million over the 2004-2008 period, and $34 million over the 2004-2013 period.

## PREVIOUS CBO ESTIMATES

Over the past year, CBO has transmitted estimates for the following bills:

On March 28, 2003, CBO transmitted a cost estimate for H.R. 36, a bill to provide that remarriage of the surviving spouse of a deceased veteran after age 55 shall not result in termination of DIC otherwise payable to that surviving spouse, as introduced on January 7, 2003.

On April 3, 2003, CBO transmitted a cost estimate for H.R. 533, the Agent Orange Veterans' Children's Benefits Act of 2003, as introduced on February 5, 2003.

On May 19, 2003, CBO transmitted a cost estimate for H.R. 1460, the Veterans Entrepreneurship and Benefits Improvement Act of 2003, as ordered reported by the House Committee on Veterans' Affairs on May 15, 2003.

On May 19, 2003, CBO transmitted a cost estimate for H.R. 1257, the Selected Reserve Home Loan Equity Act, as ordered reported by the House Committee on Veterans' Affairs on May 15, 2003.

On May 23, 2003, CBO transmitted a cost estimate for H.R. 1838, a bill to revise the presumptions of service-connection relating to diseases and disabilities of former prisoners of war, as introduced on April 29, 2003.

On July 14, 2003, CBO transmitted a cost estimate for H.R. 2297, as ordered reported by the House Committee on Veterans' Affairs on June 26, 2003.

On October 16, 2003, CBO transmitted a cost estimate for S. 1132, the Veterans' Benefits Enhancement Act of 2003, as ordered reported by the Senate Committee on Veterans' Affairs on September 30, 2003.

Most provisions in H.R. 2297, as cleared by the Congress, are similar or identical to provisions in the above bills and have similar or identical estimated costs. However, the cleared version of H.R. 2297 provides that DIC shall not be terminated upon the remarriage of the surviving spouse of a deceased veteran after age 57—instead of age 55, as proposed in both H.R. 36 and H.R. 2297 as ordered reported by the House Committee in Veterans' Affairs. In addition, this later version of H.R. 2297 reflects changes to fees charged for home loans that are slightly different from the fee changes in the earlier versions of H.R. 2297 and in S. 1132, as ordered reported by the Senate Committee on Veterans' Affairs. Finally, H.R. 2297, as cleared by the Congress, includes a new provision for resale losses. All of these differences are reflected in the respective cost estimates.

**ESTIMATE PREPARED BY:**

Federal Costs:
Housing: Sunita D'Monte
Compensation: Melissa E. Zimmerman and Dwayne M. Wright
Retirement Benefits: Sarah T. Jennings and Melissa E. Zimmerman
Readjustment Benefits: Sarah T. Jennings

**ESTIMATE APPROVED BY:**

Peter H. Fontaine
Deputy Assistant Director for Budget Analysis

**DA 018**

HR 1589 IH

110th CONGRESS

1st Session

**H. R. 1589**

To amend title 10, United States Code, to repeal the offset from surviving spouse annuities under the military Survivor Benefit Plan for amounts paid by the Secretary of Veterans Affairs as dependency and indemnity compensation, to repeal the optional annuity authority for the dependent children of a member when there is an eligible surviving spouse, and for other purposes.

**IN THE HOUSE OF REPRESENTATIVES**

**March 20, 2007**

DA 019

Mr. BROWN of South Carolina (for himself and Mr. TOM DAVIS of Virginia) introduced the following bill; which was referred to the Committee on Armed Services

**A BILL**

To amend title 10, United States Code, to repeal the offset from surviving spouse annuities under the military Survivor Benefit Plan for amounts paid by the Secretary of Veterans Affairs as dependency and indemnity compensation, to repeal the optional annuity authority for the dependent children of a member when there is an eligible surviving spouse, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

## SECTION 1. SHORT TITLE.

This Act may be cited as the `Military Surviving Spouses Equity Act'.

## SEC. 2. REPEAL OF DEPENDENCY AND INDEMNITY COMPENSATION OFFSET FROM SURVIVOR BENEFIT PLAN SURVIVING SPOUSE ANNUITIES AND OPTIONAL ANNUITY

**AUTHORITY.**

(a) Repeal- Subsections (c), (e), and (k) of section 1450 of title 10, United States Code, and subsection (c)(2) of section 1451 of such title are repealed.

(b) Recoupment of Certain Amounts Previously Refunded to SPB Recipients-

(1) REPAYMENT REQUIRED- A surviving spouse who is in receipt of an SBP annuity that is in effect before the effective date of the amendments made by subsection (a) and that is adjusted by reason of such amendments and who had previously received an SBP retired pay refund shall repay an amount determined under paragraph (2). Any such repayment shall be made in the same manner as a repayment under subsection (k)(2) of section 1450 of title 10, United States Code, as in effect on the day before the effective date of such amendments.

(2) AMOUNT OF REPAYMENT- The amount of a repayment under paragraph (1) shall be the amount that bears the same ratio to the amount of that refund as the surviving spouse's life expectancy (determined in accordance with standard actuarial practices) bears to the anticipated total duration of the annuity (determined as the sum of such life expectancy and the duration of the annuity already received)

(3) WAIVER OF REPAYMENT- The Secretary of Defense may waive the requirement that a surviving spouse make a repayment under paragraph (1) if the Secretary determines that--

(A) hardship or other circumstances make repayment unwarranted; or

(B) requiring repayment would otherwise not be in the best interests of the United States.

(4) DEFINITIONS- In this subsection:

(A) The term `SBP annuity' means an annuity under the program established under subchapter II of chapter 73 of title 10, United States Code.

(B) The term `SBP retired pay refund' means a refund under subsection (e) of section 1450 of title 10, United States Code, as in effect before the effective date of the amendments made by subsection (a).

(c) Repeal of Optional Annuity Authority- Subsection (d) of section 1448 of title 10, United States Code, is amended--

(1) in paragraph (1), by striking `Except as provided in paragraph (2)(B), the Secretary' and inserting `The

DA 020

Secretary'; and

(2) by striking paragraph (2) and inserting the following new paragraph:

`(2) PAYMENT OF ANNUITY TO DEPENDENT CHILDREN WHEN NO ELIGIBLE SURVIVING SPOUSE- In the case of a member described in paragraph (1), the Secretary concerned shall pay an annuity under this subchapter to the member's dependent children under section 1450(a)(2) of this title when there is no eligible surviving spouse.'.

(d) Restoration of Eligibility for Previously Eligible Surviving Spouses-

(1) RESTORATION- The Secretary of Defense shall restore eligibility for an annuity under subchapter II of chapter 73 of title 10, United States Code, to any eligible surviving spouse who, before the effective date of the amendments made by subsection (c), agreed to transfer payment of such annuity to a surviving child or children of a member of the Armed Forces under section 1448(d)(2)(B) of such title, as in effect before such effective date. Such eligibility shall be restored whether or not payment to such child or children subsequently was terminated due to loss of dependent status or death.

DA 021

(2) DEFINITION- In this subsection, the term `eligible surviving spouse' includes a person who was previously eligible for payment of such annuity as the spouse of a member of the Armed Forces and is unremarried after the death of the member, is remarried after having attained age 55, or whose second or subsequent marriage has been terminated by death, divorce, or annulment.

(e) Effective Date and Application of Amendments-

(1) EFFECTIVE DATE- The amendments made by this section shall take effect on the later of--

(A) October 1, 2007; and

(B) the date of the enactment of this Act.

(2) APPLICABILITY- The amendments made by subsections (a) and (c) shall apply with respect to payment of annuities under subchapter II of chapter 73 of title 10, United States Code, for months beginning on or after the effective date of such amendments under paragraph (1).

*END*

The Library of Congress > THOMAS Home > Bills, Resolutions > Search Results

NEW SEARCH | HOME | HELP

**H.R.1589**
**Title:** To amend title 10, United States Code, to repeal the offset from surviving spouse annuities under the military Survivor Benefit Plan for amounts paid by the Secretary of Veterans Affairs as dependency and indemnity compensation, to repeal the optional annuity authority for the dependent children of a member when there is an eligible surviving spouse, and for other purposes.
**Sponsor:** Rep Brown, Henry E., Jr. [SC-1] (introduced 3/20/2007) Cosponsors (71)
**Latest Major Action:** 4/3/2007 Referred to House subcommittee. Status: Referred to the Subcommittee on Military Personnel.

| | | | |
|---|---|---|---|
| All Information (except text) | Text of Legislation | CRS Summary | Major Congressional Actions |
| Titles | Cosponsors (71) | Committees | All Congressional Actions |
| Related Bills | Amendments | Related Committee Documents | All Congressional Actions with Amendments<br>With links to *Congressional Record* pages, votes,reports |
| CBO Cost Estimates | Subjects | | |

THOMAS Home | Contact | Accessibility | Legal | FirstGov

DA21A

S 935 IS

110th CONGRESS

1st Session

**S. 935**

To repeal the requirement for reduction of survivor annuities under the Survivor Benefit Plan by veterans' dependency and indemnity compensation, and for other purposes.

**IN THE SENATE OF THE UNITED STATES**

**March 20, 2007**

Mr. NELSON of Florida (for himself, Mr. HAGEL, Mr. BINGAMAN, Ms. MIKULSKI, Mrs. LINCOLN, Mr. BIDEN, Mr. VITTER, Mr. DOMENICI, Mr. KERRY, Mr. MARTINEZ, Mr. SALAZAR, Ms. SNOWE, Mr. BROWN, Mrs. FEINSTEIN, Mrs. MURRAY, and Mrs. CLINTON) introduced the following bill; which was read twice and referred to the Committee on Armed Services

DA 022

**A BILL**

To repeal the requirement for reduction of survivor annuities under the Survivor Benefit Plan by veterans' dependency and indemnity compensation, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

## SECTION 1. REPEAL OF REQUIREMENT OF REDUCTION OF SBP SURVIVOR ANNUITIES BY DEPENDENCY AND INDEMNITY COMPENSATION.

(a) Repeal-

(1) IN GENERAL- Subchapter II of chapter 73 of title 10, United States Code, is amended as follows:

(A) In section 1450, by striking subsection (c).

(B) In section 1451(c)--

(i) by striking paragraph (2); and

(ii) by redesignating paragraphs (3) and (4) as paragraphs (2) and (3), respectively.

(2) CONFORMING AMENDMENTS- Such subchapter is further amended as follows:

(A) In section 1450--

(i) by striking subsection (e); and

(ii) by striking subsection (k).

(B) In section 1451(g)(1), by striking subparagraph (C).

(C) In section 1452--

(i) in subsection (f)(2), by striking `does not apply--' and all that follows and inserting `does not apply in the case of a deduction made through administrative error.'; and

(ii) by striking subsection (g).

(D) In section 1455(c), by striking `, 1450(k)(2),'.

DA 023

(b) Prohibition on Retroactive Benefits- No benefits may be paid to any person for any period before the effective date provided under subsection (f) by reason of the amendments made by subsection (a).

(c) Prohibition on Recoupment of Certain Amounts Previously Refunded to SBP Recipients- A surviving spouse who is or has been in receipt of an annuity under the Survivor Benefit Plan under subchapter II of chapter 73 of title 10, United States Code, that is in effect before the effective date provided under subsection (f) and that is adjusted by reason of the amendments made by subsection (a) and who has received a refund of retired pay under section 1450(e) of title 10, United States Code, shall not be required to repay such refund to the United States.

(d) Repeal of Authority for Optional Annuity for Dependent Children- Section 1448(d)(2) of such title is amended--

(1) by striking `DEPENDENT CHILDREN- ' and all that follows through `In the case of a member described in paragraph (1),' and inserting `DEPENDENT CHILDREN- In the case of a member described in paragraph (1),'; and

(2) by striking subparagraph (B).

(e) Restoration of Eligibility for Previously Eligible Spouses- The Secretary of the military department concerned shall restore annuity eligibility to any eligible surviving spouse who, in consultation with the Secretary, previously elected to transfer payment of such annuity to a surviving child or children under the provisions of section 1448(d)(2)(B) of title 10, United States Code, as in effect on the day before the effective date provided under subsection (f). Such eligibility shall be restored whether or not payment to such child or children subsequently was terminated due to loss of dependent status or death. For the purposes of this subsection, an eligible spouse includes a spouse who was previously eligible for payment of such annuity and is not remarried, or remarried after having attained age 55, or whose second or subsequent marriage has been terminated by death, divorce or annulment.

(f) Effective Date- The sections and the amendments made by this section shall take effect on the later of--

(1) the first day of the first month that begins after the date of the enactment of this Act; or

(2) the first day of the fiscal year that begins in the calendar year in which this Act is enacted.

DA 024

## SEC. 2. EFFECTIVE DATE OF PAID-UP COVERAGE UNDER SURVIVOR BENEFIT PLAN.

(a) Survivor Benefit Plan- Section 1452(j) of title 10, United States Code, is amended by striking `October 1, 2008' and inserting `October 1, 2007'.

(b) Retired Serviceman's Family Protection Plan- Section 1436a of such title is amended by striking `October 1, 2008' and inserting `October 1, 2007'.

*END*

The Library of Congress > THOMAS Home > Bills, Resolutions > Search Results

NEW SEARCH | HOME | HELP

**S.935**
**Title:** A bill to repeal the requirement for reduction of survivor annuities under the Survivor Benefit Plan by veterans' dependency and indemnity compensation, and for other purposes.
**Sponsor:** Sen Nelson, Bill [FL] (introduced 3/20/2007) Cosponsors (41)
**Related Bills:** H.R.1927
**Latest Major Action:** 3/20/2007 Referred to Senate committee. Status: Read twice and referred to the Committee on Armed Services.

| | | | |
|---|---|---|---|
| All Information (except text) | Text of Legislation | CRS Summary | Major Congressional Actions |
| Titles | Cosponsors (41) | Committees | All Congressional Actions |
| Related Bills | Amendments | Related Committee Documents | All Congressional Actions with Amendments<br>With links to *Congressional Record* pages, votes,reports |
| CBO Cost Estimates | Subjects | | |

THOMAS Home | Contact | Accessibility | Legal | FirstGov

DA24A