deportation notice 6 days ago. We would be forever in your debt if you can help the Gabra Family. This family is fearing for their lives and safety right now.

Sincerely,

LINDA DAVIS.

---

JOHN F. LAUBACHER,
CERTIFIED PUBLIC ACCOUNTANT,
*Camarillo, CA, Feb. 11, 2007.*

SENATOR DIANNE FEINSTEIN.

DEAR SENATOR FEINSTEIN: I am writing this on behalf of my friend and fellow CPA Joseph Gabra and his family. His wife has been ordered to appear on Feb. 19th for deportation. I have known the Gabra family for a number of years and am writing in hopes that you will intervenue on his wife's behalf and either: a. Seek a stay of execution of the order to deport Mrs. Gabra; or b. Help them to arrange a green card to allow her to remain in the U.S.

Mr. Gabra is a great asset to our community. He is employed by a client of mine as an accountant and I have seen firsthand the tremendous integrity and thoroughness that he brings to his job each day. He is a wonderful example to his co-workers and the general public.

Joseph was not always working as an accountant here even though he is a CPA in his native country. Finding work as an accountant was difficult due to a speech impediment. But he has always been a hard worker, taking manual labor jobs to stay off any public assistance. He has now been working in his field and my client is thrilled with the job he is doing. In addition, he travels to Cal State Northridge to get help with his speech problem.

Mrs. Gabra is a homemaker and takes care of their four children that range from 8 years old to 18 months. She is involved at our church as well in a number of programs. The family has been a great addition to my church and the Camarillo community in general.

But if Mrs. Gabra is deported, the damage will not just be to the community. There is danger that faces the family if they are returned to Egypt. Mr. Gabra will not be able to find work there because he is a Christian. The family will face incredible persecution. The kids are U.S. citizens who will suffer if they are sent to Egypt because they do not speake the language and they are Christians, not Muslim. They could be forced to convert to Islam or be killed. The girls face a barbaric ritual of female circumcision. They are dedicated to each other as a family. So, while Mrs. Gabra is the only one being forced to leave at this time, splitting up the family into two countries is simply not an option.

Senator, Mr. Gabra is a man of faith. He is confident that God will provide a resolution to this problem. I, too, am a man of faith. But I believe that perhaps God will use you to provide the miracle that the Gabra family needs now in order to stay together. I am asking you to intercede on their behalf.

Thank you and your staff for taking the time to read this and consider my request. He's a good man. They are a good family. And they deserve better than the death sentence the U.S. Government is giving them. His letter follows along with the order from the Dept. of Homeland Security. Please help.

Very truly yours,

JOHN F. LAUBACHER, CPA.

---

By Mr. NELSON of Florida (for himself and Mr. MARTINEZ):

S. 934. A bill to amend the Florida National Forest Land Management Act of 2003 to authorize the conveyance of an additional tract of National Forest System land under that Act, and for other purposes; to the Committee on Energy and Natural Resources.

Mr. NELSON of Florida. Mr. President, I rise today to introduce legislation that helps the U.S. Forest Service to protect sensitive and precious forest by selling developed land in Leon County, FL, in order to purchase at-risk land in the heart of our national forests.

Specifically, this bill allows for the sale of tract W–1979, which is 114 acres in Tallahassee, the proceeds of which are specifically designated to purchase private inholdings in the Apalachicola National Forest. The Forest Service believes that W–1979 has lost its national forest character and is unmanageable; the land will be sold to Leon County, where it will help the continued advancement of Blueprint 2000, a series of community initiatives to improve Tallahassee and Leon County. By selling this land on the outskirt of the Apalachicola National Forest, the Forest Service can acquire precious land in the heart of the forest that could be lost to development.

This legislation also gives the U.S. Forest Service in Florida the same flexibility to manage lands and capital that many other states have. Previously, whenever National Forest land was sold, the funds could only be used to purchase more land, while many important infrastructure projects went undone. With passage of this bill, proceeds only from the sale of "non-green" lands can go towards capitol improvements, such as administrative facilities that help the Forest Service manage the Ocala, Apalachicola, and Osceola National Forests. These non-green lands have already been developed with urban improvements, and no longer align with the goals of the U.S. Forest Service.

Congressman CRENSHAW and BOYD have introduced similar legislation in the House of Representatives. I hope that we can quickly pass these bills and help Leon County and the Forest Service.

I ask unanimous consent that the text of the bill be printed in the RECORD.

There being no objection, the material was ordered to be printed in the RECORD, as follows:

S. 934

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

**SECTION 1. CONVEYANCES UNDER FLORIDA NATIONAL FOREST LAND MANAGEMENT ACT OF 2003.**

(a) ADDITIONAL CONVEYANCE AUTHORIZED.—Subsection (b) of section 3 of the Florida National Forest Land Management Act of 2003 (Public Law 108–152; 117 Stat. 1919) is amended—

(1) by striking "and" at the end of paragraph (17);

(2) by redesignating paragraph (18) as paragraph (19);

(3) by inserting after paragraph (17) the following new paragraph:

"(18) tract W-1979, located in Leon County consisting of approximately 114 acres, within T. 1 S., R. 1 W., sec. 25; and"; and

(4) in paragraph (19) (as redesignated by paragraph (2)), by striking "(17)" and inserting "(18)".

(b) ADDITIONAL USE OF PROCEEDS.—Paragraph (2) of subsection (i) of such section (117 Stat. 1921) is amended—

(1) by striking "and" at the end of subparagraph (A);

(2) by striking the period at the end of subparagraph (B) and inserting "; and"; and

(3) by adding at the end the following new subparagraph:

"(C) acquisition, construction, or maintenance of administrative improvements for units of the National Forest System in the State.".

(c) LIMITATIONS ON USE OF PROCEEDS.—Subsection (i) of such section is further amended by adding at the end the following new paragraphs:

"(3) GEOGRAPHICAL AND USE RESTRICTION FOR CERTAIN CONVEYANCE.—Notwithstanding paragraph (2), proceeds from the sale or exchange of the tract described in subsection (b)(18) shall be used exclusively for the purchase of inholdings in the Apalachicola National Forest.

"(4) RESTRICTION ON USE OF PROCEEDS FOR ADMINISTRATIVE IMPROVEMENTS.—Proceeds from any sale or exchange of land under this Act may be used for administrative improvements, as authorized by paragraph (2)(C), only if the land generating the proceeds was improved with infrastructure.".

---

By Mr. NELSON of Florida (for himself, Mr. HAGEL, Mr. BINGAMAN, Ms. MIKULSKI, Mrs. LINCOLN, Mr. BIDEN, Mr. VITTER, Mr. DOMENICI, Mr. KERRY, Mr. MARTINEZ, Mr. SALAZAR, Ms. SNOWE, Mr. BROWN, Mrs. FEINSTEIN, Mrs. MURRAY, and Mrs. CLINTON):

S. 935. A bill to repeal the requirement for reduction of survivor annuities under the Survivor Benefit Plan by veterans' dependency and indemnity compensation, and for other purposes; to the Committee on Armed Services.

Mr. NELSON of Florida. Mr. President, on behalf of myself and Senators HAGEL, BINGAMAN, KERRY, MIKULSKI, LINCOLN, BIDEN, VITTER, DOMENICI, MARTINEZ, SALAZAR, SNOWE, BROWN, FEINSTEIN, MURRAY, and CLINTON, I am honored to introduce legislation today that we are convinced is necessary to fix a long-standing problem in our military survivors benefits system.

President Lincoln's words are as relevant and moving today as they were during the Civil War: "as God gives us to see the right, let us strive on to finish the work we are in; to bind up the nation's wounds; to care for him who shall have borne the battle, and for his widow, and his orphan."

Our Nation continues to be engaged in a violent struggle against brutal and vicious enemies around the world. Sadly, Americans are lost every day. We must never forget that the families left behind by our courageous men and women in uniform bear the greatest pain. Their survivors face a life forever altered, and a future left unclear. They suffer the greatest cost of the ultimate sacrifice, and the nation that asked for that sacrifice must honor it.

Back in 1972, Congress established the military survivors' benefits plan—

or SBP—to provide retirees' survivors an annuity to protect their income. This benefit plan is a voluntary program purchased by the retiree or issued automatically in the case of servicemembers who die while on active duty. Retired servicemembers pay for this benefit from their retired pay. Upon their death, their spouse or dependent children can receive up to 55 percent of their retired pay as an annuity.

For over five years, I've been talking about the unfair and painful offset between SBP and the Department of Veterans Affairs' Dependency and Indemnity Compensation, or DIC, which is received by the surviving spouse of an active duty or retired military member who dies from a service-connected cause. Under current law, even if the surviving spouse of such a servicemember is eligible for SBP, that purchased annuity is reduced by the amount of DIC received. Another inequity in the current system is the delayed effective date for "paid-up status" under SBP. We should act to correct these injustices this year.

We have made progress, but even with the important changes made over the last few years, the offset still fails to take care of our military widows and surviving children the way it should. We have considered and adopted increased death gratuity benefits for the survivors of our troops lost in this war, and we have changed the law to enable these survivors to automatically enroll in SBP. However, now we see the pain caused when at the same moment a widow is enrolled in SBP she is hit with the DIC offset.

The SBP offset is no less painful for the survivors of our 100 percent disabled military retirees. SBP is a purchased annuity plan. Before coming to the U.S. Senate, I served as Insurance Commissioner for the State of Florida, and I know of no other purchased annuity program that can then turn around and refuse to pay you the benefits you purchased on the grounds that you are getting a different benefit from somewhere else.

Our Federal civil servants receive both their purchased survivor income protection annuity and any disability compensation for which they may be entitled—without offset. Why on earth would we treat our 100 percent disabled military retirees any differently, especially after they have given the best years of their lives and their health in service to the Nation?

Let me be clear about this: survivors of servicemembers are entitled in law to automatic enrollment in SBP; 100 percent disabled military retirees purchase SBP. Survivors stand to lose most or even all of the benefits under SBP only because they are also entitled to DIC.

This legislation also accelerates an improvement we made earlier to the SBP program. We have already agreed that military retirees who have reached the age of 70 and paid their SBP premiums for thirty years should stop paying a premium, but we delayed the effective date for this relief until 2008. We should not delay their relief any further.

The United States owes its very existence to generations of soldiers, sailors, airmen, and marines who have sacrificed throughout our history to keep us free. The sacrifices of today are no less important to American liberty or tragic when a life is lost in the defense of liberty everywhere.

We owe them and their surviving family members a great debt.

Unfortunately, it is too often that we fall short on this care. We must meet this obligation with the same sense of honor as was the service they and their families have rendered.

We will continue to work to do right by those who have given this Nation their all, and especially for the loved ones they may leave to our care.

I appreciate the co-sponsorship of my colleagues—Senators HAGEL, BINGAMAN, KERRY, MIKULSKI, LINCOLN, BIDEN, VITTER, DOMENICI, MARTINEZ, SALAZAR, SNOWE, BROWN, FEINSTEIN, MURRAY, and CLINTON—and look forward to working with my colleagues in the days ahead.

I ask unanimous consent that the text of the bill be printed in the RECORD.

There being no objection, the bills were ordered to be printed in the RECORD, as follows:

S. 935

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

**SECTION 1. REPEAL OF REQUIREMENT OF REDUCTION OF SBP SURVIVOR ANNUITIES BY DEPENDENCY AND INDEMNITY COMPENSATION.**

(a) REPEAL.—

(1) IN GENERAL.—Subchapter II of chapter 73 of title 10, United States Code, is amended as follows:

(A) In section 1450, by striking subsection (c).

(B) In section 1451(c)—

(i) by striking paragraph (2); and

(ii) by redesignating paragraphs (3) and (4) as paragraphs (2) and (3), respectively.

(2) CONFORMING AMENDMENTS.—Such subchapter is further amended as follows:

(A) In section 1450—

(i) by striking subsection (e); and

(ii) by striking subsection (k).

(B) In section 1451(g)(1), by striking subparagraph (C).

(C) In section 1452—

(i) in subsection (f)(2), by striking "does not apply—" and all that follows and inserting "does not apply in the case of a deduction made through administrative error."; and

(ii) by striking subsection (g).

(D) In section 1455(c), by striking ", 1450(k)(2),".

(b) PROHIBITION ON RETROACTIVE BENEFITS.—No benefits may be paid to any person for any period before the effective date provided under subsection (f) by reason of the amendments made by subsection (a).

(c) PROHIBITION ON RECOUPMENT OF CERTAIN AMOUNTS PREVIOUSLY REFUNDED TO SBP RECIPIENTS.—A surviving spouse who is or has been in receipt of an annuity under the Survivor Benefit Plan under subchapter II of chapter 73 of title 10, United States Code, that is in effect before the effective date provided under subsection (f) and that is adjusted by reason of the amendments made by subsection (a) and who has received a refund of retired pay under section 1450(e) of title 10, United States Code, shall not be required to repay such refund to the United States.

(d) REPEAL OF AUTHORITY FOR OPTIONAL ANNUITY FOR DEPENDENT CHILDREN.—Section 1448(d)(2) of such title is amended—

(1) by striking "DEPENDENT CHILDREN.—" and all that follows through "In the case of a member described in paragraph (1)," and inserting "DEPENDENT CHILDREN.—In the case of a member described in paragraph (1),"; and

(2) by striking subparagraph (B).

(e) RESTORATION OF ELIGIBILITY FOR PREVIOUSLY ELIGIBLE SPOUSES.—The Secretary of the military department concerned shall restore annuity eligibility to any eligible surviving spouse who, in consultation with the Secretary, previously elected to transfer payment of such annuity to a surviving child or children under the provisions of section 1448(d)(2)(B) of title 10, United States Code, as in effect on the day before the effective date provided under subsection (f). Such eligibility shall be restored whether or not payment to such child or children subsequently was terminated due to loss of dependent status or death. For the purposes of this subsection, an eligible spouse includes a spouse who was previously eligible for payment of such annuity and is not remarried, or remarried after having attained age 55, or whose second or subsequent marriage has been terminated by death, divorce or annulment.

(f) EFFECTIVE DATE.—The sections and the amendments made by this section shall take effect on the later of—

(1) the first day of the first month that begins after the date of the enactment of this Act; or

(2) the first day of the fiscal year that begins in the calendar year in which this Act is enacted.

**SEC. 2. EFFECTIVE DATE OF PAID-UP COVERAGE UNDER SURVIVOR BENEFIT PLAN.**

(a) SURVIVOR BENEFIT PLAN.—Section 1452(j) of title 10, United States Code, is amended by striking "October 1, 2008" and inserting "October 1, 2007".

(b) RETIRED SERVICEMAN'S FAMILY PROTECTION PLAN.—Section 1436a of such title is amended by striking "October 1, 2008" and inserting "October 1, 2007".

---

By Mr. DURBIN (for himself and Mr. SPECTER):

S. 936. A bill to reform the financing of Senate elections, and for other purposes; to the Committee on Finance.

Mr. DURBIN. Mr. President, I ask unanimous consent that the text of the bill be printed in the RECORD.

There being no objection, the bill was ordered to be printed in the RECORD, as follows:

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

**SECTION 1. SHORT TITLE; TABLE OF CONTENTS.**

(a) SHORT TITLE.—This Act may be cited as the "Fair Elections Now Act".

(b) TABLE OF CONTENTS.—The table of contents of this Act is as follows:

Sec. 1. Short title; table of contents.

TITLE I—FAIR ELECTIONS FINANCING OF SENATE ELECTION CAMPAIGNS

Subtitle A—Fair Elections Financing Program

Sec. 101. Findings and declarations.

Sec. 102. Eligibility requirements and benefits of fair elections financing of Senate election campaigns.

110TH CONGRESS
*1st Session*

HOUSE OF REPRESENTATIVES

REPORT
110–146

# NATIONAL DEFENSE AUTHORIZATION ACT FOR FISCAL YEAR 2008

## R E P O R T

OF THE

## COMMITTEE ON ARMED SERVICES HOUSE OF REPRESENTATIVES

ON

## H.R. 1585

together with

## ADDITIONAL VIEWS

[Including committee cost estimate]

MAY 11, 2007.—Committed to the Committee of the Whole House on the State of the Union and ordered to be printed

U.S. GOVERNMENT PRINTING OFFICE
35–281 WASHINGTON : 2007

HOUSE COMMITTEE ON ARMED SERVICES

ONE HUNDRED TENTH CONGRESS

IKE SKELTON, Missouri

JOHN SPRATT, South Carolina
SOLOMON P. ORTIZ, Texas
GENE TAYLOR, Mississippi
NEIL ABERCROMBIE, Hawaii
MARTY MEEHAN, Massachusetts
SILVESTRE REYES, Texas
VIC SNYDER, Arkansas
ADAM SMITH, Washington
LORETTA SANCHEZ, California
MIKE McINTYRE, North Carolina
ELLEN O. TAUSCHER, California
ROBERT A. BRADY, Pennsylvania
ROBERT ANDREWS, New Jersey
SUSAN A. DAVIS, California
RICK LARSEN, Washington
JIM COOPER, Tennessee
JIM MARSHALL, Georgia
MADELEINE Z. BORDALLO, Guam
MARK UDALL, Colorado
DAN BOREN, Oklahoma
BRAD ELLSWORTH, Indiana
NANCY BOYDA, Kansas
PATRICK J. MURPHY, Pennsylvania
HANK JOHNSON, Georgia
CAROL SHEA-PORTER, New Hampshire
JOE COURTNEY, Connecticut
DAVID LOEBSACK, Iowa
KIRSTEN GILLIBRAND, New York
JOE SESTAK, Pennsylvania
GABRIELLE GIFFORDS, Arizona
ELIJAH E. CUMMINGS, Maryland
KENDRICK B. MEEK, Florida
KATHY CASTOR, Florida

DUNCAN HUNTER, California
JIM SAXTON, New Jersey
JOHN M. McHUGH, New York
TERRY EVERETT, Alabama
ROSCOE G. BARTLETT, Maryland
HOWARD P. "BUCK" McKEON, California
MAC THORNBERRY, Texas
WALTER B. JONES, North Carolina
ROBIN HAYES, North Carolina
KEN CALVERT, California
JO ANN DAVIS, Virginia
W. TODD AKIN, Missouri
J. RANDY FORBES, Virginia
JEFF MILLER, Florida
JOE WILSON, South Carolina
FRANK A. LoBIONDO, New Jersey
TOM COLE, Oklahoma
ROB BISHOP, Utah
MICHAEL TURNER, Ohio
JOHN KLINE, Minnesota
CANDICE S. MILLER, Michigan
PHIL GINGREY, Georgia
MIKE ROGERS, Alabama
TRENT FRANKS, Arizona
THELMA DRAKE, Virginia
CATHY McMORRIS RODGERS, Washington
K. MICHAEL CONAWAY, Texas
GEOFF DAVIS, Kentucky

ERIN C. CONATON, *Staff Director*

# CONTENTS


| | Page |
|---|---|
| Explanation of the Committee Amendments | 1 |
| Purpose | 1 |
| Relationship of Authorization to Appropriations | 2 |
| Summary of Authorization in the Bill | 2 |
| Summary Table of Authorizations | 2 |
| Rationale for the Committee Bill | 14 |
| Hearings | 17 |
| DIVISION A—DEPARTMENT OF DEFENSE AUTHORIZATIONS | 18 |
| TITLE I—PROCUREMENT | 18 |
| OVERVIEW | 18 |
| Aircraft Procurement, Army | 21 |
| Overview | 21 |
| Items of Special Interest | 25 |
| Airborne reconnaissance—low | 25 |
| Armed reconnaissance helicopter | 25 |
| UH–60A to UH–60L helicopter upgrade | 25 |
| Missile Procurement, Army | 26 |
| Overview | 26 |
| Items of Special Interest | 29 |
| Patriot PAC–3 missiles | 29 |
| Patriot modifications and pure fleet upgrade | 29 |
| Tube-launched optically-tracked wire-guided missile | 29 |
| Weapons and Tracked Combat Vehicles, Army | 29 |
| Overview | 29 |
| Items of Special Interest | 34 |
| Abrams tank total integrated engine revitalization program strategy | 34 |
| Abrams tank multiyear procurement authority | 34 |
| Army National Guard Stryker vehicles | 34 |
| Bradley fighting vehicle multiyear procurement authority | 35 |
| Future Combat Systems procurement lines structure | 35 |
| Stryker vehicle program adjustment | 36 |
| Stryker mobile gun system deployment plan | 36 |
| Ammunition Procurement, Army | 36 |
| Overview | 36 |
| Item of Special Interest | 41 |
| Excalibur extended range artillery projectile | 41 |
| Other Procurement, Army | 41 |
| Overview | 41 |
| Items of Special Interest | 53 |
| Automatic identification technology for Army depots | 53 |
| Force XXI Battle Command Brigade and Below | 53 |
| Forward Area Air Defense Command and Control | 53 |
| Future Unmanned Aerial Vehicle threat to Army Forces | 53 |
| Individual soldier survivability equipment budget line item | 54 |
| Joint Network Node | 54 |
| Maneuver Control System | 54 |
| Mine protection vehicle family | 55 |
| Nonsystems training devices | 55 |
| Profiler system | 56 |
| Radio, improved high-frequency family | 56 |
| Shadow unmanned aerial systems | 56 |
| Simulated expandable combat training capability for Army National Guard | 56 |

| | Page |
|---|---|
| Section 541—Authority to Designate Certain Civilian Employees of the Federal Government as Eligible for Legal Assistance from Department of Defense Legal Staff Resources | 331 |
| Subtitle F—Decorations and Awards | 331 |
| Section 551—Authorization and Request for Award of Medal of Honor to Leslie H. Sabo, Jr., for Acts of Valor During the Vietnam War | 331 |
| Section 552—Authorization and Request for Award of Medal of Honor to Henry Svehla for Acts of Valor During the Korean War | 331 |
| Section 553—Authorization and Request for Award of Medal of Honor to Woodrow W. Keeble for Acts of Valor During the Korean War | 331 |
| Section 554—Authorization and Request for Award of Medal of Honor to Private Philip G. Shadrach for Acts of Valor During the Civil War | 331 |
| Section 555—Authorization and Request for Award of Medal of Honor to Private George D. Wilson for Acts of Valor as one of Andrews Raiders During the Civil War | 332 |
| Section 556—Cold War Victory Medal | 332 |
| Subtitle G—Impact Aid and Defense Dependents Education System | 332 |
| Section 561—Tuition Assistance for Military Dependents in Overseas Areas Where Schools Operated by Defense Dependents' Education System Are Not Reasonably Available | 332 |
| Section 562—Continuation of Authority To Assist Local Educational Agencies that Benefit Dependents of Members of the Armed Forces and Department of Defense Civilian Employees | 332 |
| Subtitle H—Other Matters | 333 |
| Section 571—Extension of Authority To Accept Gifts, Devises, or Bequests to Benefit Members of the Armed Forces, Dependents, and Civilian Employees of the Department of Defense | 333 |
| Section 572—Uniform Performance Policies for Military Bands and Other Musical Units | 333 |
| Section 573—Repeal of Limitation on Number of Academies of Department of Defense STARBASE Program in a Single State | 333 |
| Section 574—Combat Veterans Mentoring Program for Current Members of the Armed Forces | 333 |
| Section 575—Recognition of Members of the Monuments, Fine Arts, and Archives Program of the Civil Affairs and Military Government Sections of the Armed Forces During and Following World War II | 333 |
| Section 576—Program To Commemorate 50th Anniversary of the Vietnam War | 333 |
| TITLE VI—COMPENSATION AND OTHER PERSONNEL BENEFITS | 334 |
| OVERVIEW | 334 |
| ITEMS OF SPECIAL INTEREST | 334 |
| Base Access for Vendors Serving Military Resale Activities | 334 |
| Combined Commissary and Exchange Store | 335 |
| Military Resale and Morale, Welfare, and Recreation Activities at Joint Bases | 335 |
| Payment of Imminent Danger Pay to Members Who Serve in Combat Zones for Short Periods | 336 |
| Treatment of Retired Pay for General and Flag Officers Who Subsequently Return to Service on Active Duty in the Reserve Component | 336 |
| LEGISLATIVE PROVISIONS | 337 |
| Subtitle A—Pay and Allowances | 337 |
| Section 601—Fiscal Year 2008 Increase in Military Basic Pay | 337 |
| Section 602—Basic Allowance for Housing for Reserve Component, Members Without Dependents Who Attend Accession Training While Maintaining a Primary Residence | 337 |
| Section 603—Income Replacement Payments for Reserve Component Members Experiencing Extended and Frequent Mobilization for Active Duty Service | 337 |
| Section 604—Participation of Members of the Uniformed Services in Thrift Savings Plan | 337 |
| Section 605—Enhancement of Referral Bonus To Encourage Service in the Army | 337 |
| Section 606—Guaranteed Pay Increase for Members of the Armed Forces of One-Half of One Percentage Point Higher Than Employment Cost Index | 338 |
| Subtitle B—Bonuses and Special and Incentive Pays | 338 |

Page
Section 611—Extension of Certain Bonus and Special Pay Authorities for Reserve Forces ... 338
Section 612—Extension of Certain Bonus and Special Pay Authorities for Health Care Professionals ... 338
Section 613—Extension of Special Pay and Bonus Authorities for Nuclear Officers ... 338
Section 614—Extension of Authorities Relating to Payment of Other Bonuses and Special Pays ... 338
Section 615—Increase in Incentive Special Pay and Multiyear Retention Bonus for Medical Officers ... 339
Section 616—Increase in Dental Officer Additional Special Pay ... 339
Section 617—Definition of Sea Duty for Career Sea Pay to Include Multi-Crew Ships ... 339
Section 618—Reenlistment Bonus for Members of the Selected Reserve 339
Section 619—Availability of Selected Reserve Accession Bonus for Persons Who Previously Served in the Armed Forces for a Short Period .. 339
Section 620—Availability of Nuclear Officer Continuation Pay for Officers with More Than 26 Years of Commissioned Service ... 339
Section 621—Waiver of Years-of-Service Limitation on Receipt of Critical Skills Retention Bonus ... 339
Section 622—Accession Bonus for Participants in the Armed Forces Health Professional Scholarship and Financial Assistance Program ... 340
Section 623—Payment of Assignment Incentive Pay for Reserve Members Serving in Combat Zone for More than 22 Months ... 340
Section 624—Increase in Maximum Monthly Rate of Hardship Duty Pay ... 341
Subtitle C—Travel and Transportation Allowance ... 341
Section 631—Allowance for Participation in Reserve Screening Conducted through Electronic Means ... 341
Section 632—Allowance for Civilian Clothing for Members of the Armed Forces Traveling in Connection with Medical Evacuation ... 341
Section 633—Moving Expenses for JROTC Instructors Who Agree to Serve in Hard-to-Fill Positions ... 341
Section 634—Transportation of Additional Motor Vehicle of Members on Change of Permanent Station to or from Nonforeign Areas Outside the Continental United States ... 341
Section 635—Payment of Inactive Duty Training Travel Costs for Certain Selected Reserve Members ... 341
Subtitle D—Retired Pay and Survivor Benefits ... 342
Section 641—Disregarding Periods of Confinement of Member in Determining Benefits for Dependents Who are Victims of Abuse by the Member ... 342
Section 642—Continuation of Authority for Members of the Armed Forces to Designate a Recipient for a Portion of the Death Gratuity ... 342
Section 643—Recoupment of Annuity Amounts Previously Paid, but Subject to Offset for Dependency and Indemnity Compensation ... 342
Section 644—Special Survivor Indemnity Allowance for Persons Affected by Required Survivor Benefit Plan Annuity Offset for Dependency and Indemnity Compensation ... 342
Section 645—Expansion of Combat-Related Special Compensation Eligibility for Chapter 61 Military Retirees with Fewer than 20 Years of Creditable Service ... 343
Subtitle E—Commissary and Nonappropriated Fund Instrumentality Benefits ... 343
Section 651—Access to Defense Commissary and Exchange System by Surviving Spouse and Dependents of Certain Disabled Veterans ... 343
Section 652—Authority to Continue Commissary and Exchange Benefits for Certain Involuntarily Separated Members of the Armed Forces ... 343
Section 653—Authorization of Installment Deductions from Pay of Employees of Executive Branch Instrumentalities to Collect Indebtedness to the United States ... 343
Subtitle F—Consolidation of Special Pay, Incentive Pay, and Bonus Authorities ... 343
Section 661—Consolidation of Special Pay, Incentive Pay, and Bonus Authorities of the Uniformed Services ... 343
Section 662—Transitional Provisions ... 344

## Subtitle D—Retired Pay and Survivor Benefits

### Section 641—Disregarding Periods of Confinement of Member in Determining Benefits for Dependents Who are Victims of Abuse by the Member

This section would allow periods of confinement prior to convening authority action to be considered in determining certain benefits for dependents who are victims of abuse by the service member.

### Section 642—Continuation of Authority for Members of the Armed Forces to Designate a Recipient for a Portion of the Death Gratuity

This section would extend the authority for members to designate a person to receive up to 50 percent of the death gratuity in 10 percent increments. The authority was established in the U.S. Troop Readiness, Veterans' Care, Katrina Recovery, and Iraq Accountability Appropriations Act, 2007 with an expiration date of September 30, 2007.

### Section 643—Recoupment of Annuity Amounts Previously Paid, but Subject to Offset for Dependency and Indemnity Compensation

This section would specify a series of actions to protect the interests of surviving spouses who are subjected to recoupment of overpayments under the Survivor Benefit Plan resulting from the mandatory offsets associated with payments of Dependency Indemnity Compensation by the Department of Veterans Affairs. These actions include:

(1) A single notice of the net amount to be recouped;

(2) A written explanation of the statutory requirements for recoupment;

(3) A detailed accounting of the calculations used to determine the amount to be recouped; and

(4) Contact information for a person who can provide information and respond to questions regarding the recoupment action.

### Section 644—Special Survivor Indemnity Allowance for Persons Affected by Required Survivor Benefit Plan Annuity Offset for Dependency and Indemnity Compensation

This section would authorize a survivor indemnity allowance to surviving spouses who are denied the full amount of their annuity under the Survivor Benefit Plan (SBP) because of the offset required as a result of concurrent receipt of Dependency and Indemnity Compensation (DIC) from the Department of Veterans Affairs. This section would authorize such surviving spouses to receive a monthly payment equal to $40 or the amount of the SBP annuity subject to the DIC offset should it be a lesser amount. The authority provided under this section would be effective on October 1, 2008, and would expire on March 1, 2016.

Public Law 108–183
108th Congress

# An Act

To amend title 38, United States Code, to improve benefits under laws administered by the Secretary of Veterans Affairs, and for other purposes.

Dec. 16, 2003
[H.R. 2297]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*,

Veterans Benefits Act of 2003.

**SECTION 1. SHORT TITLE; TABLE OF CONTENTS.**

(a) SHORT TITLE.—This Act may be cited as the "Veterans Benefits Act of 2003". 38 USC 101 note.

(b) TABLE OF CONTENTS.—The table of contents for this Act is as follows:

Sec. 1. Short title; table of contents.
Sec. 2. References to title 38, United States Code.

TITLE I—SURVIVOR BENEFITS

Sec. 101. Retention of certain veterans survivor benefits for surviving spouses remarrying after age 57.
Sec. 102. Benefits for children with spina bifida of veterans of certain service in Korea.
Sec. 103. Alternative beneficiaries for National Service Life Insurance and United States Government Life Insurance.
Sec. 104. Payment of benefits accrued and unpaid at time of death.

TITLE II—BENEFITS FOR FORMER PRISONERS OF WAR AND FOR FILIPINO VETERANS

SUBTITLE A—FORMER PRISONERS OF WAR

Sec. 201. Presumptions of service-connection relating to diseases and disabilities of former prisoners of war.

SUBTITLE B—FILIPINO VETERANS

Sec. 211. Rate of payment of benefits for certain Filipino veterans and their survivors residing in the United States.
Sec. 212. Burial benefits for new Philippine Scouts residing in the United States.
Sec. 213. Extension of authority to maintain regional office in the Republic of the Philippines.

TITLE III—EDUCATION BENEFITS, EMPLOYMENT PROVISIONS, AND RELATED MATTERS

Sec. 301. Expansion of Montgomery GI Bill education benefits for certain self-employment training.
Sec. 302. Increase in rates of survivors' and dependents' educational assistance.
Sec. 303. Restoration of survivors' and dependents' education benefits of individuals being ordered to full-time National Guard duty.
Sec. 304. Rounding down of certain cost-of-living adjustments on educational assistance.
Sec. 305. Authorization for State approving agencies to approve certain entrepreneurship courses.
Sec. 306. Repeal of provisions relating to obsolete education loan program.
Sec. 307. Six-year extension of the Veterans' Advisory Committee on Education.
Sec. 308. Procurement program for small business concerns owned and controlled by service-disabled veterans.

Sec. 309. Outstationing of Transition Assistance Program personnel.

TITLE IV—HOUSING BENEFITS AND RELATED MATTERS

Sec. 401. Authorization to provide adapted housing assistance to certain disabled members of the Armed Forces who remain on active duty.
Sec. 402. Increase in amounts for certain adaptive benefits for disabled veterans.
Sec. 403. Permanent authority for housing loans for members of the Selected Reserve.
Sec. 404. Reinstatement of minimum requirements for sale of vendee loans.
Sec. 405. Adjustment to home loan fees.
Sec. 406. One-year extension of procedures on liquidation sales of defaulted home loans guaranteed by the Department of Veterans Affairs.

TITLE V—BURIAL BENEFITS

Sec. 501. Burial plot allowance.
Sec. 502. Eligibility of surviving spouses who remarry for burial in national cemeteries.
Sec. 503. Permanent authority for State cemetery grants program.

TITLE VI—EXPOSURE TO HAZARDOUS SUBSTANCES

Sec. 601. Radiation Dose Reconstruction Program of Department of Defense.
Sec. 602. Study on disposition of Air Force Health Study.
Sec. 603. Funding of Medical Follow-Up Agency of Institute of Medicine of National Academy of Sciences for epidemiological research on members of the Armed Forces and veterans.

TITLE VII—OTHER MATTERS

Sec. 701. Time limitations on receipt of claim information pursuant to requests of Department of Veterans Affairs.
Sec. 702. Clarification of applicability of prohibition on assignment of veterans benefits to agreements requiring payment of future receipt of benefits.
Sec. 703. Six-year extension of Advisory Committee on Minority Veterans.
Sec. 704. Temporary authority for performance of medical disabilities examinations by contract physicians.
Sec. 705. Forfeiture of benefits for subversive activities.
Sec. 706. Two-year extension of round-down requirement for compensation cost-of-living adjustments.
Sec. 707. Codification of requirement for expeditious treatment of cases on remand.
Sec. 708. Technical and clerical amendments.

**SEC. 2. REFERENCES TO TITLE 38, UNITED STATES CODE.**

Except as otherwise expressly provided, whenever in this Act an amendment or repeal is expressed in terms of an amendment to, or repeal of, a section or other provision, the reference shall be considered to be made to a section or other provision of title 38, United States Code.

# TITLE I—SURVIVOR BENEFITS

**SEC. 101. RETENTION OF CERTAIN VETERANS SURVIVOR BENEFITS FOR SURVIVING SPOUSES REMARRYING AFTER AGE 57.**

38 USC 103.

(a) EXCEPTION TO TERMINATION OF BENEFITS UPON REMARRIAGE.—Section 103(d)(2)(B) is amended by striking "The remarriage after age 55" and inserting "The remarriage after age 57 of the surviving spouse of a veteran shall not bar the furnishing of benefits specified in paragraph (5) to such person as the surviving spouse of the veteran. Notwithstanding the previous sentence, the remarriage after age 55".

(b) COORDINATION OF BENEFITS.—Section 1311 is amended by adding at the end the following new subsection:

"(e) In the case of an individual who is eligible for dependency and indemnity compensation under this section by reason of section 103(d)(2)(B) of this title who is also eligible for benefits under another provision of law by reason of such individual's status as

the surviving spouse of a veteran, then, notwithstanding any other provision of law (other than section 5304(b)(3) of this title), no reduction in benefits under such other provision of law shall be made by reason of such individual's eligibility for benefits under this section.".

(c) EFFECTIVE DATE.—The amendments made by subsections (a) and (b) shall take effect on January 1, 2004. 38 USC 103 note.

(d) RETROACTIVE BENEFITS PROHIBITED.—No benefit may be paid to any person by reason of the amendments made by subsections (a) and (b) for any period before the effective date specified in subsection (c). 38 USC 103 note.

(e) APPLICATION FOR BENEFITS.—In the case of an individual who but for having remarried would be eligible for benefits under title 38, United States Code, by reason of the amendment made by subsection (a) and whose remarriage was before the date of the enactment of this Act and after the individual had attained age 57, the individual shall be eligible for such benefits by reason of such amendment only if the individual submits an application for such benefits to the Secretary of Veterans Affairs not later than the end of the one-year period beginning on the date of the enactment of this Act. Effective date. 38 USC 103 note.

(f) TECHNICAL CORRECTION.—Section 101(b) of the Veterans Benefits Act of 2002 (Public Law 107–330; 116 Stat. 2821; 38 U.S.C. 103 note) is amended by striking "during the 1-year period" and all that follows through "(c)" and inserting "before the end of the one-year period beginning on the date of the enactment of the Veterans Benefits Act of 2003".

**SEC. 102. BENEFITS FOR CHILDREN WITH SPINA BIFIDA OF VETERANS OF CERTAIN SERVICE IN KOREA.**

(a) IN GENERAL.—Chapter 18 is amended—

(1) by redesignating subchapter III, and sections 1821, 1822, 1823, and 1824, as subchapter IV, and sections 1831, 1832, 1833, and 1834, respectively; and

(2) by inserting after subchapter II the following new subchapter III:

"SUBCHAPTER III—CHILDREN OF CERTAIN KOREA SERVICE VETERANS BORN WITH SPINA BIFIDA

**"§ 1821. Benefits for children of certain Korea service veterans born with spina bifida**

"(a) BENEFITS AUTHORIZED.—The Secretary may provide to any child of a veteran of covered service in Korea who is suffering from spina bifida the health care, vocational training and rehabilitation, and monetary allowance required to be paid to a child of a Vietnam veteran who is suffering from spina bifida under subchapter I of this chapter as if such child of a veteran of covered service in Korea were a child of a Vietnam veteran who is suffering from spina bifida under such subchapter.

"(b) SPINA BIFIDA CONDITIONS COVERED.—This section applies with respect to all forms and manifestations of spina bifida, except spina bifida occulta.

"(c) VETERAN OF COVERED SERVICE IN KOREA.—For purposes of this section, a veteran of covered service in Korea is any individual, without regard to the characterization of that individual's service, who—