**No. 07-547C**
**(Judge Miller)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**PATRICIA R. SHARP,**
**MARGARET M. HAVERKAMP,**
**and IVA DEAN ROGERS,**

**Plaintiffs,**

**v,**

**THE UNITED STATES,**

**Defendant.**

---

**PLAINTIFFS' SURREPLY BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

---

**SURREPLY BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Patricia R. Sharp, Margaret M. Haverkamp, and Iva Dean Rogers ("Plaintiffs") respectfully submit this Surreply Brief in Opposition to Defendant's Motion to Dismiss in order to respond to two arguments made by Defendant in its Reply to Plaintiffs' Response to Defendant's Motion to Dismiss ("Reply Brief"), filed November 13, 2007. First, there is no merit to Defendant's argument, raised for the first time in its Reply Brief, that Defendant's interpretation of the statute at issue is owed deference under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-844 (1984). *United States v. Mead Corp.*, 533 U.S. 218 (2001), limits the reach of *Chevron* deference to only those agency interpretations that are made in exercise of congressionally delegated authority to make rulings carrying the force of law, which Defendant's interpretation here is not. Second, Plaintiffs wish to set the record straight regarding Defendant's assertion that Plaintiffs relied upon an incorrect date for the Congressional Budget Office report discussed in Plaintiffs' Opposition Brief. The December 8, 2003 Congressional Budget Office ("CBO") analysis on which Defendant relies simply parrots the relevant analysis the CBO provided on July 15, 2003, before the legislature specifically reacted to the CBO July 15 estimate and amended H.R. 2297. And even though the bill had changed substantially between July 15, 2003 and December 8, 2003, the CBO failed to account for that change. The CBO's apparent failure to notice the amendment should not be treated as a deliberate interpretation of the statute.

## ARGUMENT

### I.

### *CHEVRON* DEFERENCE DOES NOT APPLY IN THIS CASE

In footnote 10 on page 10 of Defendant's Reply to Plaintiffs' Response to Defendant's Motion to Dismiss, filed November 13, 2007, Defendant raises for the first time the argument that its interpretation of 38 U.S.C. § 1311(e) is entitled to deference under *Chevron*. It is not. The Supreme Court in 2001 explained that *Chevron* deference only applies

> when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority. Delegation of such authority may be shown in a variety of ways, as by an agency's power to engage in adjudication or notice-and-comment rulemaking, or by some other indication of a comparable congressional intent.

*Mead*, 533 U.S. at 226-27.

Here, Defendant has identified no adjudication, notice-and-comment rulemaking, or other exercise of authority to make rules carrying the force of law that could possibly call for *Chevron* deference. Taking a position in a litigation brief does not qualify. *See Bowen v. Georgetown Univ. Hospital*, 488 U.S. 204, 212-213 (1988). Defendant has not even argued that Congress granted any authority to the Department of Defense to make rules carrying the force of law regarding Survivor Benefit Plan payments. Because *Mead* limits the reach of *Chevron*, Defendant's interpretation of 38 U.S.C. § 1311(e) should not receive the requested deference.

## II.

## THE CONGRESSIONAL BUDGET OFFICE REPORT PREDATED THE "NO REDUCTION IN BENEFITS" AMENDMENT TO H.R. 2297

Reading Defendant's Reply Brief, the Court may be left with the misimpression that Plaintiffs "got the date wrong" for the Congressional Budget Office report at issue. This is not the case. Plaintiffs clearly cited the July 15, 2003 CBO report on H.R. 2297 and explained that the CBO's revised report of December 8, 2003—the report on which Defendant relies—failed to change its analysis in response to Congress's addition of the "no reduction in benefits" language at issue in the present motion. Opposition Brief at 13-14.

Defendant seeks to turn the Congressional Budget Office's apparent oversight into a deliberate interpretation of the bill at issue, but the evidence suggests otherwise. The CBO had already interpreted several prior bills with "no reduction in benefits" language as ***not*** being trumped by the SBP offset statute. Opposition Brief at 13-14. That the CBO did not reapply its prior analysis of "no reduction in benefits" language compels the conclusion that it failed to account for the substantively identical language in the amended H.R. 2297.

Moreover, the December 8 CBO report does not square with Defendant's argument that § 1311(e) may have affected benefits other than SBP. Defendant claims "it is beyond dispute that there are other benefits that potentially could be affected by the restoration of DIC benefits." Reply Brief at 8. Yet the CBO did not change its analysis of the financial impact of § 1311(e) at all for the second report. Either the CBO interpreted the language to have no effect (contrary to Defendant's position), or it simply failed to account for the amendment. In the absence of any affirmative indication that the

CBO considered the amendment, the more reasonable conclusion is that the CBO overlooked it. Because the CBO apparently ignored what is, for purposes of the present motion, the key language in the statute, and for all the other reasons expressed in Plaintiffs' Opposition Brief, the CBO's December 8, 2003 report does not support Defendant's construction of § 1311(e).

## CONCLUSION

For the reasons advanced in Plaintiffs' Opposition Brief and above, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss.

Respectfully submitted,

_ /s/ Edward R. Reines____________

Edward R. Reines
WEIL, GOTSHAL & MANGES, LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Phone: (650) 802-3000
Fax: (650) 802-3100

Michael R. Franzinger
Azra M. Hadzimehmedovic
WEIL, GOTSHAL & MANGES, LLP
1300 Eye Street NW
Washington, DC 20005
Phone: (202) 682-7000
Fax: (202) 857-0939

December 3, 2007

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 3, 2007, a copy of the foregoing "**PLAINTIFFS' SURREPLY BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Michael R. Franzinger
Michael R. Franzinger