**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **PATRICIA R. SHARP,**<br>**MARGARET M. HAVERKAMP,**<br>**and IVA DEAN ROGERS,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **No. 07-547C**<br>**(Judge George W. Miller)** |

**DEFENDANT'S REPLY TO PLAINTIFFS' SUR-REPLY**

One December 4, 2007, the Court granted plaintiffs' motion for leave to file a sur-reply brief and instructed the United States to file its response to any of the arguments raised in plaintiffs' sur-reply "not later than Tuesday, December 18, 2007." In their sur-reply brief, plaintiffs assert that an argument that we raised in a footnote in our reply brief regarding Chevron deference lacked merit because we failed to identify any agency interpretation that was made pursuant to a Congressionally delegated authority. Plaintiffs' Sur-Reply (Pl. SR) p. 1-2. Plaintiffs second argument is that they did not rely upon an incorrect date when discussing the Congressional Budget Office's ("CBO") report analyzing the impact of House Report 2297 ("H.R. 2297"). Instead, plaintiffs now argue that it was the CBO that erred in its final report because the CBO "overlooked" language contained in H.R. 2297. Pl. SR 4. As we demonstrate below, plaintiffs arguments are without merit. First, Congress delegated to the President the authority to prescribe regulations that carry out the Survivor Benefit Plan ("SBP"), and those policies are set forth in the Department of Defense Financial Management Regulation. See 10 U.S.C. § 1455 and DoD 7000.14-R, Department of Defense Financial Management Regulation, Vol 7B, Jul. 2007, at Chapter 46, *Survivor Benefit Plan – Annuity Amounts And Offsets* ("DOD

FMR"). Second, plain language contained in the CBO's report on H.R. 2297 demonstrates that the CBO did not overlook information or otherwise err when it issued its report, as plaintiffs now speculate.

## ARGUMENT

### I. *Chevron* Deference Does Apply In This Case

In their sur-reply, plaintiffs take issue with a position we articulated in footnote 10 of our reply brief that stated,

> if the Court determines that Congress has not directly addressed the precise question at issue, i.e., what affect 38 U.S.C. § 1311(e) has upon 10 U.S.C. § 1450(c), DoD's interpretation of the interplay between these two distinct statutes is entitled to deference.

Def. Rep Br. at 10, n. 10, citing, Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-844 (1984).

Plaintiffs argue that the case of Mead v. United States "limits the reach of Chevron" because the United States has not shown that "Congress granted any authority to the Department of Defense to make rules carrying the force of law regarding Survivor Benefit Plan payments." Pl. SR at 2. Plaintiffs are wrong. Section 1455 of title 10 specifically requires the President to "prescribe regulations to carry out" the laws establishing the SBP. 10 U.S.C. § 1455(a). Pursuant to this authority, the Secretary of Defense ("Secretary"), acting for the President, has

issued such a regulation.[1] DOD FMR, ¶ 460202.[2] In paragraph 460202, the Secretary's position regarding the offset of any Dependency and Indemnity Compensation ("DIC") payment from any SBP received is set forth.

Finally, given that the Secretary has promulgated a regulation upon this subject, plaintiffs also are wrong when they argue that the Government is not due any deference when it articulates its policy regarding an issue in a litigation brief. Pl. SR at 2. To the contrary, a "generous degree of deference is due to an agency interpretation of its own regulations even when that interpretation is offered in the very litigation in which the argument in favor of deference is made." Cathedral Candle Co. v. United States International Trade Commission, 400 F.3d 1352, 1364 (Fed. Cir. 2005) (citing Auer v. Robbins, 519 U.S. 452, 461-62 (1997)); Smith v. Nicholson, 451 F.3d 1344, 1350 (Fed. Cir. 2006). Furthermore, the fact that the Department of Defense endorses the positions taken by the Government in this case, or that DOD has formally asserted its position in this case, should not undermine this Court's deference to the agency's interpretation of its own regulation. "[T]here is 'no reason to suspect that the interpretation does not reflect the [DoD's] fair and considered judgment on the matter in question,' and it is therefore entitled to deference." Cathedral Candle, 400 F.3d at 1364 (quoting Auer, 519 U.S. at 462).

---

[1] The Secretary Defense is the regular constitutional organ of the President for the administration of the military, and thus, the rules and orders publicly promulgated through the Secretary are the binding acts of the President. See United States v. Eliason, 41 U.S. 291, 302 (1842); Seltzer v United States, 98 Ct. Cl. 554 (1943).

[2] Chapter 46 of Volume 7B of the DoD Financial Management Regulation is available at: http://www.defenselink.mil/comptroller/fmr/07b/index.html.

## II. There Is No Support For Plaintiffs' Conjecture That The December 8, 2003 CBO Report Was Published In Error Or That The CBO Overlooked An Issue

Similar to their conjecture in their response brief that the Veteran's Benefit Act of 2003 was simply a first step by Congress towards the goal of total repeal of the DIC offset, plaintiffs now speculate that the 2003 CBO report was issued in error. Pl. SR at 3-4. We disagree.

Plaintiffs' "apparent oversight" argument is suspect given the plain language of the CBO's December 8, 2003 report. Under the heading, "Previous CBO Estimates," the report sets forth in detail the various cost estimates the CBO issued regarding various interim bills. After listing these estimates, the CBO stated that:

> Most provisions in H.R. 2297, as cleared by the Congress, are similar or identical to provisions in the above bills and have similar or identical estimated costs. However, the **cleared version** of H.R. 2297 provides that DIC shall not be terminated upon the remarriage of the surviving spouse of a deceased veteran after age 57--instead of age 55, as proposed in both H.R. 36 and H.R. 2297 as ordered reported by the House Committee in Veterans' Affairs. In addition, this later version of H.R. 2297 reflects changes to fees charged for home loans that are slightly different from the fee changes in the earlier versions of H.R. 2297 and in S. 1132, as ordered reported by the Senate Committee on Veterans' Affairs. Finally, H.R. 2297, as cleared by the Congress, includes a new provision for resale losses. All of these differences are reflected in the respective cost estimates.

See Defendant's Appendix to Def Rep Br. at 017-018 (emphasis added). The plain language of the December 8, 2003 report evidences that the CBO did consider the new language because the CBO not only recounts all of its previous reports upon this issue, but then specifically notes that in the "cleared version" of H.R. 2297, DIC shall not be terminated upon remarriage after age 57 instead of age 55 as proposed in H.R. 36 and an earlier version of H.R. 2297.

Finally, plaintiffs' argument ignores the continuing legislative efforts regarding the DIC offset from SBP payments. On December 6, 2007 the Conference Report for the National Defense Authorization Act for Fiscal Year 2008 was filed ("NDAA 2008 Conference Report"). The NDAA 2008 Conference Report was agreed to in the House of Representatives on December 12, 2007. The Senate agreed to the NDAA 2008 Conference Report on December 14, 2007. Of note regarding this effort by Congress, is section 644 of the NDAA 2008 Conference Report, which contains a special survivor indemnity allowance, which entitles an SBP recipient, who is also entitled to DIC and subject to the offset in 10 U.S.C. § 1450(c), to separately receive a monthly allowance that increases over time. Defendant's Appendix 110-11, Excerpt of Conference Report on H.R. 1585, National Defense Authorization Act for Fiscal Year 2008, 110th Cong., House Report 110-477, 153 Cong. Rec. H14541 (daily ed. Dec 6, 2007).

## CONCLUSION

For the reasons set forth above, and in our opening motion and reply brief, we respectfully request that the Court grant our motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Bryant G. Snee
BRYANT G. SNEE
Deputy Director

/s Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tele: (202) 307-0383
Fax: (202) 353-7988

OF COUNSEL:

KELLY L. McGOVERN
Major, USA
Military Personnel Branch
Army Litigation Division
Arlington, VA

SCOTT LAFFERTY
Senior Associate Counsel
Office of General Counsel
Military and Civilian Pay Law Directorate
Defense Finance and Accounting Service
Cleveland, Ohio

December 18, 2007

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 18, 2007, a copy of the foregoing "**DEFENDANT'S REPLY TO PLAINTIFFS' SUR-REPLY**" with its accompanying appendix was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas K. Mickle
Douglas K. Mickle