# United States Court of Federal Claims

| | |
|---|---|
| PATRICIA R. SHARP, MARGARET M. HAVERKAMP, and IVA DEAN ROGERS,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 07-547C<br><br>Filed January 17, 2008 |

## ORDER

After consultation with the parties, the Court hereby ORDERS that oral argument on defendant's motion to dismiss shall be held on **Wednesday, January 30, 2008 at 9:30 a.m.** at the National Courts Building, 717 Madison Place, N. W., Washington, D.C.

Each side shall have 45 minutes to present its arguments. Defendant shall go first and may reserve time for rebuttal.

The Court would find it particularly helpful if the parties would address the following issues:

1. Defendant's motion is styled a motion to dismiss pursuant to Rule 12(b)(6). May the Court properly treat the motion as one for summary judgment since it refers to matters outside the pleading? If so, and if persuaded of the merits of plaintiffs' arguments, could the Court properly grant summary judgment for plaintiffs? *See CW Gov't Travel, Inc. v. United States*, 63 Fed. Cl. 459, 464 (2005) (*quoting* CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, 10A FED. PRAC. & PROC. CIV. 3D § 2720) (holding that "[t]he weight of authority is that summary judgment may be rendered in favor of the opposing party even though the opponent has made no formal cross-motion under Rule 56 ").

2. Plaintiffs contend that defendant's interpretation of 38 U.S.C. § 1311(e) would render the statute meaningless. Defendant responds that if its interpretation were adopted § 1311(e) would not be rendered meaningless because the statute would still apply to payments under the Radiation Exposure Compensation Act and to payments under the Federal Employees Compensation Act. What, more specifically, are the bases for defendant's contentions in this respect, and how do plaintiffs respond to defendant's argument with respect to the applicability of § 1311(e) to payments pursuant to those two statutes?

3. If the Court were to be persuaded that one side's interpretation comported with the plain meaning of § 1311(e), what showing with respect to the legislative history would be required by the other side to establish that Congress intended to enact a provision different from the plain meaning of § 1311(e)? Upon what case support (including especially cases decided by the Court of Appeals for the Federal Circuit) does each side rely in support of its position?

4. Plaintiffs' interpretation of § 1311(e) appears to create three classes of surviving spouses, with the following effects: (a) spouses who never remarry receive full DIC benefits and receive SBP benefits with an offset in the amount of the DIC benefit; (b) spouses who remarry before the age of 57 receive full SBP benefits with no offset and receive no DIC benefit; and (c) spouses who remarry after the age of 57 receive full DIC benefits and receive full SBP benefits with no offset. Defendant contends that Congress could not have intended such "arbitrary and capricious" disparate treatment. What is plaintiffs' response to this point?

5. If the Court were to be persuaded that plaintiffs' interpretation comports with the plain meaning of the statute, what if any role would be left for *Chevron* deference?

6. What agency or agencies, if any, were delegated authority by Congress to interpret 38 U.S.C. § 1311(e)? The Department of Veterans Affairs? The Department of Defense? Both? Neither? What support in the statute, related statutes, or the legislative history is there for each side's position?

7. Assuming the Court were to be persuaded that the actions of the Department of Defense in continuing to deduct DIC offsets from SBP payments after the enactment of § 1311(e) constitute an interpretation of the statute, and assuming that the Court were to be persuaded that the Department of Veterans Affairs was the sole agency to which Congress delegated interpretive authority, what support would there be for a requirement that the Court defer to the Department of Defense's interpretation of the statute? *See Dunn v. Commodity Futures Trading Comm'n*, 519 U.S. 465, 479 n. 14 (1997).

The Court anticipates that it may identify additional questions that it would like the parties to address during closing argument. If the Court identifies such questions, it will endeavor to inform the parties of these questions with as much advance notice as possible prior to closing argument. However, the Court also reserves the right to pose additional questions to the parties at closing argument without advance notice.

**IT IS SO ORDERED.**

s/ George W. Miller
GEORGE W. MILLER
Judge