**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **PATRICIA R. SHARP,<br>MARGARET M. HAVERKAMP,<br>and IVA DEAN ROGERS,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 07-547C<br>(Judge George W. Miller)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**<u>DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT</u>**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Admits.

2. Admits.

3. Admits.

4. Admits.

5. The allegations contained in paragraph 5 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

6. Admits the allegations contained in paragraph 6 to the extent that any "support" provided to members of the armed services and their families by the Federal Government must be set forth in a Federal statute or regulation.

7. Admits the allegations contained in the first sentence of paragraph 7 to the extent that the Survivor Benefit Plan ("SBP") is a congressional program designed to attract, retain, and reward career military members, but denies that SBP is a form of "support." Defendant avers that the SBP is a monthly annuity payable according to applicable Federal law. Admits the allegations contained in the second and third sentences of paragraph 7.

8. Admits.

9. Admits.

10. Admits to the allegations contained in paragraph 10 to the extent they are supported by the cited Veterans Act of 2003, which is the best evidence of its contents.

11. The allegations contained in paragraph 11 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

12. Admits that the Veterans Benefits Act of 2003, Pub. L. No. 108-183, § 101, 117 Stat. 2652, is codified at 38 U.S.C. § 1311(e).

13. Admits the allegations contained in the first sentence of paragraph 13. Denies the allegation in the second sentence that "DoD soon began reducing, or 'offsetting,' surviving spouses' SBP payments by the amount of DIC received," and avers that DoD has been reducing SBP payments by the amount of DIC received pursuant to governing statute long before the enactment of the 2003 Act. The remaining allegations contained in paragraph 13 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

14. Admits the allegations contained in the first, second, and third sentences of paragraph 14. Denies the allegations contained in the fourth sentence of paragraph. Archived annuity payment records at DoD's Defense Finance and Accounting Service ("DFAS") indicate that Brigadier General Sharp did not die while serving upon active duty, but was placed upon the retired rolls of the Army on June 14, 1983, which was one day prior to his death on June 15, 1983.

15. Admits the allegations contained in paragraph 15 except with regard to Brigadier General Sharp's death occurring while he was serving upon active duty. Defendant avers that archived annuity payment records at DFAS indicate that Brigadier General Sharp did not die while serving upon active duty, but was placed on the retired rolls of the Army on June 14, 1983, which was one day prior to his death on June 15, 1983.

16. Admits the allegations contained in paragraph 16 to the extent that Brigadier General Sharp served in the Army, but denies the creditable amount of time served. Defendant avers that DFAS records indicate that Brigadier General Sharp's creditable service for retirement was 26 years, 1 month and 8 days, and upon his retirement on June 14, 1983, "spouse" SBP coverage was elected upon behalf of Patricia Sharp.

17. Admits the allegations contained in paragraph 17, but defendant avers that, when upon remarriage Ms. Sharp ceased to receive DIC payments, Ms. Sharp's SBP payments were simultaneously increased from a partial to a full SBP entitlement without offset.

18. Denies the allegation contained in the first sentence of paragraph 18 for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegation contained in the second sentence of paragraph 18.

19. Admits the allegations contained in paragraph 19. Defendant avers that DFAS continued to pay Ms. Sharp her full SBP only until it received notice that the Department of Veterans Affairs ("VA") had restored Ms. Sharp's DIC payments effective January 1, 2004. At this time, DFAS began offsetting Ms. Sharp's SBP effective October 1, 2004, pursuant to applicable regulations.

20. Admits the allegations contained in the first sentence of paragraph 20. Admits the allegations in the second sentence to the extent that Ms. Sharp filed for a waiver, but denies that Ms. Sharp did not receive a response to this request. Defendant avers that DFAS denied Ms. Sharp's request for waiver on or about December 12, 2007.

21. Admits the allegation contained in the first sentence of paragraph 21. Admits to the allegations contained in the second and third sentence of paragraph 21 to the extent supported by the letter referenced in paragraph 21, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained in the first sentence of paragraph 22. Admits the allegations contained in the second sentence of paragraph 22 to the extent supported by the letter referenced in paragraph 22, which is the best evidence of its contents. Denies the allegations in the third sentence of paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent that Ms. Sharp's SBP payments continue to be offset by the amount of her DIC entitlement; however, defendant avers that the "offset" amount is $1,674 per month.

24. Admits the allegations contained in the first sentence of paragraph 24. Admits the allegations contained in the second sentence of paragraph 24. Admits to Lieutenant Colonel George Talbot's date of death; otherwise denies the allegations contained in sentences three and four of paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Admits.

26. Admits.

27. Admits the allegations contained in the first sentence of paragraph 27. Defendant avers that DFAS did not receive notice of her remarriage or termination of her DIC until March 16, 2001. Defendant further avers that in order to reinstate Ms. Haverkamp's full SBP annuity pursuant to 10 U.S.C. § 1450(k), Ms. Haverkamp was required to pay back the SBP cost refund previously received pursuant to 10 U.S.C. § 1450(e) when her DIC payments were first awarded. The cost refund repayment of $17,056.00 was recovered in full as of May 1, 2002. Defendant further avers that the VA notified DFAS in December 2004 that Ms. Haverkamp's DIC had been reinstated effective January 1, 2004, and DFAS reinstated DIC offsets from her SBP annuity as of February 2005. Admits that DFAS has offset Ms. Haverkamp's SBP by the amount of the DIC she received in the monthly amounts stated, and defendant further avers that since December 1, 2007, the monthly offset is $1,091.00

28. Admits the allegations contained in paragraph 28, but avers that the current monthly offset is in the amount of $1,091.00.

29. Admits the allegations contained in paragraph 29 regarding Ms. Haverkamp's DIC payment reduction in 2005 and 2006. Defendant avers that between February 1, 2005 and January 3, 2006, the amount of $7,573.80, representing SBP annuity overpayments that she received for the period January 1, 2004 through January 31, 2005, plus $195.70 in interest, was collected from Ms. Haverkamp. Defendant further avers that of the total amount of $7,769.50, $5,958.00 was withheld by the VA from Ms. Haverkamp's DIC payments between July 1, 2005 and December 31, 2005, and paid to DFAS, and the balance of $1,811.50 was deducted from Ms. Haverkamp's SBP entitlement.

30. Admits the allegations in paragraph 30, and further avers that DFAS records establish that Arlan E. Wilson was born October 25, 1922, Ms. Rogers was born June 27, 1925, and that Mr. Wilson retired on December 1, 1973.

31. Admits the allegations contained in paragraph 31 regarding Master Sergeant Wilson's participation in the SBP upon his retirement and that Ms. Rogers received SBP after his death until the VA determined that Master Sergeant Wilson's death was service-connected. The allegation contained in the third sentence of paragraph 31 is a conclusion of law, to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied. Defendant avers that, since the inception of SBP in 1972, 10 U.S.C. § 1450(c) has required the offset of any DIC a surviving spouse receives under title 38 of the United States Code from the entitlement to a SBP annuity. Defendant further avers that the VA notified the Army in February 1980 that Ms. Rogers had become entitled to DIC, resulting in the total offset of her SBP annuity payments retroactive to October 1, 1976. Finally, defendant avers that the Army issued Ms. Rogers a refund of SBP premiums in the amount of $603.34 in April 1980.

32. Admits the allegations contained in the first sentence of paragraph 32 to the extent that Ms. Rogers remarried in November 1996, but defendant avers that she was age 71 at that time. Admits the allegations in the second sentence of paragraph 32 to the extent that Ms. Rogers' DIC would have ceased upon notice to VA of her remarriage. Defendant further avers that DFAS would have had no basis to know that Ms. Rogers had remarried and lost entitlement to DIC unless notified either by Ms. Rogers or the VA. Denies the allegations contained in the third sentence of paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.

33. Admits the allegations contained in the first sentence of paragraph 33. Admits the allegations contained in the second sentence of paragraph 33, and avers that Ms. Rogers SBP payments were offset by DIC.

34. Denies the allegations contained in the first sentence of paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second, third and fourth sentences of paragraph 34. Denies the remaining allegations contained in paragraph 34. Defendants avers that as a result of the claim received April 11, 2006, DFAS paid Ms. Rogers $18,597.26 (gross annuity of $19,200.60 less the SBP premiums of $603.34 previously refunded) representing retroactive annuity payments for the period April 1, 2000 through December 31, 2003, the day prior to reinstatement of her DIC by the VA. Defendants further avers that annuity payments that accrued for November 1996 through March 2000 were not paid due to the limitations of the 6-year statute of limitations contained in 31 U.S.C. § 3702(b).

35. Denies the allegation contained in the first sentence of paragraph 35. Defendant avers that as a result of the claim received April 11, 2006, DFAS paid Ms. Rogers $18,597.26 (gross annuity of $19,200.60 less the SBP premiums of $603.34 previously refunded), which represents retroactive annuity payments for the period April 1, 2000 through December 31, 2003, the day prior to reinstatement of her DIC by the VA. Defendant further avers that annuity payments that accrued for November 1996 through March 2000 were not paid due to the limitations of the 6-year statute of limitations contained in 31 U.S.C. § 3702(b). The allegations contained in the second sentence of paragraph 35 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Defendant

avers, however, that, if Ms. Rogers did not have an entitlement to DIC, her SBP payments would have been $447.00 per month from January 1, 2004 through November 30, 2004; $459.00 per month from December 1, 2004 through September 30, 2005; $556.00 per month for October 1, 2005 through November 30, 2005; $578.00 per month from December 1, 2005 through March 31, 2006; $651.00 per month from April 1, 2006 through November 30, 2006; $672.00 per month from December 1, 2006 through March 31, 2007; $747.00 per month from April 1, 2007 through November 30, 2007; and $764.00 per month from December 1, 2007 through March 31, 2008. The allegation contained in the third sentence of paragraph 35 is a conclusion of law, to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

36. Admits the allegation contained in paragraph 36 that Ms. Rogers is not currently receiving any SBP; the remaining allegation is a conclusion of law, to which no response is required; to the extent it is deemed an allegation of fact, it is denied. Defendant avers that Ms. Rogers current SBP entitlement, which is being offset by DIC, is $764.00 per month through March 31, 2008 and $840.00 per month effective April 1, 2008.

37. The allegations contained in the paragraph entitled "Claim," which immediately follows paragraph 36 of plaintiffs' complaint are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

38. Denies that plaintiffs are entitled to the relief set forth in the "Prayer for Relief" immediately following the paragraph entitled "Claim" in their complaint, or to any relief at all.

39. Defendant denies that plaintiff, Patricia R. Sharp, is due $50,084.00. Defendant avers that if plaintiffs prevail in their complaint, defendant would enter into a stipulation of fact

as to how much SBP Ms. Sharp would be due for the period January 1, 2004 through March 31, 2008, and what additional amount per month of SBP Ms. Sharp would be due as a result of her current SBP being offset for DIC.

40. Defendant denies that plaintiff, Margaret M. Haverkamp, is due $18,798.00. Defendant avers that if plaintiffs prevail in their complaint, defendant would enter into a stipulation of fact as to how much SBP Ms. Haverkamp would be due for the period January 1, 2004 through March 31, 2008, and what additional amount per month of SBP Ms. Haverkamp would be due as a result of her current SBP being offset for DIC.

41. Defendant denies that plaintiff, Iva Dean Rogers, is due $35,837.00. Defendant avers that if plaintiffs prevail in their complaint, defendant would enter into a stipulation of fact as to how much SBP Ms. Rogers would be due for the period January 1, 2004 through March 31, 2008, and what additional amount per month of SBP Ms. Rogers would be due as a result of her current SBP being offset for DIC.

42. The allegations contained in paragraphs 1.b, 1.c, 1.d, and 2 in plaintiffs' prayer for relief are characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

43. Denies each and every allegation not previously admitted or otherwise qualified.

**AFFIRMATIVE DEFENSES**

44. Plaintiffs' claims are barred by the doctrine of payment, insofar as the plaintiffs have received payment upon their claim as they have been fully compensated according to applicable statutes and regulations.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Bryant G. Snee
BRYANT G. SNEE
Deputy Director

/s Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tele: (202) 307-0383
Fax: (202) 353-7988

OF COUNSEL:

KELLY L. McGOVERN
Major, USA
Military Personnel Branch
Army Litigation Division
Arlington, VA

SCOTT LAFFERTY
Senior Associate Counsel
Office of General Counsel
Military and Civilian Pay Law Directorate
Defense Finance and Accounting Service
Cleveland, Ohio

DATED: February 29, 2008

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 29th, 2008, a copy of the foregoing “**DEFENDANT’S ANSWER TO PLAINTIFFS’ COMPLAINT”** with its accompanying appendix was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas K. Mickle
Douglas K. Mickle