**No. 07-547C**
**(Judge Miller)**

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**PATRICIA R. SHARP,**
**MARGARET M. HAVERKAMP,**
**and IVA DEAN ROGERS,**

**Plaintiffs,**

**v,**

**THE UNITED STATES,**

**Defendant.**

# PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

# MOTION FOR SUMMARY JUDGMENT

Patricia R. Sharp, Margaret M. Haverkamp, and Iva Dean Rogers ("Plaintiffs") respectfully move for summary judgment under Federal Rule of Civil Procedure 56 and Court of Federal Claims Rule 56. The Court has already resolved the controlling issue of law in this matter concerning the proper construction of 38 U.S.C. § 1311(e) relating to the right to benefits for survivors of disabled veterans. *Sharp v. United States*, 80 Fed. Cl. 422 (2008). Beyond that, Defendant does not dispute any facts material to liability, and the parties have stipulated to the amount of damages. As Defendant acknowledged at oral argument on its Motion to Dismiss, this case is not about factual disputes. 1/30/08 Hrg. Tr. at 65:7-12 ("I would agree with Mr. Reines, I don't believe that we would dispute any of the facts. I know we put the footnote in our opening brief, but this is purely a legal question, does the notwithstanding language in 1311(e) affect 1450(c)."). It is ripe for prompt resolution without trial. All affected parties will benefit from the clarification that judgment in this case will provide to this area of survivor benefits.

# STATEMENT OF THE ISSUE

Is summary judgment for Plaintiffs appropriate based upon this Court's interpretation of Section 1311(c), given that the parties agree that no material factual disputes remain under that interpretation?

## ARGUMENT

### I.
### WITH THE CONTROLLING ISSUE OF LAW RESOLVED, DEFENDANT CANNOT REASONABLY DISPUTE LIABILITY

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Court of Federal Claims Rule 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"The moving party bears the burden of demonstrating the absence of a genuine question of material fact . . . ." *O'Connor v. United States*, 308 F.3d 1233, 1240 (Fed. Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). The movant may discharge its burden by "demonstrat[ing] that there is an absence of evidence to support the nonmoving party's case." *Doe v. United States*, 48 Fed. Cl. 495, 500 (2000) (citing *Celotex*, 477 U.S. at 325). Once the movant has met its burden, the nonmovant must "proffer countering evidence sufficient to create a genuine factual dispute" to avoid summary judgment. *Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1562 (Fed. Cir. 1987). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)). The nonmovant may not rely upon its pleadings or conclusory allegations to demonstrate a factual dispute, but rather must set forth specific facts that establish an issue for trial, by affidavit or otherwise, such that the trier of fact could reasonably find in the nonmovant's favor. *Bromley Contracting Co. v. United States*, 15

Cl. Ct. 100, 105 (1988).

**A. The Court's Order Denying Defendant's Motion To Dismiss Establishes That Plaintiffs' Survivor Benefit Plan Payments Should Not Have Been Offset**

The predominant issue in this case is the legal interpretation of 38 U.S.C. § 1311(e). Defendant had been offsetting Plaintiffs' Survivor Benefit Plan ("SBP") payments by the amount of Dependency and Indemnity Compensation ("DIC") they received. Defendant took this position based upon the theory that 10 U.S.C. § 1450(c) required such an offset. Plaintiffs brought this lawsuit to establish that Section 1311(e)'s provision that "no reduction in benefits" for which an individual is eligible as the "surviving spouse of a veteran" precluded this offset.

Acknowledging that this case is about the statutory interpretation, Defendant brought a Motion to Dismiss defending its offset as a matter of statutory construction. In denying that motion, Defendant's interpretation of the relevant statutes was squarely rejected. The Court held that "38 U.S.C. § 1311(e) modifies or partially repeals 10 U.S.C. § 1450(c)(1) to the extent that SBP payments are not to be reduced by the amount of DIC payments to those surviving spouses who receive DIC by virtue of their having remarried after the age of 57." *Sharp*, 80 Fed. Cl. at 441. With the key issue resolved, this case is ripe for summary resolution.

**B. Defendant Admits That It Has Offset Plaintiffs' SBP Payments And Has Stipulated To The Amounts Of The Offsets**

As Defendant acknowledged at the hearing on its Motion to Dismiss, this case is not driven by factual disputes. 1/30/08 Hrg. Tr. at 65:7-12 ("…I don't believe that we would dispute any of the facts … this is purely a legal question …"). Thus, after its

Motion to Dismiss was denied, Defendant filed an Answer admitting the key facts on which its liability to Plaintiffs is based. Defendant's Answer establishes that all three Plaintiffs are eligible for both SBP and DIC under the Court's construction of Section 1311(e), and that Defendant has been offsetting their SBP payments by the amount of DIC they have received. As the Court has already held, Plaintiffs' receipt of less money in SBP payments than they were owed by Defendant is a cognizable claim under the Tucker Act. *Sharp*, 80 Fed. Cl. at 427, 441 (2008). To confirm the facts establishing liability under this Court's ruling regarding Section 1311(e) and the amount of damages, the parties are concurrently filing a "List of Stipulated Facts."

These facts establish the absence of a genuine material factual dispute concerning whether Defendant is liable to Plaintiffs for the SBP that has been withheld from them, in the amounts listed in the "List of Stipulated Facts."

## II.
## DEFENDANT'S AFFIRMATIVE DEFENSE DOES NOT AFFECT ITS LIABILITY FOR THE STIPULATED DAMAGES

Defendant pled in its Answer the affirmative defense of the "doctrine of payment." To the extent Plaintiffs understand this assertion,[1] it appears to be a reference to certain payments discussed in Defendant's Answer that have been made to resolve certain SBP or DIC concerns ancillary to this action. The stipulated damages in the "List of Stipulated Facts" do not include these already-made payments.

## III.
## SUMMARY JUDGMENT IS APPROPRIATE TO AVOID THE COST AND BURDEN OF A TRIAL

For the above reasons, summary judgment would appropriately and efficiently resolve this matter. Defendant's liability is premised on undisputed facts, in

[1] A Lexis search for "doctrine of payment" in all Court of Federal Claims cases yielded no results.

view of the Court's decision on the applicable law. Plaintiffs respectfully request an order granting summary judgment in their favor and awarding damages in the stipulated amounts.

Dated: April 18, 2008

Respectfully submitted,

s/ Edward R. Reines

Edward R. Reines
WEIL, GOTSHAL & MANGES, LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Phone: (650) 802-3000
Fax: (650) 802-3100

Michael R. Franzinger
Azra M. Hadzimehmedovic
WEIL, GOTSHAL & MANGES, LLP
1300 Eye Street NW
Washington, DC 20005
Phone: (202) 682-7000
Fax: (202) 857-0939

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 18, 2008, a copy of the foregoing **"PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT"** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Michael R. Franzinger
Michael R. Franzinger