**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **PATRICIA R. SHARP,<br>MARGARET M. HAVERKAMP,<br>and IVA DEAN ROGERS,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 07-547C<br>(Judge George W. Miller)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT WITH APPENDIX**

Pursuant to Rule 7.2 (a) and (c) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully submits this response to plaintiffs' motion for summary judgment.

**STATEMENT OF THE CASE**

Since 1972 the Department of Defense ("DOD") has been offsetting a surviving spouse of a military retiree's Survivor Benefit Plan ("SBP") payment by the amount of Death Indemnity Compensation ("DIC") pursuant to the plain language mandate of section 1450(c)(1) of Title 10. In their complaint, plaintiffs argue that the Veterans Benefits Act of 2003, Pub. L. No. 108-183, § 101, 117 Stat. 2652 ("2003 amendment"), entitled them to receive both payments. After receiving briefing from each party and hearing argument on this issue, the Court agreed with plaintiffs that the 2003 amendment repealed by implication the plain language of 10 U.S.C. § 1450(c) that required DoD to offset the SBP payments from any DIC received.

Given the Court's holding on this issue, the parties, in the interest of resolving this litigation as efficiently and as amicably as is practical, and for no other purpose, agreed to stipulate to certain facts that establish the quantum of damages the United States is liable for

each plaintiff. This information was filed with plaintiffs' motion for summary judgment and is entitled "List Of Stipulated Facts." Sharp et. al. v. United States, Fed. Cl. 07-547, April 18, 2008, Docket # 21. The parties' further agreed that any stipulation of fact that set forth an agreed upon quantum for damages is not an admission of liability or limit defendant's ability to seek further review of the Court's findings in this matter.

## ARGUMENT

Defendant has no new arguments to present to the Court in its response to plaintiffs' motion for summary judgment. However, given that the Court's opinion noted that DoD's policy for implementing 10 U.S.C. 1450(c) was not fully set forth in the record, Sharp v. United States, 81 Fed. Cl. 422, 440 (2008), defendant has included DoD's policies regarding its implementation of SBP. See Declaration of David P. Smith, which is filed with this response. Additionally, DoD's guidance regarding how it will implement section 644 of the 2008 National Defense Authorization Act ("2008 NDAA") is also included. Id. at 151. As we explained to the Court during argument, Congress amended the SBP offset provision in 10 U.S.C. § 1450 in the 2008 NDAA. Section 644 of the NDAA 2008 contains a special survivor indemnity allowance, which entitles an SBP recipient, who is also entitled to DIC and subject to the offset in 10 U.S.C. § 1450(c), to separately receive a monthly allowance that increases over time. Finally, we also note that the Department of Veterans Administration ("VA") has interpreted the Veterans Benefit Act of 2003 and has issued regulations consistent with our arguments. 71 FR 29083; 38 C.F.R. § 3.55(a)(10).

**CONCLUSION**

For the reasons set forth above, while we disagree with the Court's finding that the 2003 amendment repealed by implication the plain language of 10 U.S.C. § 1450(c), we do agree that the Court's decision is controlling for this case. Accordingly, we agree that, given the parties' stipulation of facts regarding the quantum portion of each plaintiff's damages, this case is ripe for the Court to issue a final judgment pursuant to RCFC Rule 58.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Bryant G. Snee
BRYANT G. SNEE
Deputy Director

/s Douglas K. Mickle

DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tele: (202) 307-0383
Fax: (202) 353-7988

OF COUNSEL:

KELLY L. McGOVERN
Major, USA
Military Personnel Branch
Army Litigation Division
Arlington, VA

SCOTT LAFFERTY
Senior Associate Counsel
Office of General Counsel
Military and Civilian Pay Law Directorate
Defense Finance and Accounting Service
Cleveland, Ohio

May 19, 2008

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 19, 2008, a copy of the foregoing "**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT"** with its accompanying appendix was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas K. Mickle
Douglas K. Mickle